1  JEFFREY D. WOHL (Cal. State Bar No. 96838)
   KATHERINE L. KETTLER (Cal. State Bar No. 215417)
2  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street, 24th Floor
3  San Francisco, California  94105
   Telephone: (415) 856-7000
4
   Attorneys for Defendant
5  Rite Aid Corporation.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAG TIERNO, individually and on behalf of all others similarly-situated, | No. |
| Plaintiffs, | **NOTICE OF REMOVAL OF ACTION** |
| vs. | |
| RITE AID CORPORATION, and DOES 1 through 25, inclusive, | |
| Defendants. | |

1    To the Clerk of Court, plaintiff Prag Tierno, and plaintiff's attorneys of record:

2    PLEASE TAKE NOTICE that on June 21, 2005, defendant Rite Aid Corporation ("Rite Aid") removed this action from the Superior Court of California in and for the County of Alameda (the "Superior Court") to this Court, based on diversity of citizenship jurisdiction under 28 U.S.C. section 1332 (as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, § 4(a), 119 Stat. 9) and section 1441(a) and (b); and, in support of removal, Rite Aid alleges as follows:

1.    On May 9, 2005, plaintiff Prag Tierno commenced a civil action in the Superior Court entitled "*Prag Tierno, individually and on behalf of all others similarly-situated, Plaintiffs, vs. Rite Aid Corporation, and Does 1 through 25, Defendants,*" No. RG-05211860 (the "Action"). True copies of the complaint plaintiff filed in the Action (the "Complaint"), the summons issued on the Complaint, and other papers in the Action received by Rite Aid are attached to this notice of removal as Exhibit A. The allegations of the Complaint are incorporated into this notice by this reference without necessarily admitting the truth of any of them.

2.    The Complaint asserts four causes of actions for (1) Unfair Business Practices Under the Unfair Competition Act (Cal. Bus. & Prof. Code §§ 17200-17208), (2) Unlawful Failure to Pay Required Overtime (Cal. Lab. Code § 510), (3) Failure to Provide Meal and Rest Periods (Cal. Lab. Code §§ 226.7, 512), and (4) Failure to Provide Accurate Itemized Wage Statements (Cal. Lab. Code § 226).

3.    On June 1, 2005, Rite Aid acknowledged service of process by mail of copies of the Complaint, the summons issued on the Complaint, and the other papers comprising Exhibit A to this Notice of Removal. Attached to this notice as Exhibit B is a copy of Rite Aid's acknowledgment of service of process. The Complaint is the initial pleading setting forth the claim for relief upon which this action is based and may be removed. Furthermore, Rite Aid is the only named defendant and the only defendant that has been served in the Action. Accordingly, this Notice of Removal is being filed with thirty (30) days after service of the initial pleading upon Rite Aid and is timely filed pursuant to 28 U.S.C. section 1446(b).

///

1  4. On June 20, 2005, Rite Aid timely answered the Complaint in the Superior Court. A true copy of the answer is attached to this Notice of Removal as Exhibit C.

5. Exhibits A, B, and C comprise all of the papers that Rite Aid received or filed in the Action.

6. Venue of this Action is properly laid in this District pursuant to 28 U.S.C. section 1441(a) because the Superior Court is located within this District.

7. This Action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. sections 1331 and 1332, and may be removed to this Court pursuant to 28 U.S.C. sections 1441(a) and (b), on the following separate and independent grounds:

8. This Action is properly removed to this Court under the new rules for diversity of citizenship jurisdiction under the Class Action Fairness Act of 2005, Pub. L. 109-2, § 4(a), 119 Stat. 9.

9. The Class Action Fairness Act of 2005 amended 28 U.S.C. section 1332 to provide that a purported class action is removable to federal court if (a) the proposed class members number at least 100; (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; (c) and any member of the proposed class members is a citizen of a state different from any defendant.

10. The proposed class members number in excess of 100. Declaration of Jason Linsey in Support of Notice of Removal ("Linsey Decl."), ¶ 4, attached to this notice as Exhibit D.

