# EXHIBIT A



*4041089*

1  Scott Edward Cole, Esq. (S.B. #160744)
   Clyde H. Charlton, Esq. (S.B. #127541)
2  Matthew R. Bainer, Esq. (S.B. #220972)
   **SCOTT COLE & ASSOCIATES, APC**
3  1970 Broadway, Suite 950
   Oakland, California 94612
4  Telephone: (510) 891-9800
   Facsimile: (510) 891-7030
5  web:   www.scalaw.com

6  Attorneys for Representative Plaintiff
   and the Plaintiff Class

7

**FILED**
ALAMEDA COUNTY

MAY 0 9 2005

Exec. Off/Clerk.

By _____

8                IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    IN AND FOR THE COUNTY OF ALAMEDA

10

11  PRAG TIERNO, individually, and on          )   Case No.: *RG* 05211860
    behalf of all others similarly situated,   )
12                                             )   **CLASS ACTION**
                           Plaintiffs,         )
13  vs.·                                       )   **COMPLAINT FOR DAMAGES,**
                                               )   **INJUNCTIVE RELIEF AND RESTITUTION**
14  RITE AID CORPORATION, and DOES             )
    1 through 25, inclusive,                   )
15                                             )
                           Defendants.         )
16  _____   )

17

18  Representative Plaintiff alleges as follows:

19

20                       **PRELIMINARY STATEMENT**

21       1.      This is a class action, under Code of Civil Procedure § 382, seeking unpaid wages,

22  including unpaid overtime compensation and interest thereon, rest and meal period penalties, waiting

23  time penalties, injunctive and other equitable relief and reasonable attorneys' fees and costs, under,

24  *inter alia*, California Code of Civil Procedure § 382, Labor Code §§ 201, 202, 203, 218.5, 226,

25  226.7, 512, 1174 and 1194, and CCP § 1021.5, on behalf of Plaintiff and all other persons who are

26  or have been employed by defendant RITE AID CORPORATION and DOES 1 through 25, inclusive

27  (collectively "RITE AID") in any of RITE AID's retail drugstores in the State of California at any

28  time after the commencement of the pay period including May 9, 2001 as an allegedly-overtime

*SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800*

1  exempt salaried Store Manager. The Representative Plaintiff, on behalf of himself and the Class

2  Members, also seeks injunctive relief and restitution of all benefits RITE AID has enjoyed from its

3  failure to pay overtime compensation under Business and Professions Code §§ 17200-17208.

4       2.    The Class Period is designated as the time from at least the commencement of the pay

5  period including May 9, 2001 through the trial date and each period is based upon the allegation that

6  these respective violations of California's wage and hour laws, as described more fully below, have

7  been ongoing since at least these dates. During the Class Period, RITE AID has had a consistent

8  policy of (1) permitting, encouraging, and/or requiring their allegedly-overtime exempt salaried Store

9  Managers, including Representative Plaintiff and Class Members, to work in excess of eight hours

10  per day and in excess of forty hours per week without paying them overtime compensation as

11  required by California state wage and hour laws; (2) unlawfully denying the Representative Plaintiff

12  and the Class Members statutorily-mandated meal and rest periods; (3) willfully failing to pay

13  compensation (including unpaid overtime) owing in a prompt and timely manner to the

14  Representative Plaintiff and/or those Class Members whose employment with RITE AID terminated;

15  and (4) willfully failing to provide Plaintiff and the Class Members with accurate semimonthly

16  itemized statements of the total number of hours each of them worked, the applicable deductions and

17  the applicable hourly rates in effect during the pay period.

18

19                          ***INTRODUCTION***

20       3.    Nearly a hundred years ago, California enacted its first daily overtime law, thereby

21  setting California's first workday standard, long before the federal government enacted overtime

22  protections for workers.

23       4.    According to findings of the California Legislature, numerous studies have linked

24  long work hours to increased rates of accident and injury and a loss of family cohesion when either

25  or both parents are kept away from home for extended periods of time, on either a daily or weekly

26  basis.

