# EXHIBIT D

1  JEFFREY D. WOHL (Cal. State Bar No. 96838)
   KATHERINE L. KETTLER (Cal. State Bar No. 215417)
2  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street, 24th Floor
3  San Francisco, California  94105
   Telephone: (415) 856-7000
4
   Attorneys for Defendant
5  Rite Aid Corporation.

6

7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 | PRAG TIERNO, individually and on       | No.
   | behalf of all others similarly-situated,|
12 |                                         | **DECLARATION OF JASON LINSEY IN
   |            Plaintiffs,                  | SUPPORT OF NOTICE OF REMOVAL OF
13 |                                         | ACTION**
   |    vs.                                  |
14 |                                         |
   | RITE AID CORPORATION, and DOES          |
15 | 1 through 25, inclusive,                |
   |                                         |
16 |            Defendants.                  |

17

18

19

20

21

22

23

24

25

26

27

28

SF/369085.1

I, Jason Linsey, declare:

1. I am the Senior Director of Payroll, Compensation and Accounting at Rite Aid Corporation ("Rite Aid"), the defendant in this action. I make this declaration in support of Rite Aid's Notice of Removal of Action. I have personal knowledge of the facts set forth in this declaration and could and would competently testify to them under oath if called as a witness.

2. Rite Aid is now and was at the time this action was commenced a corporation incorporated under the laws of the state of Delaware with its principal place of business in the State of Pennsylvania.

3. It is my understanding that in this action, plaintiff Prag Tierno contends that under California law Rite Aid should have paid plaintiff and all proposed class members ("Putative Class Members") for hours worked in excess of eight hours in a workday and/or forty hours in a work week at the rate of one-and-a-half times the Putative Class Member's regular rate of hourly pay.

4. Based upon my review of corporate data compiled by Rite Aid's human resources department, I am familiar with the number of Putative Class Members employed by Rite Aid over the past four years, which comes close to 1,000. (Rite Aid currently employs approximately 647 Putative Class Members). Although, due to the shortness of time in preparing this declaration in support of Rite Aid's Notice of Removal, I was not able to obtain precise calculations, based on the data currently available to me (including number of employees, their wage rates, and number of days the Putative Class Members received pay for work as a store managers), I have an adequate basis to make the following statement:

5. Although it is my understanding that plaintiff's complaint does not specify how many overtime hours the Putative Class allegedly worked, even if the assumption were made that each Putative Class member worked only one hour of overtime per work week during the period of his or her employment during the four-year time period for which plaintiff sues, if the Putative Class Members were eligible to receive overtime wages for such overtime hours, the dollar value of such wages during the past four-year time period would exceed $5,000,000, exclusive of interest.

SF/369085.1

LINSEY DECL. IN SUPPORT OF REM.
U.S.D.C., N.D. Cal., No. C-05-____-____

1  Executed on June 17, 2005, at Camp Hill, Pennsylvania.

2  I declare under penalty of perjury and the laws of the United States of America that the

3  foregoing is true and correct.

4  _____
                    Jason Linsey

-2- LINSEY DECL. IN SUPPORT OF REM.
U.S.D.C., N.D. Cal., No. C-05-____-___

SF/369085.1