1  SCOTT EDWARD COLE (Cal. State Bar No. 160744)
   CLYDE H. CHARLTON (Cal. State Bar No. 127541)
2  MATTHEW R. BAINER (Cal. State Bar No. 220972)
   SCOTT COLE & ASSOCIATES, APC
3  1970 Broadway, Suite 950
   Oakland, CA 94612
4  Telephone: (510) 891-9800
   Facsimile: (510) 891-7030
5
   Attorneys for Plaintiff
6  Prag Tierno

7  JEFFREY D. WOHL (Cal. State Bar No. 96838)
   KATHERINE L. KETTLER (Cal. State Bar No. 215417)
8  JULIE A. WILKINSON (Cal. State Bar No. 209180)
   PAUL, HASTINGS, JANOFSKY & WALKER LLP
9  55 Second Street, 24th Floor
   San Francisco, CA 94105-3441
10 Telephone: (415) 856-7000
   Facsimile: (415) 856-7100
11
   Attorneys for Defendant
12 Rite Aid Corporation

13

14                UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16

17 PRAG TIERNO, individually and on          No. C-05-02520-TEH
   behalf of all others similarly-situated,
18                                           **CONFIDENTIALITY AGREEMENT AND**
                  Plaintiffs,                **PROTECTIVE ORDER REGARDING**
19                                           **CONFIDENTIAL INFORMATION; AND**
          vs.
20                                           **[PROPOSED] ORDER ON**
   RITE AID CORPORATION, and DOES 1          **CONFIDENTIALITY AGREEMENT AND**
21 through 25, inclusive,                    **PROTECTIVE ORDER REGARDING**
                                             **CONFIDENTIAL INFORMATION**
22                Defendants.

23

24

25

26

27

28

1    Plaintiff Prag Tierno and defendant Rite Aid Corporation ("Rite Aid") (collectively referred to in

2    this agreement as the "Parties"), acting through their respective counsel of record, hereby stipulate and

3    agree to the following:

4    1.    The Parties and/or third-parties have produced or will produce, in connection with

5    discovery proceedings in this action, information and/or documents consisting of or referencing

6    confidential information, including but not necessarily limited to (1) Rite Aid's business operations;

7    (2) Rite Aid's policies; and (3) information concerning non-party Rite Aid employees.  This information

8    and documents are called "CONFIDENTIAL INFORMATION" in this stipulation.

9    2.    If CONFIDENTIAL INFORMATION has already been produced in discovery, it will be

10   deemed already so designated.  If it has not yet been produced in discovery, the Party who wishes to so

11   designate it will do so by means of written notice given to the other Party as soon as is practicable in

12   connection with its production, including but not limited to marking the document "CONFIDENTIAL

13   INFORMATION."

14   3.    To safeguard the confidentiality of CONFIDENTIAL INFORMATION, it will be

15   maintained as set forth in this agreement.

16   4.    CONFIDENTIAL INFORMATION will be used by the Parties solely for the purposes of

17   the prosecution and/or defense in this action.

18   5.    The Parties may disclose CONFIDENTIAL INFORMATION only to the following

19   persons, who will agree to maintain its confidentiality:

20   a.    counsel of record for the parties in this action, including in-house counsel, who

21   are actively engaged in the conduct of this litigation, and the partners, associates,

22   secretaries, paralegal assistants, and employees of such counsel to the extent

23   reasonably necessary to render professional services in the litigation;;

24   b.    court officials involved in this litigation (including court reporters, persons

25   operating video recording equipment at depositions, and any special master

26   appointed by the Court);

27   c.    plaintiff Prag Tierno, but only to the extent that he remains the representative

28   plaintiff in this action and remains bound to this Confidentiality Agreement;

CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER
U.S.D.C., N.D. Cal., C-05-02520-TEH

d.      witnesses, including non-party witnesses, in preparation for, and in the course of, depositions or interviews, or at trial, if, in the reasonable good faith opinion of the parties' counsel, examination with respect to such information is necessary for legitimate discovery or trial purposes;

e.      outside consultants or experts retained for the purpose of assisting counsel in the litigation;

f.      third-party contractors involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions;

g.      officers and directors of Rite Aid; and

h.      any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

6.      The Parties and their counsel are responsible for employing reasonable measures to control, consistent with this agreement, duplication of, access to, discussion of and distribution of copies of CONFIDENTIAL INFORMATION.  Prior to disclosure of CONFIDENTIAL INFORMATION to any third-party authorized to received CONFIDENTIAL INFORMATION pursuant to paragraph 5 above, such person will agree in advance to be bound by this Confidentiality Agreement by signing the attached Exhibit A.  Copies of the signed Exhibit A will be retained by counsel and made available to opposing counsel and/or the Court as may be necessary and appropriate in the event of a dispute or disagreement.

