UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PRAG TIERNO,

    Plaintiff,

v.

RITE AID CORPORATION, ET AL.,

    Defendants.
_____/

No. C 05-2520 TEH (JL)

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL (Docket # 14)**

## Introduction

All discovery in this case has been referred by the district court (Hon. Thelton E. Henderson) as provided by 28 U.S.C. §636(b) and Civil Local Rule 72. The parties met and conferred but were unable to resolve their dispute.

## Background

On May 9, 2005, plaintiff filed this lawsuit in Alameda Superior Court, Case No. RG05-211860. On June 21, 2005, Rite Aid removed this action to this Court on the basis of diversity of citizenship under the Class Action Fairness Act of 2005. There are no outstanding issues regarding service of process, personal jurisdiction, or venue.

Plaintiff is a former Store Manager at a Rite Aid store in Santa Fe Springs, California. On behalf of himself and putative class members, Plaintiff asserts causes of action under California law for alleged unfair business practices, alleged failure to pay for hours worked and to provide meal and rest periods, and alleged illegal and inaccurate

recording of time worked. Plaintiff contends that Rite Aid's business practices were applied in a common manner to the class, and that the predicates for certification as a class action pursuant to FRCP 23 of numerosity, commonality, typicality and adequacy are met.

As a preliminary matter, Rite Aid denies that this action is suitable for class action treatment for a variety of reasons, including but not limited to the fact that there does not exist the required elements of numerosity, commonality, typicality and adequacy of class representation.

Rite Aid further denies plaintiff's claims on the basis that plaintiff and the putative class members were properly classified as exempt employees, were properly paid all wages owed, and were provided with meal and rest periods as required by California law. Moreover, Rite Aid contends that plaintiff cannot maintain a private right of action for Labor Code penalties.

The principal legal dispute in this matter is whether plaintiff and the putative class members were properly classified as overtime exempt employees and, if not, whether Rite Aid must compensate plaintiff and the putative class members for its alleged wage-and-hour violations. Before addressing the liability issue, the parties will present the issue of whether the putative class should be properly certified as a class by the Court. Judge Henderson bifurcated class and merits discovery. Plaintiffs' motion for class certification is set for hearing on July 17, 2006.

Judge Henderson continued the next Case Management Conference in this case to June 26, on the parties' representation that they needed this Court's decision on Plaintiffs' motion to compel before they could schedule future dates.

**Judicial Oversight of**

**Precertification communications between counsel and class members**

Rule 23(d) of the Federal Rules of Civil Procedure gives the court broad powers to make "appropriate orders" to ensure efficient and fair proceedings in a class action. Specifically, the court is authorized to enter orders:

>    (2) requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or otherwise to come into the action;
>
>    (3) imposing conditions on the representative parties or on intervenors…
>
>    (5) dealing with similar procedural matters.

Fed.R.Civ.P. 23(d).

The court's Rule 23(d) powers include the authority to enjoin communications with class members to protect them from undue interference. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981). However, such an order must be based "on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Id.* at 101. Any such order must also be "carefully drawn … [to] limit[ ] speech as little as possible, consistent with the rights of the parties under the circumstances." *Id.* at 102. An injunction restricting communications must be "the narrowest possible relief which would protect the respective parties." *Id.* (quoting with approval *Coles v. Marsh*, 560 F.2d 186, 189 (3d Cir.1977)). *Cited in In re McKesson HBOC, Inc. Securities Litigation,* 126 F.Supp.2d 1239, 1242 (N.D.Cal. 2000)

In *Parks v. Eastwood Insurance Services*, 235 F.Supp.2d 1082 (C.D. Cal. 2002) a California federal court discussed precertification communications by a *defendant* in an FLSA class action. After the initial class notice was sent, but before class members had an opportunity to opt-in, the defendant employer sent an internal memo to its employees advising them to confer with corporate counsel. Plaintiffs moved to suppress the communication. Based on review of *Gulf Oil*, other federal authorities, and California decisions, the court held that the communication was permitted because the initial FLSA notice, before the receipt of opt-in notices, was not the same as a class certification. Therefore, the employer could still communicate with its potential class member employees. *Id.* at 1084. In discussing court regulation of precertification communications in

general, the court noted that a court should carefully weigh the interests at stake and develop a clear record before engaging in such supervision. *Id.*

