| | |
|---|---|
| 1 | JEFFREY D. WOHL (Cal. State Bar No. 96838) |
| | JULIE A. WILKINSON (Cal. State Bar No. 209180) |
| 2 | RISHI N. SHARMA (Cal. State Bar No. 239034) |
| | PAUL, HASTINGS, JANOFSKY & WALKER LLP |
| 3 | 55 Second Street, 24th Floor |
| | San Francisco, California 94105 |
| 4 | Telephone: (415) 856-7000 |
| | Facsimile: (415) 856-7100 |
| 5 | jeffwohl@paulhastings.com |
| | juliewilkinson@paulhastings.com |
| 6 | rishisharma@paulhastings.com |
| 7 | Attorneys for Defendant |
| | Rite Aid Corporation |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAG TIERNO, individually, and on behalf of others similarly situated, | No. C-05-02520-TEH-JL |
| Plaintiff, | **DEFENDANT RITE AID CORPORATION'S OBJECTIONS TO MAGISTRATE JUDGE LARSON'S ORDER ON PLAINTIFF'S MOTION TO COMPEL RE: INTERROGATORY NO. 1 (Docket No. 38) AND REQUEST FOR *DE NOVO* REVIEW OF THE ORDER (Fed. R. Civ. Proc. 72(a)); MEMORANDUM IN SUPPORT OF OBJECTIONS; DECLARATION OF JEFFREY D. WOHL IN SUPPORT OF THE OBJECTIONS; [PROPOSED] ORDER SUSTAINING THE OBJECTIONS** |
| vs. | |
| RITE AID CORPORATION, and DOES 1 through 25, inclusive, | |
| Defendants. | |

**OBJECTIONS TO ORDER**

To the Honorable Judge Thelton E. Henderson, plaintiff Prag Tierno, and plaintiff's counsel of record:

PLEASE TAKE NOTICE that pursuant to Rule 72(a), Federal Rules of Civil Procedure, defendant Rite Aid Corporation hereby objects to portions of the Order Granting in Part Plaintiff's Motion to Compel, filed by Magistrate Judge James Larson on June 16, 2006 (Docket No. 38) (the "Order"), on the following grounds:

**Objection No. 1**: The Order is clearly erroneous and contrary to law because it directs that notice be given to current and former Rite Aid Store Managers ("Store Managers") that their names and home addresses and telephone numbers ("private contact information") will be disclosed to plaintiff unless they affirmatively object to the disclosure, even though plaintiff's motion for class certification is pending and may not be granted by the Court. If the Court denies plaintiff's motion for class certification (as Rite Aid argues it should), there would be no reason to give such notice to the Store Managers. Indeed, if notice were given even though the motion for class certification were denied, that would unduly alarm and confuse the Store Managers about a disclosure of their private contact information that would not occur; and unnecessarily cost Rite Aid the considerable expense of the notice administrator that would not have been needed.

**Objection No. 2**: The Order is clearly erroneous and contrary to law because it provides that unless a Store Manager affirmatively objects to disclosure of his or her private contact information, the information will be provided to plaintiff's counsel. Under applicable law, the Store Managers' private contact information is protected by a constitutional right to privacy, and that right should not be waived absent affirmative consent. The right should not be deemed waived by reason of default because a Store Manager does not take affirmative steps to disclose his or her private contact information.

Based on these objections, Rite Aid asks the Court (1) to stay the Order until such time as the Court decides plaintiff's pending motion for class certification and, if the Court denies the motion, then to vacate the Order; or (2) in the alternative, to modify the Order to require that Store Managers must affirmatively consent to the disclosure of their private contact information to plaintiff's counsel before disclosure may be made.

Dated: June 29, 2006.
JEFFREY D. WOHL
JULIE A. WILKINSON
RISHI N. SHARMA
PAUL, HASTINGS, JANOFSKY & WALKER LLP


By: ___/s/ Jeffrey D. Wohl_____
Jeffrey D. Wohl
Attorneys for Defendant
Rite Aid Corporation

## MEMORANDUM IN SUPPORT OF OBJECTIONS

**I.   BACKGROUND**

This is a putative class action in which plaintiff Prag Tierno sues defendant Rite Aid Corporation ("Rite Aid") alleging that Rite Aid misclassifies its Store Managers as exempt from overtime.

