IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAG TIERNO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RITE AID CORPORATION,<br><br>Defendant. | No. C 05-02520 TEH<br><br>**ORDER DENYING OBJECTIONS TO MAGISTRATE JUDGE LARSON'S ORDER TO COMPEL** |

This matter comes before the Court on Defendant Rite Aid Corporation's objections to Magistrate Judge Larson's June 16, 2006 Order granting Plaintiff's Motion to Compel. Having carefully considered the parties' written arguments and the record, the objections are denied. The Court is not persuaded that the June 16 ruling is either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); *United States v. Saunders*, 641 F.2d 659, 663-64, n.1 (9th Cir. 1980).

DISCUSSION

On March 31, 2006, Plaintiff moved to compel Defendant to provide further responses to Plaintiff's discovery requests, including Interrogatory No. 1 asking for the names and home contact information of putative class members. In his June 16, 2006 ruling, Magistrate Judge Larson found that the information provided in response to Interrogatory No. 1 included, "no identifying information and [that the information was] useless to Plaintiffs." June 16, 2006 Order at 5:15-16. Noting that the Court has an obligation under Rule 23(d), Federal Rules of Civil Procedure, to enter orders to facilitate class actions, "including ordering defendants to assist Plaintiffs' counsel in identifying and notifying members of the putative class," *id*. at 5, the Magistrate Judge

1 ordered that a jointly drafted letter be sent "advising Rite Aid employees of the existence
2 and substance of this lawsuit," as well as of their right not to be contacted by plaintiffs'
3 counsel. *Id.* at 7:1-5. In order to avail themselves of this right not to be contacted, the
4 employees were to be instructed that "they must affirmatively state this [desire]." *Id.* at
5 7:5.

6 The Magistrate Judge also concluded that because he had not regulated the
7 parties' communications to the putative class members and defense counsel had already
8 initiated such contacts, and thereby "gotten a head start on Plaintiffs," that in all fairness,
9 Plaintiffs should be provided the same essentially unregulated opportunity to
10 communicate: "If Rite Aid's attorney's may contact its employees then certainly
11 Plaintiffs' attorneys may." *Id.* at 4.

12 Defendant has not shown that the Magistrate Judge's Order is contrary to any law;
13 nor is the Court left with the definite and firm conviction that a mistake has been
14 committed. Defendant's privacy-based objections to the requirement that putative class
15 members affirmatively state (within 30 days of notice) their desire not to be contacted by
16 Plaintiffs' counsel are not persuasive given that a protective order is in place. The Court
17 further notes that it has granted Plaintiff's motion for class certification simultaneously
18 with this Order. Accordingly, to the extent that Defendant's objections are based on the
19 fact that the June 16, 2006 Order pre-dated disposition of the motion for class
20 certification, those objections are moot.

21 Accordingly, and for the reasons set forth above, the Court overrules
22 Defendant's objections to Magistrate Judge Larson's Order of June 16, 2006.

24 **IT IS SO ORDERED.**

26    dated:   August 31, 2006
27 
                                                  THELTON E. HENDERSON
                                                  UNITED STATES DISTRICT
28                                                JUDGE

2