1 | JEFFREY D. WOHL (Cal. State Bar No. 96838)
JULIE A. WILKINSON (Cal. State Bar No. 209180)
2 | RISHI N. SHARMA (Cal. State Bar No. 239034)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
3 | 55 Second Street, 24th Floor
San Francisco, California 94105
4 | Telephone: (415) 856-7000
Facsimile: (415) 856-7100
5 | jeffwohl@paulhastings.com
juliewilkinson@paulhastings.com
6 | rishisharma@paulhastings.com

7 | Attorneys for Defendant
Rite Aid Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAG TIERNO, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RITE AID CORPORATION, and DOES 1 through 25, inclusive,<br><br>Defendants. | No. C-05-02520-TEH<br><br>**DEFENDANT RITE AID CORPORATION'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF ITS PETITION FOR PERMISSION TO APPEAL FROM ORDER GRANTING CLASS CERTIFICATION AND, IF THE PETITION IS GRANTED, ITS APPEAL**<br><br>Date: October 23, 2006<br>Time: 10:00 a.m.<br>Place: Courtroom 12, 19th Fl.<br>Judge: Hon. Thelton E. Henderson<br><br>Complaint Filed: May 9, 2005<br>Trial Date: None Set |

**NOTICE OF MOTION AND MOTION**

To plaintiff Prag Tierno and his attorneys of record:

PLEASE TAKE NOTICE that on October 23, 2006, at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 12 of this Court, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California 94102, before the Honorable Thelton E. Henderson, defendant Rite Aid Corporation ("Rite Aid"), will, and hereby does, move pursuant to Rules 23(f) and 2 (b)(2), (c), and (d), Federal Rules of Civil Procedure, for a stay of all proceedings in this action pending resolution of Rite Aid's Petition for Permission to Appeal from Order Granting Class Certification (the "Rule 23(f) petition") and, if the petition is granted, pending resolution of that appeal.

This motion is made on the grounds that under Rule 23(f), this Court may stay proceedings before it, including disclosures and discovery, while an appeal from an order granting class certification is pending; that under Rule 26(b)(2), (c), and (d), this Court may limit discovery, grant a protective order against discovery, and otherwise regulate the timing and sequence of discovery in an action before it; and that this Court appropriately should exercise its discretion under these rules by staying proceedings in this action, including but not limited to Rule 26 merits disclosures and discovery, and thereby avoiding the significant expense, burden, and inconvenience of merits disclosures, discovery, and other proceedings in this now certified class action, while the Ninth Circuit considers the substantial issues presented by Rite Aid's Rule 23(f) petition.

This motion is based on this notice and the following memorandum in support of the motion; the accompanying Declaration of Jeffrey D. Wohl in Support of Defendant Rite Aid Corporation's Motion to Stay Proceedings Pending Resolution of Its Petition for Permission to Appeal from Order Granting Class Certification and, If Its Petition Is Granted, Its Appeal ("Wohl Decl."); and proposed Order Granting Defendant Rite Aid Corporation's Motion to Stay Proceedings Pending Resolution of Its Petition for Permission to Appeal from Order Granting Class Certification and, If Its Petition Is Granted, Its Appeal; all matters of which the Court may take notice; and oral and documentary evidence presented at the hearing on the motion.

Prior to bringing this motion, counsel for Rite Aid asked plaintiff's counsel to stipulate to a stay of disclosures and discovery pending disposition of Rite Aid's Rule 23(f) petition and the

1  resulting appeal. Plaintiff's counsel declined to so stipulate, Wohl Decl., ¶ 2, necessitating this
2  motion.