11. Rite Aid is informed and believes (in part based on the fact that each of them was employed by Rite Aid in the State of California) that at time this Action was commenced, plaintiff and more than two-thirds of the proposed class members were citizens of the State of California within the meaning of 28 U.S.C. section 1332(a). *See* Complaint, ¶ 21 (alleging that class should be defined, in part, as "all person who are/were employed as a Store Manager position by Rite Aid Corporation, in one or more of Rite Aid Corporation's California retail drugstores").

///

12. Rite Aid is now, and was at the time this Action was commenced, a citizen of states other than the State of California within the meaning of 28 U.S.C. section 1332(c)(1) because Rite Aid is now, and was at the time this Action commenced, a corporation incorporated under the laws of the state of Delaware with its principal place of business in the State of Pennsylvania. Linsey Decl., ¶ 2.

13. Accordingly, at least one plaintiff and one defendant are citizens of different states.

14. The amount in controversy in this Action exceeds $5,000,000, exclusive of interest and costs, based on the alleged value of plaintiffs' claims for overtime compensation, penalties for missed meal and rest periods, and waiting-time penalties under California Labor Code sections 201-203.

15. In the Complaint, plaintiff alleges that Rite Aid violated California Business and Professions Code section 17200 and California Labor Code sections 201, 202, 203, 226, 510, 226.7, and 512. *See* Complaint, First through Fourth Causes of Action. Based on these alleged violations, plaintiff seeks to recover unpaid overtime, waiting-time penalties, and various other penalties and restitution against Rite Aid for himself and the proposed class. *See* Complaint, ¶¶ 35-49, Prayer for Relief, ¶¶ 7, 8.

16. Based on a proposed class that exceeds 900 members, their average salary, and the amount of alleged unpaid overtime compensation that plaintiff seeks to recover, the amount in controversy in this action exceeds $5,000,000, exclusive of interest and costs. *See* Linsey Decl., ¶ 5.

17. Therefore the amount in controversy required to establish compliance with the Class Action Fairness Act of 2005 is satisfied and the Action also may be removed to this Court on grounds of diversity of citizenship jurisdiction.

Dated: June 21, 2005.

JEFFREY D. WOHL
KATHERINE L. KETTLER
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: /s/ _____
Jeffrey D. Wohl
Attorneys for Defendant Rite Aid Corporation

-3-   NOTICE OF REMOVAL OF ACTION
U.S.D.C., N.D. Cal., No. C-05-____-___

SF/366016.2

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California. I am over the age of 18, and not a party to the within action. My business address is 55 Second Street, Twenty-Fourth Floor, San Francisco, California 94105-3441.

On June 21, 2005, I served the foregoing document described as:

- **NOTICE OF REMOVAL OF ACTION**

on the interested parties by placing a true and correct copy thereof in a sealed envelope addressed as follows:

Scott Edward Cole
Clyde H. Charlton
Matthew R. Bainer
Scott Cole & Associates, Inc.
1970 Broadway, Suite 950
Oakland, CA 94612

☐ **VIA OVERNIGHT MAIL:**

VIA _____:By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

☒ **VIA U.S. MAIL:**

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on June 21, 2005 with postage thereon fully prepaid, at San Francisco, California.

☐ **VIA PERSONAL DELIVERY:**

I personally delivered such sealed envelope(s) by hand to the offices of the addressee(s) pursuant to CCP § 1011.

☐ **VIA FACSIMILE:**

The facsimile transmission report indicated that the transmission was complete and without error. The facsimile was transmitted to Facsimile # _____ on June 21, 2005 at _____. A copy of that report, which was properly issued by the transmitting machine, is attached hereto. **[Permitted by written agreement of the parties.]**

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on June 21, 2005, at San Francisco, California.

_____
Meredith Mitchell

SF/369448.1

NOTICE OF REMOVAL OF ACTION
U.S.D.C., N.D. Cal., No. C-05-____-___