27       5.    Since its inception, defendant RITE AID has offered a wide range of merchandise to

28  the public, including food items, housewares, seasonal goods, candy, toys, health and beauty care,

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL. (510) 891-9800

1   gifts, party goods, stationery, magazines, personal accessories, and other consumer items.

2   Representative Plaintiff is informed and believes and, based thereon, alleges that, within the class

3   period, RITE AID has operated numerous retail drugstores throughout the State of California. In so

4   doing, RITE AID has employed hundreds, if not thousands, of individuals in recent years alone in

5   salaried Store Manager positions, employment positions which have not and currently do not meet

6   the test for exemption from the payment of overtime wages.

7        6.     Despite actual knowledge of these facts and legal mandates, RITE AID has enjoyed

8   an advantage over its competition and a resultant disadvantage to its workers by electing not to pay

9   premium (overtime) and/or "penalty" (a.k.a. "waiting time") wages to Store Managers nor has it

10   provided them with statutorily-mandated meal and rest periods or accurate and complete

11   semimonthly itemized statements.

12        7.     Representative Plaintiff is informed and believes and, based thereon, alleges that

13   officers of RITE AID knew of these facts and legal mandates, yet, nonetheless, repeatedly authorized

14   and/or ratified the violation of the laws cited herein.

15        8.     Despite RITE AID's knowledge of the Plaintiff Class' entitlement to premium

16   (overtime) pay for excess hours worked and to meal and rest periods, RITE AID failed to provide

17   or require the use, maintenance or submission of accurate and complete time records by members

18   of the Plaintiff Classes, in violation of California Labor Code §1174[d]). *This action is brought to*

19   *redress and end this long-time pattern of unlawful conduct.*

20

21                          **JURISDICTION AND VENUE**

22        9.     This Court has jurisdiction over Representative Plaintiff's and Class Members' claims

23   for unpaid overtime wages under Labor Code § 1194, for penalties for failure to provide meal and

24   rest periods under Labor Code §§ 226.7 and 512, for penalties for failure to pay wages of discharged

25   employees under Labor Code § 203 and for penalties for failure to provide itemized statements of

26   actual hours worked and all applicable hourly rates under Labor Code § 226.

27        10.     This Court has jurisdiction over Representative Plaintiff's and Class Members' claims

28   for injunctive relief, and restitution of ill-gotten benefits arising from defendant RITE AID's

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 750
OAKLAND, CA 94612
TEL. (510) 891-9800

1   unlawful business practices under Business & Professions Code §§ 17203 and 17204.

2         11.     Venue as to each Defendant is proper in this judicial district, pursuant to Code of

3   Civil Procedure § 395(a). Defendant RITE AID operates retail drugstores in Alameda County, and

4   transacts business, has agents, and is otherwise within this Court's jurisdiction for purposes of

5   service of process. The unlawful acts alleged herein have a direct effect on *Representative Plaintiff*

6   *and those similarly situated* within the State of California and within Alameda County. Defendant

7   RITE AID operates said retail supermarkets and has employed numerous Class Members in Alameda

8   County.

9

10                                   **PLAINTIFFS**

11         12.     During a portion of the herein-relevant time period, the Representative Plaintiff

12   identified herein was and is a natural person, and was, during the relevant time period identified

13   herein, employed by defendant RITE AID as an allegedly-overtime-exempt salaried Store Manager,

14   an employment position which was mis-classified as salaried/exempt from overtime pay.

15         13.     As used throughout this Complaint, the terms "Plaintiffs" and/or "Class(es)" refer to

16   the named plaintiff herein as well as each and every person eligible for membership in one or more

17   of the Plaintiff Class, as further described and defined below.

18         14.     The Plaintiff Class consists, generally, of all members who are/were employed as

19   salaried Store Managers of RITE AID, and were classified thereby as overtime-exempt employees

20   at any time between the commencement of the pay period including May 9, 2001 and the present.