7.      In the event that a Party challenges the designation of information and/or documents as CONFIDENTIAL INFORMATION, that Party must do so in good faith and will so notify the other Party in writing.  The burden will then fall on the Party making the designation to obtain an order of the Court upholding the designation.  The designation made by the Party will be respected by the other Party, and the information and/or documents designated CONFIDENTIAL INFORMATION will not be used in a manner inconsistent with this agreement, until either (a) 15 days pass after that other Party

1   gave notice of the challenge to the designation, and the Party making the designation fails to file a

2   motion for an order of the Court upholding the designation; or (b) a motion timely made is denied by the

3   Court.

4           8.      In the event that a Party seeks to file with the Court a document containing or constituting

5   CONFIDENTIAL INFORMATION, that Party will first file the document under seal pursuant to United

6   States District Court of California, Northern California District Local Rule 79-5.  If the Court refuses to

7   uphold the confidentiality requested or accepts the documents as filed, the documents may be filed.

8           9.      Entering into, agreeing to and/or complying with the terms of this agreement will not:

9                 a.      operate as an admission that any particular designated material constitutes,

10                        contains or reflects trade secrets, proprietary or commercial information or other

11                        confidential matter;

12                 b.      prejudice in any way the right of any Party to object to the production of

13                        documents or information it considers not subject to discovery or to seek a Court

14                        determination whether particular designated material should be produced;

15                 c.      prejudice in any way the right of any Party to apply to the Court to rescind or

16                        modify the terms of this Protective Order or to move the Court for a further

17                        protective order;

18                 d.      prejudice in any way the right of any Party to use, or object to the use of, any

19                        CONFIDENTIAL INFORMATION at any hearing or at trial;

20                 e.      affect the obligations of any Party or person to comply with the terms of any

21                        compulsory process; or

22                 f.      be construed as a waiver by either Party of any discovery objection.

23         10.     This agreement will be effective from the date on which it is signed by counsel for the

24   Parties.  Upon conclusion of this action, documents containing CONFIDENTIAL INFORMATION will

25   be returned to the Party who or which produced it or it shall be destroyed not later than 30 days after a

26   final judgment or dismissal is entered.  All counsel of record will certify, in writing, compliance with

27   this requirement and will deliver the same to counsel for the party who produced the documents not

28   more than 150 days after the final termination of this litigation.

1    11.    This agreement may be signed in counterpart originals, with each having the same effect

2    as a single original.

3

4    Dated: __11/11__, 2005.    SCOTT EDWARD COLE
                                  CLYDE H. CHARLTON
5                                 MATTHEW R. BAINER
                                  SCOTT COLE & ASSOCIATES, APC
6

7                                 By:_____
                                       Matthew R. Bainer
8                                      Attorneys for Plaintiff
                                          Prag Tierno
9
     Dated: _Nov. 14_2005.    JEFFREY D. WOHL
10                                KATHERINE L. KETTLER
                                  JULIE A. WILKINSON
11                                PAUL, HASTINGS, JANOFSKY & WALKER LLP

12

13                                By:_____
                                       Jeffrey D. Wohl
14                                    Attorneys for Defendant
                                      Rite Aid Corporation
15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER
U.S.D.C., N.D. Cal., C-05-02520-TEH

LEGAL_US_W # 52853670.5

1

**Exhibit "A"**

2         By signing this document, I hereby certify that I have read the Confidentiality Agreement in

3   *Prag Tierno* v. *Rite Aid Corporation*, Case No. C05-02520-TEH, and hereby agree to abide by its terms

4   and conditions.  I also understand that any violation of the Confidentiality Agreement by me or anyone

5   acting under my direction may subject me penalties for contempt of court.  I hereby consent to the

6   Court's personal jurisdiction over me.

7

8   _____
                            SIGNATURE

9

10  _____
                          NAME (PRINTED)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**ORDER**

2

THE FOREGOING AGREEMENT IS APPROVED AND SO ORDERED.

3

4

Dated: _____ 2005.

5

6

Thelton E. Henderson
United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28