It is important to note that a court finding that no regulation is appropriate applies to both plaintiffs and defendants. In precertification communications, the potential plaintiffs are not "represented parties" for the purposes of California State Bar Rules of Professional Conduct, rule 2-100. *See Koo v. Rubio's Restaurant Corp.*, 109 Cal.App.4th 719 (2003); *Parks*, 235 F.Supp.2d at 1083. This means that both sides should have equal access and freedom to communicate with potential class members in the precertification stage because "both sides should be permitted to investigate the case fully." *Atari, Inc. v. Superior Court* (1985) 166 Cal.App.3d 867, 871; *Parks*, 235 F.Supp.2d at 1083. Thus, while any limits on precertification communication will apply to both sides, the freedom to communicate without court intervention will also apply to defendants and plaintiffs alike.

In the case at bar, Rite Aid has already initiated contacts with its employees, asking them to complete surveys and be interviewed by Rite Aid attorneys. Thus Rite Aid has gotten a head start on Plaintiffs in building its defense. If Rite Aid's attorneys may contact its employees then certainly Plaintiffs' attorneys may.

A district court may enter an order restricting access to class members, but only on a showing of harassment or prejudice. The Supreme Court in the *Gulf Oil* case noted that district courts have "both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." However, the Court cautioned that district court discretion "is not unlimited." Rather, this discretion "is bounded by the relevant provisions of the Federal Rules," and is "subject to appellate review." The Court observed that the district court's order had interfered with class counsel's ability to inform class members about the lawsuit and to obtain information about the merits of the case from class members. Due to these potential problems, the Court stated that courts should weigh both the need for a limitation and the potential interference with the rights of the parties. Any limitation "should result in a carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under

the circumstances."

## Discovery Requests and Responses and Argument

Plaintiffs' discovery requests and Rite Aid's responses and the parties' arguments are:

**Interrogatory 1:** Identify each person who holds, or has held, at any time during the class period, any employment position referenced in the Complaint.

**Rite Aid's Response:** Objects as vague and ambiguous as to the tern "employment position." Also objects on grounds that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the individuals' constitutional, statutory or common law rights to personal privacy and confidentiality.

Rita Aid referred Plaintiffs to a list of Store Managers employed in the State of California since May 9, 2001, RA06033 to RA05053. This response contains only employee numbers, not their names, addresses or telephone numbers requested by Plaintiffs in order to "identify" potential class members. The numbers alone provide no identifying information and are useless to Plaintiffs.

Rita Aid proposes to contact potential class members and ask for their written consent to be contacted by Plaintiffs' counsel, before they will provide the contact information. Rite Aid itself has already used its position as the class members' employer to obtain "surveys" which will provide Rite Aid with support for its defense. (Fairman Depo. 133:7-134:15). Rite Aid also allowed its own counsel to issue unsolicited requests to employees for interviews with Rite Aid attorneys. (Fairman Depo. 130:3-24).

## Analysis and Conclusion re Interrogatory 1

California and federal courts have held that under Rule 23(d), Federal Rules of Civil Procedure, a district court has the right and the obligation to enter orders to facilitate class actions, including ordering defendants to assist Plaintiffs' counsel in identifying and notifying members of the putative class. Courts rejected allegations of violation of class

members' privacy and required a strong showing of burden or abuse before modifying or denying a request to compel a defendant to provide names, addresses and telephone numbers of potential class members. *In re Nissan Motor Corp. Antitrust Litigation*, 552 F.2d 1088, 1101-1102 (5th Cir. 1977)

Judge Illston of this district rejected a defendant's claims of privilege under California law as well as its objection due to burden and ordered it to produce employee names, addresses and telephone numbers to class plaintiffs' counsel. The court expressly found that the case upon which Rite Aid relies in the case at bar, to say that potential class members' privacy precludes its providing their names, addresses and telephone numbers to Plaintiffs, has been overruled. *Humphreys v. Regents of University of California*, 2006 WL 335275, *1 (N.D.Cal. 2006) ("despite defendant's repeated assertions to the contrary, the law of California, the forum state, does not inform federal privilege law. . . In this respect, *Cook v. Yellow Freight System, Inc.*, 132 F.R.D. 548 (E.D.Cal. 1990) . . . [has] been overruled." [citations omitted]).