On March 31, 2006, plaintiff filed a motion to compel (Docket No. 14) Rite Aid to produce the names and home addresses and telephone numbers ("private contact information") of all current and former Store Managers during the period four years before plaintiff filed his complaint to the present ("Store Managers"). On May 17, 2006, Rite Aid filed its opposition to plaintiff's motion to compel, arguing that because Store Managers have a constitutionally-based privacy interest in their private contact information, that information should not be disclosed to plaintiff unless Store Managers were informed of plaintiff's request and affirmatively consented to the disclosure.

On May 26, 2006, while his motion to compel was pending, plaintiff filed a motion for certification of his alleged class of Store Managers (Docket No. 29). In his motion, plaintiff argued, *inter alia*, that evidence of how individual Store Managers spent their time between exempt and non-exempt job duties was irrelevant to class certification and instead only a merits issue. *See* memorandum in support of plaintiff's motion for class certification at 10-11 (Docket No. 29).

On June 14, 2006, a hearing on plaintiff's motion to compel was held before Magistrate Judge Larson. Rite Aid argued to Magistrate Judge Larson, *inter alia*, that the motion should not be granted at that time because the Court already had pending before it plaintiff's motion for class certification and therefore any information that plaintiff hoped to gain from contacting Store Managers would be merits-related, not certification-related. Declaration of Jeffrey D. Wohl in Support of Objections ("Wohl Decl."), ¶ 2.

On June 16, 2006, Magistrate Judge Larson filed his Order Granting in Part Plaintiff's Motion to Compel (Docket No. 38) (the "Order") (copy attached). In the Order, Magistrate Judge Larson directed that a notice be sent to all Store Managers informing them about the action and stating that their private contact information would be disclosed to plaintiff unless they submitted a written objection to disclosure by a specified deadline. The Order further directed the parties to meet and confer about the content of the notice, and provided that the parties would share the cost of a notice administrator.

1   Pursuant to Rule 72(a), Federal Rules of Civil Procedure, Rite Aid now objects to the Order.

**II.   STANDARD OF REVIEW**

This Court has full power of review over non-dispositive orders by a Magistrate Judge. *See* Fed. R. Civ. P. 72(a) ("The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.").

**III.   RELIEF SOUGHT**

Because the Order is clearly erroneous and contrary to law, the Court should (1) stay the Order until such time as the Court decides plaintiff's motion for class certification and, if the Court denies the motion, then vacate the Order; or (2) in the alternative, modify the Order to require that Store Managers must affirmatively consent to the disclosure of their private contact information to plaintiff before disclosure may be made.

> **A.   *Objection No. 1*:  Notice to the Store Managers About Disclosure of Their Names and Home Addresses and Telephone Numbers Should Not Be Sent Out at This Time Since the Court May Decide to Deny Plaintiff's Pending Motion for Class Certification.**

Briefing on plaintiff's motion for class certification will be completed on July 3, 2006, with the filing of plaintiff's reply. By order of the Court filed on June 29, 2006 (Docket No. 74), the hearing will take place on August 7, 2006. If the Court decides to deny plaintiff's motion, then obviously there would be no cause to send a notice to Store Managers about disclosure of their private contact information. Moreover, if notice were sent even though class certification were denied, it would cause undue alarm and confusion to Store Managers about a potential release of their private contact information that would not occur, and cause Rite Aid to incur unnecessarily the considerable expense of a notice administrator that would not have been needed. Accordingly, the Order should be stayed until the Court decides the motion and, should the Court deny the motion, it also should vacate the Order since there would be no reason to send the notice to the Store Managers in the absence of a certified class.

In response to this objection, Rite Aid anticipates that plaintiff will argue that he needs the notice to be sent so that he can try to gather information with which to support his motion for class

certification. As Rite Aid has already informed plaintiff, that argument has no valid basis, for the following reasons:

- **Briefing on the motion closes on July 3, 2006.** Plaintiff's briefing of his motion for class certification will be completed by July 3, 2006. Therefore, plaintiff has no basis to insist that the notices be sent to the Store Managers now, when any information he might seek to obtain from them cannot be used to support his motion for class certification.