3    Dated: September 14, 2006.    JEFFREY D. WOHL
                                   JULIE A. WILKINSON
4                                  RISHI N. SHARMA
                                   PAUL, HASTINGS, JANOFSKY & WALKER LLP
5

6
                            By:    /s/ Jeffrey D. Wohl
7                                       Jeffrey D. Wohl
                                      Attorneys for Defendant
8                                      Rite Aid Corporation

LEGAL_US_W # 54347940.1                         2

MOTION TO STAY PENDING
RULING ON RULE 23(f) PETITION
U.S.D.C., N.D. Cal., No. C-05-02520-TEH

**MEMORANDUM IN SUPPORT OF MOTION**

**I.   INTRODUCTION**

On August 31, 2006, this Court certified a class comprised of more than 1,100 persons who work or worked as a Store Manager for defendant Rite Aid Corporation ("Rite Aid") in the State of California at any time since May 9, 2001.

On September 14, 2006, Rite Aid timely filed a petition with the U.S. Court of Appeals for the Ninth Circuit for permission to appeal from this Court's order granting class certification, pursuant to Rule 23(f), Federal Rule of Civil Procedure, and Rule 5, Federal Rule of Appellate Procedure (the "Rule 23(f) petition"). Rite Aid's Rule 23(f) petition raises a number of important and novel questions about the correctness of the Court's order based on the evidence before it and the need for Ninth Circuit standards on when a managerial exemption class should be certified to ensure consistency among district courts considering the issue.

Absent a stay of proceedings before this Court while Rite Aid's Rule 23(f) petition, and the appeal that may result, are pending, Rite Aid will be required to engage in time-consuming and expensive factual investigation and document review across approximately 600 stores in California, as well as various corporate locations both within and outside of California, going back to 2001 to make appropriate Rule 26 disclosures based on the merits of plaintiff's claims as well as to respond to plaintiff's anticipated discovery requests. In addition, notice to the class would need to be prepared and sent out, which also would entail significant expense. That burden and expense would be avoided if the Rule 23(f) petition were granted and the resulting appeal were sustained. Additionally, plaintiff would sustain no prejudice if disclosures and discovery were stayed at this time, since the stay of proceeding would also protect plaintiff from any offensive litigation measures by Rite Aid.

The Court therefore should exercise its discretion under Rules 23(f) and 26(b)(2), (c), and (d) by granting Rite Aid's motion and staying all proceedings in this action, including merits disclosures and discovery, pending resolution of the Rule 23(f) petition and, if the petition is granted, the resulting appeal.

///

///

## II. FACTUAL BACKGROUND

On August 31, 2006, this Court certified a class of "All persons employed as Store Managers in any of Rite Aid Corporation's California retail drugstores at any time between May 9, 2001 and the present." Order Granting Class Certification at 20. Thereafter, on September 15, 2006, pursuant to Rule 23(f), Federal Rule of Civil Procedure, and Rule 5, Federal Rule of Appellate Procedure, Rite Aid timely petitioned the U.S. Court of Appeals for the Ninth Circuit for permission to appeal from this Court's class certification order. *See* Declaration of Jeffrey D. Wohl in Support of Defendant Rite Aid Corporation's Motion to Stay Disclosures and Discovery ("Wohl Decl."), ¶ 3, Exh. A. Rite Aid's petition and proposed appeal seek resolution of several important and novel certification issues raised by this Court's order, including the standards for certifying a class in a managerial exemption case and the propriety of the Court's rulings.

The Court has scheduled a case management conference at the same time that this motion will be heard. Absent a stay of all proceedings, Rite Aid will be required to commence merits disclosures and discovery on a classwide basis without knowing for certain whether there will in fact be a class. In a class action with more than 1,100 class members at approximately 600 business operations throughout California, the expense and burden of merits disclosures and discovery are tremendous. Consider the following:

In order to determine the break down of time spent on managerial versus non-managerial duties for each of the more than 1,100 class members, Rite Aid would first have to depose each of those individuals, or at least a large portion of them. Then, for those class members reporting less than 50% of their time spent on managerial duties, Rite Aid would need to locate and depose a variety of witnesses— including the class member's district manager(s), regional vice president(s), human resources manager(s), and a host of subordinate employees to determine the veracity of the class member's testimony and the reasons why he or she was (allegedly) not meeting Rite Aid's expectations. Rite Aid will additionally need to gather documents from each of the class member/deponents, as well as the superior and subordinate employees, which might tend to prove or disprove the claims of those class members who report spending less than 50% of their time on non-management duties. This effort would be enormous even if all of these individuals were currently within the employ of Rite Aid, but they are

not. It is highly likely that, over the past five-plus years covered by this case, a large portion of these individuals have left Rite Aid's employ. Rite Aid will have to make efforts to find them to obtain the information they have that Rite Aid will require to defend this case. In many cases, Rite Aid will have to subpoena these individuals for deposition in order to gather that information. This will require filings in courts across the state, and likely around the country.

Moreover, Rite Aid will have to gather a wide-array of documents, certain to be extremely voluminous, pertaining to the class members and the duties they performed as Store Managers for Rite Aid—*e.g.*, personnel files and performance appraisals for each class member and the employees he or she supervised, store profit/loss and inventory reports, tasks sheets, and all other reports and documentation produced and maintained at each store by the Store Managers. These documents may be located at several of Rite Aid's corporate offices, as well as in each of the nearly 600 retail store locations, and potentially in the possession of the class members themselves. Once potentially responsive documents are located, whether they are at the store level or at various corporate offices, they must be read, privilege logs created with respect to documents withheld, and documents redacted of privileged or other appropriately redacted content—all enormously time-consuming tasks.

## III. THE COURT SHOULD STAY PROCEEDINGS PENDING THE 23(f) PETITION AND RESULTING APPEAL

### A. The Court Has Broad Discretion to Stay Proceedings Here.

Congress expressly granted district courts the discretion to grant motions to stay proceedings where a party petitions a circuit court for permission to appeal an order granting class certification. Rule 23(f), Federal Rule of Civil Procedure, specifically provides: "A court of appeals may in its discretion permit an appeal from an order of a district court granting or denying class action certification.... An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders." In addition, several provisions of Rule 26 empower the Court to stay or limit discovery, including Rule 26(b)(2) (court may limit "frequency or extent of use of the discovery methods"); Rule 26(c) (court may order that "discovery not be had" where "justice requires to protect a party from...undue burden or expense"); and Rule 26(d) (court may enter order controlling timing and

sequence of discovery "upon motion, for the convenience of parties and witnesses and in the interests of justice").

District courts in the Ninth Circuit have invoked their power under Rule 23(f) to stay proceedings while a petition to appeal from a class certification order is pending. *See*, *e.g.*, *Dukes* v. *Wal-Mart Stores, Inc.*, No. 01-CV-02252 (N.D. Cal. Sep. 27, 2004) (Docket No. 665) (granting stay pending Rule 23(f) appeal from certification of sex discrimination class) (Wohl Decl., Exh. B); *Grosz* v. *Boeing Co.*, No. 02-CV-0071-CJC(C.D. Cal. May 5, 2004) (Docket No. 135) (Wohl Decl., Exh. C) ("[I]n the event of a reversal, the potential waste of the Court's and the parties' resources tip the balance of hardship sharply in Plaintiffs' favor."); *Chavez* v. *IBP*, *Inc.*, 2002 WL 32145647, at *1 (E.D. Wash. Dec. 23, 2002) (Wohl Decl., Exh. D) (entering stay during pendency of defendant's Rule 23(f) application after (1) balancing defendant's and plaintiffs' hardships and noting that, if Ninth Circuit granted defendant's application and ruled in its favor, class size would decrease from 3,900 to 1,100 members, which would be a "significant [decrease] for the purposes of discovery"; and (2) noting that inherent delay caused by class procedures, such as briefing on proposed class notices and notice period, would require period of discovery to be delayed regardless of whether stay is entered) *Beck* v. *Boeing Co.*, No. C00-301P (W.D. Wash. Dec. 27, 2001) (Wohl Decl., Exh. E) (order granting stay of class-related proceedings). In *Beck*, during the pendency of its Rule 23(f) motion, Boeing moved the court to stay all discovery because "review [would] likely be granted [by the Ninth Circuit],...they [would] incur (possibly needless) significant expense and labor should they be forced to respond to class-related discovery...,and...any prejudice to plaintiffs occasioned by a limited delay is minimal." (Order on Mtn., at 2.) Plaintiffs requested not only that discovery be stayed, but all proceedings in the case. (*Id*.) The court stayed all class-related discovery and allowed discovery into the individual plaintiffs' claims. (*Id*.)