21         15.     At all times herein relevant, the Representative Plaintiff was and now is a person

22   within the Classes of persons further described and defined herein.

23         16.     The Representative Plaintiff brings this action on behalf of himself and as a class

24   action, pursuant to California Code of Civil Procedure §382, on behalf of all persons or entities

25   similarly situated and proximately damaged by the unlawful conduct described herein.

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 930
OAKLAND, CA 94612
TEL: (510) 891-9800

## DEFENDANTS

17.     At all times herein relevant, defendants RITE AID CORPORATION and Does 1 through 25, inclusive (collectively referred to as "RITE AID" and/or "Defendant") were corporations, duly licensed and located and doing business in, but not limited to, the County of Alameda, in the State of California.

18.     Those defendants identified as Does 1 through 25, inclusive, are and were, at all relevant times herein-mentioned, officers, directors and/or managing agents of some/each of the remaining defendants.

19.     Representative Plaintiff is unaware of the true names and capacities of those defendants sued herein as Does 1 through 25, inclusive and, therefore, sues these defendants by such fictitious names.  Representative Plaintiff will seek leave of court to amend this Complaint when same are ascertained.  Representative Plaintiff is informed and believes and, on that basis, alleges that each of the fictitiously-named defendants is responsible in some manner for, gave consent to, ratified and/or authorized the conduct herein alleged and that Representative Plaintiff's and Class Members' damages, as herein alleged, were proximately caused thereby.

20.     Representative Plaintiff is informed and believes and, on that basis, alleges that, at all relevant times herein mentioned, each of the defendants was the agent and/or employee of each of the remaining defendants and, in doing the acts herein alleged, was acting within the course and scope of such agency and/or employment.

## CLASS ACTION ALLEGATIONS

21.     Representative Plaintiff PRAG TIERNO brings this action on behalf of himself and as a class action on behalf of all persons or entities similarly situated and proximately damaged by RITE AID's conduct as set forth herein, including, but not necessarily limited to the following Class:

> All persons who are/were employed as a Store Manager position by Rite Aid Corporation, in one or more of Rite Aid Corporation's California retail drugstores and who were classified as overtime-exempt employees at any time between May 9, 2001 and the present.

22.     Defendants, their officers and directors are excluded from the Class.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL. (510) 891-9800

23.     This action has been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed classes are easily ascertainable.

a.      <u>Numerosity</u>: *A class action is the only available method for the fair and efficient adjudication of this controversy.* The members of the class are so numerous that joinder of all members is impractical, if not impossible, insofar as Representative Plaintiff is informed and believes and, on that basis, alleges that the total membership in the class is in the thousands of individuals. Membership in the Class will be determined upon analysis of employee and payroll, among other, records maintained by RITE AID.

b.      <u>Commonality</u>: The Representative Plaintiff and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

i.      whether defendant RITE AID violated IWC Wage Orders and/or Labor Code § 510 by failing to pay overtime compensation to Store Managers who worked in excess of forty hours per week and/or eight hours per day.

ii.     whether defendant RITE AID violated Business and Professions Code § 17200 by failing to pay overtime compensation to Store Managers who worked in excess of forty hours per week and/or eight hours per day.

iii.    whether defendant RITE AID violated Labor Code §§ 226.7 and/or 512 by failing to consistently provide meal and rest periods to its Store Managers.

iv.     whether defendant RITE AID violated Labor Code § 1174 by failing to keep accurate records of employees' hours of work.

v.      whether defendant RITE AID violated Labor Code §§ 201-203 by failing to pay overtime wages due and owing at the time that certain Class Members' employment with Defendant terminated.

vi.     whether defendant RITE AID violated Labor Code § 226 by failing to provide the semimonthly itemized statements to Class Members of total hours worked by each and all applicable hourly rates in effect during the pay period.

vii.    whether Representative Plaintiff and the Class are

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL. (510) 891-9800

1    entitled to "waiting time" penalties, pursuant to Labor
Code § 203.