*See also Babbitt v. Albertson's, Inc.*, 1992 WL 605652 *6 (N.D.Cal. 1992), in which Judge Hamilton, also of this district, ordered defendants to provide to plaintiffs' contact information for defendant's employees. The court cited *NOW v. Sperry-Rand Corp.*, 88 F.R.D. 272 (D. Conn. 1980) in which the court allowed the defendant to discover the name, sex, race, address and occupation of every NOW member who was a current or former employee of defendant, subject to a suitable protective order. In the case at bar there is also a protective order in place, which should address Defendant's privacy concerns for its employees. (See Protective Order at Docket # 21, entered March 9, 2006).

### Order re Interrogatory 1

At the hearing on this motion the parties advised the Court that they were willing to refer the initial contact with potential class members to a third-party administrator. This Court hereby orders that the parties jointly engage a third-party administrator, that they

1 meet and confer and jointly draft a letter advising Rite Aid employees of the existence and
2 substance of this lawsuit and that they share equally in the costs of the administrator and
3 the notice to employees. The Court further orders that the notice shall provide an opt-in
4 provision, that is, that if employees do *not* wish to be contacted by Plaintiffs' counsel, that
5 they must affirmatively state this.

6       **Interrogatory 4:** Identify each task performed by Class Members that You contend
7 is exempt under California law.

8       **Rite Aid objects to the interrogatory** as vague and ambiguous as to the terms
9 "task" and "Class Members." Rite Aid also objects that the interrogatory is overbroad as to
10 time and scope. Rite Aid objects that it is unduly burdensome and oppressive. It claims
11 attorney-client privilege and work product doctrine. Rite Aid also objects that the
12 interrogatory seeks private, privileged, and confidential commercial, financial or proprietary
13 business information. Rite Aid then lists tasks as exempt under California law. (Separate
14 Statement of Responses in Support of Plaintiff's Motion to Compel at page 3).

15       **Interrogatory 5:** Identify and/or describe each task performed by Class Members
16 that You consider to be non-exempt under California law.

17       **Rite Aid's objections are identical to those to Interrogatory 4.** Rite Aid lists tasks
18 it considers non-exempt but qualifies the list as "non-exhaustive."

19 

20       Plaintiffs contend the lists are "non-exhaustive" and therefore incomplete. Plaintiffs
21 seek information regarding the exempt and non-exempt duties of Rite Aid's employees,
22 questions which should elicit evidence relevant to class certification.

23       Brad Sapp, Rite Aid's Director of Labor Relations for the West Coast declares that
24 "to compile a truly exhaustive list of tasks, Rite Aid wold have to interview every current and
25 former Store Manager (and probably other members of Rite Aid management and staff)
26 during the relevant time period to learn every specific duty that a particular Store Manager
27 performed, which can vary from store to store (and time to time) based on store volume,
28

season, geographic location, staff, and other factors." (Sapp Declaration in support of Defendant's opposition to Plaintiffs' motion to compel.)

### Analysis and Conclusion re Interrogatories 4 and 5

The Court finds that Rite Aid fails to support a claim of burden which would justify relieving Rite Aid of the obligation to provide this information. The objection and the supporting declaration completely lack specificity as to how much time and how many people would be required to accomplish this task and the Court is not convinced that Rite Aid doesn't have a list of tasks or an employee manual which provides this information. It is the burden of the party resisting discovery to show that it should not be produced. Rite Aid fails to meet its burden to show burden.

### Order re Interrogatories 4 and 5

At the hearing on this motion Defendant's counsel advised the Court that they would be willing to file a declaration in response to these interrogatories that they have described assistant managers' job duties "to the best of Defendant's knowledge." Plaintiffs' counsel responded that would be acceptable.

The Court hereby denies without prejudice Plaintiffs' motion to compel further responses to these interrogatories and orders Defendant to file declarations that the responses are complete, to the best of Defendant's knowledge.

### Document Request 10

At the hearing on this motion the parties advised the Court that they had resolved this dispute and it was therefore moot. The Court therefore denies this part of the motion as moot.

IT IS SO ORDERED.

DATED: June 16, 2006

_____
JAMES LARSON
Chief Magistrate Judge