- **The briefing schedule on plaintiff's motion was the result of plaintiff's unilateral scheduling decisions, not Rite Aid's.** Plaintiff made the decision to move for class certification on May 26, 2006, while his motion to compel was pending. There was no court-imposed deadline requiring that the motion be filed by this date. Indeed, in their joint case management statement filed by the parties on November 2, 2005 (Docket No. 10), the parties represented to the Court that the briefing and hearing schedule on plaintiff's class certification motion would be decided at the case management conference originally scheduled for June 24, 2006. When plaintiff's counsel called Rite Aid's counsel to disclose his plan to file for class certification in advance of the June 24 case management conference, he rejected Rite Aid's counsel's request that he defer bringing the motion. Wohl Decl., ¶ 4. Plaintiff's counsel also refused Rite Aid's counsel's request to extend the time for Rite Aid's opposition to the motion. *Id.*, ¶ 5. Plaintiff's unilateral imposition of the briefing schedule on his motion for class certification forced an extraordinary effort by Rite Aid to prepare its opposition by the June 26 deadline, which it met. *Id.*, ¶ 6. Having taken the position that they did on the scheduling of plaintiff's class certification motion, plaintiff's counsel may not now argue that they need more time to collect evidence to support the motion.

- **Plaintiff has argued in his motion that evidence about how individual Store Managers spend their time on exempt and non-exempt job duties is irrelevant to class certification; it is too late for plaintiff to change his tune.** The overarching theme of plaintiff's motion is that in order to decide class certification, the Court need not concern itself with proof of how much time Store Managers spend on exempt and non-

exempt job duties. That, plaintiff argues, is an issue reserved for the merits of the case and irrelevant to class certification. *See* memorandum in support of plaintiff's motion for class certification at 10-11 (Docket No. 29). Rite Aid, in its opposition, takes the contrary position, arguing that how Store Managers spend their time between exempt and non-exempt job duties lies at the core of plaintiff's claims and that because the issues presented are highly individualized, there is no predominance of common issues of fact or law warranting class certification. *See* Memorandum in Opposition to Plaintiff's Motion for Class Certification, filed on June 26, 2006 (Docket No. 44). Having staked out the position that individual experiences of Store Managers are irrelevant to class certification, plaintiff may not now argue that he actually needs evidence about those individual experiences to support his motion.

- **Information from Store Managers will not change the factual record before the Court on plaintiff's motion.** At this stage, it is unlikely that plaintiff would obtain any information from Store Managers that would change the factual record before the Court. Indeed, even if plaintiff obtained proof that some Store Managers spend 50% or less of their time on exempt job duties, that would just further prove Rite Aid's point that there is a huge variation in how Store Managers spend their time, making the exempt/non-exempt classification issue a highly individualized one and thereby not susceptible to class treatment.

- **Plaintiff cannot show prejudice.** Finally, plaintiff cannot claim prejudice. Rite Aid is informed that plaintiff has long been in contact with Store Managers, and he had ample opportunity to use information they provided in support of his motion if he had chosen to do so.

Accordingly, Rite Aid asks the Court to sustain its Objection No. 1 and stay the Order until such time as the Court decides plaintiff's motion for class certification and, if the Court denies the motion, then vacate the Order.

///

///

**B.   *Objection No. 2*:  If Notice Is to Be Given to the Store Managers at This Time, the Store Managers Should Be Required to Give Affirmative Consent to the Disclosure of Their Names and Home Addresses and Telephone Numbers to Plaintiff, and Not Be Deemed to Have Waived Their Constitutional Right to Privacy in That Information by Default.**

If the Court is unwilling to stay the Order given the pendency of plaintiff's motion for class certification, it still should modify the Order to require that a Store Manager affirmatively consent to the disclosure of his or her private contact information to plaintiff's counsel, rather than being deemed to have consented by default because the Store Manager did not timely object to the disclosure.