Such stays pending Rule 23(f) review ensure fairness to the litigants. "'A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it.... This rule applies whether the separate proceedings are judicial, administrative, or arbitral in nature, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.'" *Yong* v. *Immigration and Naturalization Serv.*, 208 F.3d 1116, 1119-20

(9th Cir. 2000), *citing Leyva* v. *Grocers of Cal. Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979); s*ee also Haley* v. *Medtronic*, *Inc.*, 1995 WL 688240, at *1 (C.D. Cal. June 9, 1995) (staying "all proceedings in [the] Court, including all discovery" after entering order granting motion for interlocutory appeal in class action and pending Ninth's Circuit's ruling on "controlling issue of law...[where] there was substantial ground for difference of opinion"); *Cook* v. *Layman*, 2001 WL 758631, at *1 (E.D. Cal. May 17, 2001) ("The Court may grant a request to stay a case for considerations of judicial economy...or to eliminate the possibility of duplicative litigation.") (internal citations omitted).[1]

Courts that have considered the stay of discovery issue recognize that the larger the size of the impending litigation burden and the greater degree of uncertainty about the legal issues surrounding a class certification, the more a rational discovery plan depends upon final and definitive determination of the scope and contours of the litigation at the appellate level. As the Manual on Complex Litigation stresses, "early identification and clarification of issues...[is] essential to meaningful and fair discovery control." MCL 2d § 21.41, 68 (West 2002).

### B. Rite Aid's Rule 23(f) Petition Presents Serious Issues That the Ninth Circuit Is Likely To Entertain.

Rite Aid's Rule 23(f) petition to appeal raises serious issues for decision by the Ninth Circuit and presents the opportunity to settle a key issue of class-action law on which lower courts in the Ninth Circuit—and California state courts—are divided. Specifically, this Court's decision conflicts with the decision of Judge Fischer of the Central District in *Sepulveda* v. *Wal-Mart Stores, Inc.*, 2006 WL 1540444 (C.D. Cal. 2006), in which Judge Fischer denied class certification based on facts and legal contentions largely identical to the present case. Moreover, at least two state courts have denied certification, post-*Sav-on*, in managerial misclassification cases with facts largely the same as here. *See*

---

[1] *See also Citicasters* v. *Country Club Comms.*, 1997 WL 715034, at *1 (C.D. Cal. Jul. 21, 1997) ("'[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket'" (*citing Clinton* v. *Jones*, 520 U.S. 681, 683 (1997) and noting that even though Supreme Court in *Clinton* overruled stay order, it "recognized that a stay is acceptable when the court properly takes into account the effect of delay and the stage of the proceedings")); *Magnesystems*, *Inc.* v. *Nikken*, *Inc.*, 1994 WL 808421, at *6 (C.D. Cal. Aug. 8, 1994) (adopting defendant's argument that if it is successful on appeal and prevails, plaintiff will be entitled to no damages and until issue of liability is resolved, it should be spared expense of discovery; "[R]egardless of whether the expense is great or small, any needless expense is to be avoided.").

*Dunbar* v. *Albertson's*, Alameda Superior No. RG-04-146326 (Jun. 28, 2005), affirmed, 141 Cal. App. 4th 1422 (2006); *In re Home Depot Overtime Cases*, Riverside Superior No. JCCP4229 (Feb. 2, 2006). With the foregoing reported decisions, as well as this Court's decision in the present case, there is a crucial need for Ninth Circuit guidance on when a class should, and should not, be certified in a managerial misclassification case, when, as in all of these cases, a defendant presents substantial evidence of variability among the putative class members in what duties they performed and how they spent their time on those duties.