2

c.    Typicality: The Representative Plaintiff's claims are typical
3    of the claims of the Class.  The Representative Plaintiff and
all members of the Class sustained injuries and damages
4    arising out of and caused by defendant RITE AID's common
course of conduct in violation of law, as alleged herein.

5

d.    Superiority of Class Action:  Since the damages suffered by
6    individual Class Members, while not inconsequential, may be
relatively small, the expense and burden of individual
7    litigation by each member makes or may make it impractical
for members of the Class to seek redress individually for the
8    wrongful conduct alleged herein.  Should separate actions be
brought or be required to be brought by each individual
9    member of the Class, the resulting multiplicity of lawsuits
would cause undue hardship and expense for the Court and
10    the litigants. The prosecution of separate actions would also
create a risk of inconsistent rulings, which might be
11    dispositive of the interests of other Class Members who are
not parties to the adjudications and/or may substantially
12    impede their ability to adequately protect their interests.

13

c.    Adequacy of Representation: The Representative Plaintiff in
14    this class action is an adequate representative of the Class, in
that the Representative Plaintiff's claims are typical of those
15    of the Class and the Representative Plaintiff has the same
interests in the litigation of this case as the Class Members.
16    The Representative Plaintiff is committed to vigorous
prosecution of this case, and has retained competent counsel,
17    experienced in litigation of this nature.  The Representative
Plaintiff is not subject to any individual defenses unique from
18    those conceivably applicable to the Class as a whole.  The
Representative Plaintiff anticipates no management
difficulties in this litigation.

19

20    ## COMMON FACTUAL ALLEGATIONS

21    24.    As described herein, RITE AID has, for years, knowingly failed to adequately

22    compensate Store Managers within the class definition identified above for premium (overtime)

23    wages due, thereby enjoying a significant competitive edge over other retail drugstore chains. Even

24    upon termination or resignation of the employment of numerous class members, RITE AID has

25    declined to pay these wages, in blatant violation of California Labor Code §§ 201 and/or 202.

26    25.    Furthermore, despite its knowledge of the Representative Plaintiff's and the Class

27    Members' entitlement to premium (overtime) pay for excess hours worked, RITE AID violated

28    California Labor Code §1174[d] by failing to provide or require the use, maintenance or submission

1    of time records by members of the Plaintiff Class. RITE AID also failed to provide Representative

2    Plaintiff and members of the Class with accurate semimonthly itemized statements of the total

3    number of hours worked by each and all applicable hourly rates in effect during the pay period in

4    violation of California Labor Code § 226. In so doing, RITE AID has not only failed to pay its

5    workers the full amount of compensation due, it has, until now, effectively shielded itself from its

6    employees' scrutiny for its unlawful conduct by concealing the magnitude (i.e., the full number of

7    hours worked) and financial impact of its wrongdoing.

8         26.    California Labor Code §§ 201 and 202 require defendant RITE AID to pay its

9    employees all wages due immediately upon discharge. California Labor Code § 203 provides that,

10   if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to

11   pay the subject employees' wages until the back wages are paid in full or until an action is

12   commenced. The penalty cannot exceed 30 days of wages.

13        27.    Representative Plaintiff and all persons similarly situated are entitled to unpaid

14   compensation, yet, to date, have not received such compensation. More than 30 days have passed

15   since certain class members have left defendant RITE AID's employ.

16        28.    As a consequence of defendant RITE AID's willful conduct in not paying

17   compensation for all hours worked and not paying for denied meal and rest periods, certain class

18   members are entitled to 30 days wages as a penalty under Labor Code section 203, together with

19   interest thereon and attorneys' fees and costs.