Case law does not support Magistrate Judge Larson's ruling that class members must affirmatively act to *prevent* their private contact information from being shared with plaintiff's counsel. As Rite Aid argued in opposition to plaintiff's motion to compel, courts routinely hold that information that exposes the identity of third-party individuals is private and entitled to protection from disclosure. *Church of Scientology of Cal.* v. *U.S. Dept. of Army*, 611 F.2d 738, 746-747 (9th Cir. 1980) (upholding district court's excision of private information that would permit Church to identify certain individuals through files sought in FOIA request); *Breed* v. *U.S. Dist. Court for the N. Dist. of Cal.*, 542 F.2d 1114, 1115 (9th Cir. 1976) (expressing concern about permitting discovery of information containing identities of persons who had been in custody of Youth Authority); *Heights Community Congress* v. *Veterans Admin.*, 732 F.2d 526, 530 (6th Cir. 1984) (upholding district court's order denying motion to compel files that contained excised names and addresses of individuals who obtained loans through Veterans Administration; "The importance of the right to privacy in one's address is evidenced by the acceptance within society of unlisted telephone numbers, by which subscribers may avoid publication of an address in the public directory, and postal boxes, which permit the receipt of mail without disclosing the location of one's resident.  These current manifestations of the ancient maim that 'a man's home is his castle' … support the trial court's identification of an important privacy interest in the addresses sought.") (citing *Rowan* v. *Post Office*, 397 U.S. 728, 737 (1970)); *Cook* v. *Yellow Freight Sys., Inc.*, 132 F.R.D. 548, 550-52 (E.D. Cal. 1990) (holding that names and addresses of employees were private information that could not be disclosed without employees' express written consent); *Best Buy Stores* v. *Superior Court*, 40 Cal. Rptr. 3d 575, 579-580 (2006) (same).

///

1       Indeed, under California law, the constitutional right to privacy protects third-party identifying information. *See* Cal. Const., art. I, § 1 ("All people are by nature free and independent and have inalienable rights. Among these are … pursuing and obtaining … privacy."); *Cook* v. *Yellow Freight Sys., Inc*., 132 F.R.D. 548 (E.D. Cal. 1990); *Pan American World Airways, Inc.* v. *United States Dist. Court for the Cent. District of California*, 523 F.2d 1073, 1077, 1081 (9th Cir. 1975) (vacating court's order to produce names and addresses of potential class members because it would be improper to send notice prior to class certification); *El Dorado Sav*. *& Loan Ass'n* v. *Superior Court*, 190 Cal. App. 3d 342, 345 (1987) (denying release of non-party employee's personnel file because disclosure would violate employee's constitutional right to privacy); *Morales* v. *Superior Court*, 99 Cal. App. 3d 283, 292 (1979) (writ of mandate directing trial court to modify its order so that plaintiff would *not* be required to disclose names, addresses or telephone numbers of anyone in response to interrogatories, finding that, although inquiry was relevant, such relevance did not overcome individuals' privacy rights).

      Rite Aid did not argue before Magistrate Judge Larson that the right to privacy was absolute. Rite Aid recognizes the right can bend to a competing demand for information as part of the discovery process. However, in balancing between third parties' right to privacy and a litigant's right to discover evidence, courts have settled on the sensible solution of giving notice to the third parties first, and allowing them the opportunity to consent affirmatively to the disclosure of their private information before the information is released. *See, e.g., Cook*, 542 F.R.D. at 552 n.3 ("In light of the privacy concerns associated with the names and addresses in general and the sensitive nature of the discovery and testimony that may be associated with this suit, the [C]ourt is of the view that [permitting putative class members to consent to contact] is appropriate in the present action."). In *Best Buy*, 40 Cal. Rptr. 3d at 580, the court held that using a third-party administrator to facilitate sending notice of a putative class action to consumers, and then allowing plaintiff's counsel to contact them unless they affirmatively requested not to be contacted, was insufficient to protect their rights to privacy. Finding that "more [was] required," the court ordered that the notice sent must (1) state that recipients were free to ignore the notice; (2) exclude plaintiff's counsel's name and contact information; and (3) permit the recipients to be contacted only after submitting their consent in writing to a neutral third party. *Id*.

///

1  Unfortunately, Magistrate Judge Larson failed to follow these holdings. Instead, his Order
2  provides that plaintiff must be given a Store Manager's private contact information unless, after notice is
3  given, the Store Manager affirmatively objects to the disclosure. Important rights, especially those with
4  a constitutional basis, should not be waived by default and instead should be waived only knowingly and
5  voluntarily. *Miranda* v. *Arizona*, 384 U.S. 436 (1966). Magistrate Judge Larson's approach is
6  insufficiently protective of the privacy rights of Store Managers, and the Order (if it is not stayed for the
7  reasons set forth under Objection No. 1) should be modified to require affirmative consent by Store
8  Managers before their private contact information is released.