In light of this open question, it cannot reasonably be disputed that Rite Aid's proposed appeal presents the Ninth Circuit with serious issues for decision. Those issues, combined with the large size of the class certified by the Court, make it likely that the Ninth Circuit will choose to engage those issues by granting Rite Aid's petition.

### C. There Is No Question That a Stay Would Avoid the Significant Burden and Expense of Merits Disclosure and Discovery.

If the Ninth Circuit were to grant Rite Aid's petition and, after briefing on the merits, reverse certification of the class, then extensive investigation, disclosure, and discovery costs could be avoided. On the other hand, absent a stay, investigation will commence which will include (a) depositions of significant numbers of the 1,100+ Store Managers, as well as their superiors and subordinate employees (including the expenditure of significant time and expense to find witnesses across the state and the country who are no longer employed by Rite Aid); (b) reviewing an estimated thousands if not millions of documents, including personnel files, performance appraisals, store profit/loss and inventory reports, tasks sheets, and all other reports and documentation produced and maintained at each store by the Store Managers; and (c) engaging in further merits disclosures and discovery, all of which is likely to address issues that may well be rendered moot. The business interruption, costs, and burden associated with such an undertaking would be crippling and ultimately for naught.

The facts set forth above reveal a glimpse of the magnitude of the investigation, disclosure and discovery effort that will be wasted if there is no stay, and class certification is reversed. That effort would be extraordinary, and yet necessary, to defend Rite Aid in this case as presently certified. A brief delay for appellate review that may well alleviate that enormous, unwieldy burden is appropriate now.

Rule 23(f) references stays for a good reason. The rule did not make stays automatic; otherwise, frivolous appeals from class actions would be filed solely for the purpose of delay. But the mere fact that the rule providing for 23(f) appeals references stays indicates a recognition that where the appeal presents serious issues, normally it is not a good idea to proceed until one knows if indeed there will be a class. Obviously, Rite Aid's issues on appeal are not frivolous, and the prejudice from unnecessary class-wide disclosures and discovery are extreme.

### D. Plaintiff Would Not Be Prejudiced by a Stay Here As It Is Unlikely That There Will Be a Substantial Delay Between a Stay Order and The Ninth Circuit's Resolution of the Petition.

The time period between a stay order and the date the Ninth Circuit resolves the Rule 23(f) petition is likely to be very short. To cite just a few examples, in *Dukes* v. *Wal-Mart Stores*, the Ninth Circuit granted Wal-Mart's Rule 23(f) petition in less than two months. In *Grosz* v. *Boeing*, , the Ninth Circuit granted the plaintiffs' Rule 23(f) petition in less than three months. The Ninth Circuit also took about three months to grant Boeing's Rule 23(f) petition in *Beck* v. *Boeing*. Rite Aid's Rule 23(f) petition is already on file with the Ninth Circuit (Wohl Decl., ¶ 3), and once plaintiff answers it the court is likely to rule on whether to accept the appeal without undue delay.

## IV. CONCLUSION

Rite Aid's Rule 23(f) petition merits serious consideration by the Ninth Circuit and likely will be entertained. While the Ninth Circuit ponders the petition, and the numerous important and novel questions it raises, Rite Aid should not be put to the significant expense and burden of class merits investigation, disclosure and discovery. Rite Aid therefore respectfully requests that this Court stay all disclosures and discovery pending resolution of Rite Aid's petition to appeal and, if the petition is granted, pending its appeal.

Dated: September 14, 2006.  JEFFREY D. WOHL
JULIE A. WILKINSON
RISHI N. SHARMA
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: ___/s/ Jeffrey D. Wohl_____
Jeffrey D. Wohl
Attorneys for Defendant
Rite Aid Corporation