20        29.    As a direct and proximate result of RITE AID's unlawful conduct, as set forth herein,

21   Representative Plaintiff and particular Class Members have sustained damages, as described above,

22   including, but not limited to a loss of earnings for hours of overtime worked on behalf of Defendants,

23   in an amount to be established at trial.   As a further direct and proximate result of Defendant's

24   unlawful conduct, as set forth herein, certain Class Members herein are entitled to recover "waiting

25   time" penalties/wages (pursuant to California Labor Code § 203) and penalties for failure to provide

26   semimonthly statements of actual hours worked and all applicable hourly rates (pursuant to Labor

27   Code § 226) in an amount to be established at trial. As a further direct and proximate result of

28   Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and the Class are also

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800

1  entitled to recover costs and attorneys' fees, pursuant to statute.

2

## FIRST CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT
### (California Business & Professions Code §§ 17200-17208)

5      30.    Representative Plaintiff incorporates in this cause of action each and every allegation

6  of the preceding paragraphs, with the same force and effect as though fully set forth herein.

7      31.    Representative Plaintiff further brings this cause of action on behalf of the general

8  public, seeking equitable and statutory relief to stop the misconduct of Defendant, as complained of

9  herein, and to seek restitution from Defendant through the unfair, unlawful and fraudulent business

10  practices described herein.

11      32.    The knowing conduct of Defendant, as alleged herein, constitutes an unlawful and/or

12  fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-17208.

13  Specifically, Defendant conducted business activities while failing to comply with the legal mandates

14  cited herein.

15      33.    Defendant's knowing failure to adopt policies in accordance with and/or adhere to

16  these laws, all of which are binding upon and burdensome to Defendant's competitors, engenders

17  an unfair competitive advantage for Defendant, thereby constituting an unfair business practice, as

18  set forth in California Business & Professions Code §§ 17200-17208.

19      34.    Defendant has clearly established a policy of accepting a certain amount of collateral

20  damage, as represented by the damages to Representative Plaintiff and the Plaintiff Class herein

21  alleged, as incidental to its business operations, rather than accept the alternative costs of full

22  compliance with fair, lawful and honest business practices ordinarily borne by responsible

23  competitors of Defendant and as set forth in legislation and the judicial record.

24

## SECOND CAUSE OF ACTION
## UNLAWFUL FAILURE TO PAY REQUIRED OVERTIME
### (California Labor Code § 510)

27      35.    Representative Plaintiff incorporates in this cause of action each and every allegation

28  of the preceding paragraphs, with the same force and effect as though fully set forth herein.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800

36.     During the time period beginning as of the commencement of the pay period including May 9, 2001 and continuing through the present, Representative Plaintiff and the Class Members worked in excess of eight hours in a workday and/or forty hours in a workweek.  The precise number of hours will be proven at trial.

37.     During said time period, defendant RITE AID refused to compensate Representative Plaintiff and the Class Members for some and/or all of the overtime wages earned in violation of applicable Wage Order(s) and the California Labor Code.

38.     During said time period, particular Class Members herein were employed by and were thereafter terminated or resigned from their positions with RITE AID, yet were not paid all premium (overtime) and/or other wages due upon said termination or within seventy-two hours of said resignation of employment therefrom.  Said non-payment was the direct and proximate result of a willful refusal to do so by Defendant.

39.     At all relevant times, Defendant was aware of and was under a duty to comply with various provisions of the California Labor Code.  Some of these Labor Code provisions include(d):

a.      Labor Code §203:     "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

b.      Labor Code § 226:    "Every employer shall semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing . . . (2) total hours worked by the employee . . . and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

c.      Labor Code §510:     "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day or work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee . . . ."

d.      Labor Code § 1194:   "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800

e.   Labor Code §1198:   "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees.  The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

f.   Labor Code §1199:   "Every employer or other person acting either individually or as an officer, agent, or employee of another person is guilty of a misdemeanor and is punishable by a fine of not less than one hundred dollars ($100) or by imprisonment for not less than 30 days, or by both, who . . . (a) Requires or causes any employee to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission. . . .[or] (c) Violates or refuses or neglects to comply with any provision of this chapter or any order or ruling of the commission."