Dated: June 29, 2006.   JEFFREY D. WOHL
JULIE A. WILKINSON
RISHI N. SHARMA
PAUL, HASTINGS, JANOFSKY & WALKER LLP


By: ___/s/ Jeffrey D. Wohl_____
Jeffrey D. Wohl
Attorneys for Defendant
Rite Aid Corporation

LEGAL_US_W # 53865463.2   -7-   OBJS. TO ORDER ON PLTF'S MOTION TO COMPEL
U.S.D.C., N.D. Cal., No. C-05-02520-TEH

**DECLARATION OF JEFFREY D. WOHL IN SUPPORT OF OBJECTIONS**

I, Jeffrey D. Wohl, declare:

1.     I am a member of the Bar of this Court and one of the attorneys representing defendant Rite Aid Corporation ("Rite Aid") in this action. I make this declaration in support of Rite Aid's objections to Magistrate Judge Larson's Order Granting in Part Plaintiff's Motion to Compel, filed on June 16, 2006 (Docket No. 38). I have personal knowledge of the facts set forth in this declaration and could and would competently testify to them under oath if called as a witness.

2.     At the hearing on plaintiff Prag Tierno's motion to compel discovery on June 14, 2006, before Magistrate Judge Larson, I argued that the motion should be denied on the grounds, *inter alia*, that because plaintiff's motion for class certification was already pending, any information sought from the putative class members for whom plaintiff wanted to contact would pertain to merits issues and not class certification issues. We did not raise this argument in our written opposition to the motion because at the time the opposition was filed (on May 17, 2006), plaintiff had not yet moved for class certification; plaintiff brought his class certification motion on May 26, 2006, nine days after we filed the opposition to the motion to compel.

3.     Sometime approximately a week before plaintiff filed his motion for class certification, Matthew Bainer, one of plaintiff's attorneys, called me to ask whether I would agree with him on a date for the hearing on plaintiff's motion. Mr. Bainer indicated that plaintiff would be filing the motion within the week or so.

4.     I told Mr. Bainer that I was surprised that plaintiff was planning on filing his motion for class certification in advance of the case management conference at which the parties and the Court were supposed to have agreed on a briefing and hearing schedule on the motion, as the parties represented they would do in their joint case management conference statement filed with the Court on November 2, 2005 (Docket No. 10). I asked whether plaintiff would defer filing his motion. Mr. Bainer responded that he and Scott Coles, another attorney representing plaintiff, decided that it would best serve plaintiff's interests if they filed the motion the following week.

5.     I then asked Mr. Bainer whether, due to some scheduling problems I had, plaintiff would agree to extend the time for Rite Aid's opposition to the motion. Mr. Bainer declined to agree.

6. Plaintiff filed his motion for class certification on May 26, 2006 (Docket No. 29), while his motion to compel discovery (granted in part by Magistrate Judge Larson's order) was pending. Despite significant effort by Rite Aid, we were able to complete and timely file Rite Aid's opposition to the motion on June 26, 2006.

Executed on June 29, 2006, at San Francisco, California.

I declare under penalty of perjury that the foregoing is true and correct.

                                                                                        /s/ Jeffrey D. Wohl  
                                                                                           Jeffrey D. Wohl

**[PROPOSED] ORDER SUSTAINING OBJECTIONS**

The Court having considered the objections of defendant Rite Aid Corporation ("Rite Aid") to the Order Granting in Part Plaintiff's Motion to Compel, filed on June 16, 2006 (Docket No. 38) (the "Order"), by Magistrate Judge Larson, and plaintiff Prag Tierno's response to the objections, and good cause appearing therefor,

IT IS ORDERED that Rite Aid's objections be and are hereby SUSTAINED as follows:

1. The Order is hereby STAYED until such time as the Court decides plaintiff's pending motion for class certification (Docket No. 29). If the Court denies the motion, then the Order will be automatically VACATED.

2. In the event that the Court grants plaintiff's motion for class certification, then the Order is hereby MODIFIED to require that current and former Rite Aid Store Managers receiving the notice must affirmatively consent in writing to the disclosure of their names and home addresses and telephone numbers to plaintiff before that disclosure may be made.

Dated: _____.

_____
Thelton E. Henderson
United States District Judge