40.   By refusing to compensate Representative Plaintiff and the Class Members for overtime wages earned, Defendant violated those California Labor Code provisions cited herein, as well as various IWC Wage Order provisions.

41.   As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and the Class Members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant, in an amount to be established at trial.  As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, some Class Members are entitled to recover "waiting time" penalties/wages, in an amount to be established at trial, as well as costs and attorneys' fees, pursuant to statute.

### THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL AND REST PERIODS
### (California Labor Code §§ 226.7 and § 512)

42.   Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

43.   California Labor Code § 512 provides:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal

1    period may be waived by mutual consent of the employer and the
     employee only if the first meal period was not waived.

2

3        44.    At all relevant times, Defendant was aware of and was under a duty to comply with

4    California Labor Code § 512 as well as California Labor Code § 226.7.

5        45.    Specifically, California Labor Code § 226.7 provides:

6            (a) No employer shall require any employee to work during any meal
             or rest period mandated by an applicable order of the Industrial

7            Welfare Commission.

8            (b) If an employer fails to provide an employee a meal period or rest
             period in accordance with an applicable order of the Industrial

9            Welfare Commission, the employer shall pay the employee one
             additional hour of pay at the employee's regular rate of compensation

10           for each work day that the meal or rest period is not provided.

11       46.    One or more Industrial Welfare Commission Wage Orders mandates that Defendant

12   authorize and permit ten minutes of "net rest time" for every four hours of work "or major fraction

13   thereof" for non-exempt employees such as Representative Plaintiff and members of the Plaintiff

14   Classes.

15       47.    By failing to consistently provide meal and rest periods to Representative Plaintiff

16   and Class Members, Defendant violated these California Labor Code provisions.

17       48.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein,

18   Representative Plaintiff and the Class Members have sustained damages, including loss of earnings,

19   in an amount to be established at trial.   As a further direct and proximate result of Defendant's

20   unlawful conduct, as set forth herein, Representative Plaintiff and the Class Members are entitled

21   to recover various penalties, in an amount to be established at trial, as well as costs and attorneys'

22   fees, pursuant to statute.

23

24                          **FOURTH CAUSE OF ACTION**
           **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
25                       **(California Labor Code § 226)**

26       49.    Representative Plaintiff incorporates in this cause of action each and every allegation

27   of the preceding paragraphs, with the same force and effect as though fully set forth herein.

28       50.    California Labor Code § 226(a) provides:

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800

1   Each employer shall semimonthly, or at the time of each payment of wages, furnish each of his or her employees either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized wage statement in writing showing: (1) gross wages earned; (2) total number of hours worked by each employee whose compensation is based on an hourly wage; (3) all deductions; provided, that all deductions made on written orders of the employee may be aggregated and shown as one item; (4) net wages earned; (5) the inclusive date of the period for which the employee is paid; (6) the name of the employee and his or her social security number; and (7) the name and address of the legal entity which is the employer.

8   51.   California Labor Code § 226(e) provides:

9   An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

13   52.   Representative Plaintiff seeks to recover actual damages (including prospective damages associated with filing restatements of earnings with taxing and/or other authorities), costs and attorneys' fees under this section on behalf of himself and the Plaintiff Class.

16   53.   Defendant RITE AID failed to provide timely, accurate and complete itemized wage statements to Representative Plaintiff and the Plaintiff Class in accordance with Labor Code § 226(a). Plaintiffs have suffered injuries due to this unlawful conduct insofar as they have lost use of the compensation due, were forced to bring this action to redress these violations, were forced to file inaccurate wage information with government agencies and, should *this action be successful*, *may be required to restate earnings for prior years and/or incur time and costs in so doing.*

22   54.   None of the statements provided by Defendant has accurately reflected total number of hours worked, actual gross wages earned, net wages earned, or the appropriate deductions.

25   **RELIEF SOUGHT**

26   **WHEREFORE, the Representative Plaintiff**, on behalf of himself and the proposed **Class**, prays for judgment and the following specific relief against **Defendants, and each of them**, jointly and separately, as follows:

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL. (510) 891-9800

1.    For an Order certifying the proposed Class and/or any other appropriate subclasses under Code of Civil Procedure § 382;

2.    That defendant RITE AID is found to have violated the overtime provisions of the Labor Code as to the Representative Plaintiff and the Class;

3.    That defendant RITE AID is found to have violated Labor Code §§ 226.7 and 512 for willful failure to provide meal periods, including second meal periods, and rest periods;

4.    That defendant RITE AID is found to have violated the record keeping provisions of Labor Code §§ 226(a) and 1174(d) as to Representative Plaintiff and the Class and for willful failure to provide accurate semimonthly itemized statements thereto;

5.    That defendant RITE AID is found to have violated Labor Code §§ 201 and 202 for willful failure to pay all compensation owed at the time of termination of employment to particular members of the Plaintiff Class;

6.    That defendant RITE AID is found to have violated Business and Professions Code § 17200 by failing to pay Representative Plaintiff and Class Members overtime compensation, "waiting time" penalties and/or by failing to provide accurate and complete itemized wage statements;

7.    An award to Representative Plaintiff and the Plaintiff Class of damages for the amount of unpaid overtime compensation, the amount of wage due as a result of Defendant's failure to provide meal and rest periods, the amount of prospective damages associated with filing restatements of earnings with taxing and/or other authorities, and related damages, including interest thereon, and penalties in an amount to be proven at trial;

8.    That defendant RITE AID be ordered to pay restitution to Representative Plaintiff and the Plaintiff Class due to defendant RITE AID's unlawful activities, pursuant to Business and Professions Code §§ 17200-08;

9.    That defendant RITE AID further be enjoined to cease and desist from unlawful activities in violation of Business and Professions Code § 17200;

10.   For all other Orders, findings and determinations identified and sought in this Complaint;

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800

1       11.    For Interest on the amount of any and all economic losses, at the prevailing legal rate;

2       12.    For reasonable Attorneys' Fees, pursuant to California Labor Code §§218.5 and 1194

3   and/or California Civil Code §1021.5; and

4       13.    For costs of suit and any and all such other relief as the Court deems just and proper.

5

6   Dated: May 9, 2005

7                                    **SCOTT COLE & ASSOCIATES, APC**

8

9                         By: _____

10                                    Matthew R. Bainer, Esq.

11                                  Attorneys for the Representative Plaintiff
    and the Plaintiff Class

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WORLD SAVINGS TOWER
1970 BROADWAY, SUITE 950
OAKLAND, CA 94612
TEL: (510) 891-9800

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
RITE AID CORPORATION, and DOES 1 through 25, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PRAG TIERNO, individually, and on behalf of all others similarly
situated.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
    Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Alameda County Superior Court<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>RG 05211860 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew R. Bainer, Esq., SCOTT COLE & ASSOCIATES, APC
1970 Broadway, Suite 950, Oakland, CA 94612 (510) 891-9800

| DATE:<br>*(Fecha)* | Clerk, by<br>*(Secretario)* Carina C. Lacap | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*:
    under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
    ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

SUMMONS

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
Matthew R. Bainer, Esq. (S.B. #220972)
SCOTT COLE & ASSOCIATES, APC
1970 Broadway, Suite 950, Oakland, CA 94612
TELEPHONE NO.: (510) 891-9800    FAX NO.: (510) 891-7030
ATTORNEY FOR (Name): Prag Tierno, et al.

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Prag Tierno, et al. v Rite Aid Corporation, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | JUDGE: DEPT: | RG 05211860 |

*All five (5) items below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not   complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [✓] Substantial post-judgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action (specify): Three (3)

5. This case [✓] is [ ] is not   a class action suit.

Date: May 9, 2005

Matthew R. Bainer, Esq.
(TYPE OR PRINT NAME)     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2003]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

Scott, Cole & Associates, APC
Attn: Cole, Scott Edward
1970 Broadway, Ste. 950
Oakland, CA  94612-0000

Rite Aid Corporation

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Tierno | No. RG05211860 |
| Plaintiff/Petitioner(s) | |
| vs. | NOTICE OF HEARING |
| Rite Aid Corporation | |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 06/03/2005    TIME: 02:00 PM    DEPARTMENT: 22
LOCATION:  Administration Building, Fourth Floor
1221 Oak Street, Oakland

Case Management Conference:
DATE: 07/05/2005    TIME: 01:30 PM    DEPARTMENT: 22
LOCATION:  Administration Building, Fourth Floor
1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 1800 et seq. and Local Rule 4.2 (Unified Rules of the Superior Court, County of Alameda), matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 22 operates a tentative ruling voice mail system at (510) 271-5106 after 5:00 p.m. two court days preceding the hearing date. Please consult Appendix E to Local Rules 4 and 5 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 22.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 22.

If the information contained in this notice requires change or clarification, please call the courtroom clerk for Department 22 at (510) 272-6157.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CONFERENCE CALL SERVICES, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 527-7327, or faxing a service request form to (800) 833-5133. This service is subject to charges by the vendor.

Dated:  05/09/2005                          Executive Officer / Clerk of the Superior Court

                                   By    _Sandra Cole_
                                                              Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

            Executed on 05/09/2005.

                                   By    _Sandra Cole_
                                                              Deputy Clerk

982(a)(4)

| NAME AND ADDRESS OF SENDER:<br>Matthew R. Bainer, Esq. (S.B. #220972)<br>SCOTT COLE & ASSOCIATES, APC<br>1970 Broadway, Suite 950<br>Oakland, CA 94612 | TELEPHONE NO.:<br>510-891-9800 | For Court Use Only: |
|---|---|---|
| Insert name of court, judicial district or branch court, if any, and Post Office and Street Address:<br>Alameda County Superior Court<br>Rene C. Davidson Courthouse<br>1225 Fallon Street<br>Oakland, CA 94612 | | |

PLAINTIFF: PRAG TIERNO, individually, and on behalf of all others similarly situated.

DEFENDANT: RITE AID CORPORATION, and DOES 1 through 25, inclusive.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT | Case Number:<br>RG05211860 |
|---|---|

TO: . . . . . . . . . . . . . . . . . . C T CORPORATION SYSTEM . . . . . . . . . . . . . . . . . . . . . . . . . .
(insert name of individual being served)

This summons and other document(s) indicated below are being served pursuant to Section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it to me within 20 days may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. Section 415.30 provides that this summons and other document(s) are deemed served on the date you sign the Acknowledgment of Receipt below, if you return this form to me.

Dated: May 11, 2005

_____
(Signature of sender)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of: (To be completed by sender before mailing)
1. [✓] A copy of the summons and of the complaint.
2. [ ] A copy of the summons and of the Petition (Marriage) and:
   [ ] Blank Confidential Counseling Statement (Marriage)
   [ ] Order to Show Cause (Marriage)
   [ ] Blank Responsive Declaration
   [ ] Blank Financial Declaration
   [✓] Other: (Specify)
   Civil Case Cover Sheet and Notice of Hearing

(To be completed by recipient)

Date of receipt: . . . . . . . . . . . . . . . . . . .

_____
(Signature of person acknowledging receipt, with title if
acknowledgment is made on behalf of another person)

Date this form is signed: . . . . . . . . . . . . . . . . . .

_____
(Type or print your name and name of entity, if any,
on whose behalf this form is signed)

| Form Adopted by the<br>Judicial Council of California<br>Revised Effective January 1, 1975<br>[982(a)(4)]<br>Mandatory Form | NOTICE AND ACKNOWLEDGMENT OF RECEIPT | CCP 415.30, 417.10<br>Cal. Rules of Court,<br>Rule 1210 |
|---|---|---|