1   SCOTT EDWARD COLE (Cal. State Bar No. 160744)
    scole@scalaw.com
2   CLYDE H. CHARLTON (Cal. State Bar No. 127541)
    ccharlton@scalaw.com
3   MATTHEW R. BAINER (Cal. State Bar No. 220972)
    mrbainer@scalaw.com
4   SCOTT COLE & ASSOCIATES, APC
    1970 Broadway, Suite 950
5   Oakland, California  94612
    Telephone: (510) 891-9800
6   Facsimile: (510) 891-7030

7   Attorneys for Plaintiff
    Prag Tierno
8

9   JEFFREY D. WOHL (Cal. State Bar No. 96838)
    jeffwohl@paulhastings.com
10  SARAH A. JAIN (Cal. State Bar No. 215147)
    sarahjain@paulhastings.com
11  RISHI N. SHARMA (Cal. State Bar No. 239034)
    rishisharma@paulhastings.com
12  ANDREA M. LINDEMANN (Cal. State Bar No. 244937)
    andrealindemann@paulhastings.com
13  PAUL, HASTINGS, JANOFSKY & WALKER LLP
    55 Second Street, 24th Floor
    San Francisco, CA  94105-3441
14  Telephone: (415) 856-7000
    Facsimile: (415) 856-7100
15

16  Attorneys for Defendant
    Rite Aid Corporation

17

18                      UNITED STATES DISTRICT COURT

19                    NORTHERN DISTRICT OF CALIFORNIA

20

21  PRAG TIERNO, individually and on        No. C05-02520-TEH
    behalf of all others similarly-situated,
22                                          **JOINT CASE MANAGEMENT**
                      Plaintiffs,           **CONFERENCE STATEMENT AND**
23                                          **[PROPOSED] ORDER**
              vs.
24                                          Date:        July 3, 2007
    RITE AID CORPORATION, and DOES          Time:        10:00 a.m.
25  1 through 25, inclusive,                Courtroom:   12
                                            Judge:       Hon. Thelton E. Henderson
26                    Defendants.

27

28

1    Plaintiff Prag Tierno, individually and as the class representative, and defendant Rite Aid

2  Corporation ("Rite Aid") jointly submit this Case Management Conference Statement and Proposed

3  Order for the upcoming case management conference on July 3, 2007 and request that the Court adopt

4  the Proposed Order as its Case Management Conference Order.

5  **I.      JURISDICTION AND SERVICE**

6    On May 9, 2005, plaintiff filed this lawsuit in Alameda Superior Court, Case No. RG05-211860.

7  Plaintiff then served Rite Aid with the complaint.  On June 21, 2005, Rite Aid removed this action to

8  this Court on the basis of diversity of citizenship under the Class Action Fairness Act of 2005, 28 U.S.C.

9  § 1332(d).

10    There are no outstanding issues regarding service of process, personal jurisdiction, or venue.

11  **II.     PARTIES' DESCRIPTION OF THE CASE**

12    **A.      By Plaintiff**

13    Plaintiff is a former Store Manager at a Rite Aid store in Santa Fe Springs, California.  On behalf

14  of himself and class members, plaintiff asserts causes of action under California law for alleged unfair

15  business practices, alleged failure to pay for hours worked and to provide meal and rest periods, and

16  alleged illegal and inaccurate recording of time worked.

17    Plaintiff contends that Rite Aid's business practices were applied in a common manner to the

18  class, and that the predicates for certification as a class action pursuant to FRCP 23 of numerosity,

19  commonality, typicality and adequacy are met.

20    **B.      By Rite Aid**

21    As a preliminary matter, Rite Aid respectfully continues to disagree that this action is suitable for

22  class action treatment for a variety of reasons, including the fact that the required elements of

23  commonality, typicality, and adequacy of class representation do not exist.  Rite Aid believes that as

24  merits discovery proceeds, good cause will develop for decertification of the class and intends to so

25  move at the appropriate time in these proceedings.

26    Rite Aid further disputes plaintiff's claims on the merits.  Rite Aid contends that the class was

27  properly classified as exempt because as Rite Aid Store Managers, the top-level manager and only

28  exempt employee in the store, the class members managed a significant business operation, and that

because of the size, sales volume, variety of departments and merchandise, employee headcount, security needs, and other factors present in each store, Rite Aid reasonably expected each Store Manager to spend more than half of his or her time on managerial, *i.e.*, exempt, job duties and, if the Store Manager performed to Rite Aid's reasonable expectations, he or she in fact did spend more than half of his or her time on managerial job duties.  If the class is not decertified, Rite Aid intends, at the appropriate time, to move for summary judgment.

## III.   THE PRINCIPAL FACTUAL ISSUES WHICH THE PARTIES DISPUTE

1.   What were Rite Aid's reasonable expectations of how a Store Manager should perform his or her job.

2.   Whether, as a class, Rite Aid Store Managers performed their jobs so as to meet Rite Aid's reasonable expectations.

3.   How many overtime hours the Store Managers worked.

4.   Assuming, *arguendo*, that the Store Managers should have been classified as non-exempt, whether Rite Aid provided Store Managers with 30-minute meal periods and 10-minute rest breaks in accordance with California law.

5.   Whether Rite Aid acted with the requisite intent to make penalties or punitive damages awardable in this action.

## IV.   THE PRINCIPAL LEGAL ISSUES WHICH THE PARTIES DISPUTE

1.   Whether the class certified by the Court should be decertified, decertified in part, or subclassed based on a further showing by Rite Aid of lack of commonality, typicality, and adequacy of representation.

2.   Whether Rite Aid correctly classified the class as exempt.

3.   Assuming, *arguendo*, that Store Managers should have been classified as non-exempt, whether, under California law, Rite Aid was required to force Store Managers to take meal periods, or whether Rite Aid's duty to "provide" meal periods meant only to make meal periods available, leaving it up to the Store Manager to decide whether to take a meal period, leave work early instead, *etc.* (an issue pending before the California Court of Appeal in *Brinker Restaurant Corp. v. Superior Court*, No. D049331).

4.      Whether, under California law, punitive damages are recoverable for violations of law for which penalties are provided.

**V.      AMENDMENT OF PLEADINGS**

Currently, the parties are not planning to amend their pleadings to add or dismiss any claims or defenses.

**VI.      RELATED CASES**

The parties are not aware of any related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

**VII.      CERTIFICATE OF INTERESTED ENTITIES OR PERSONS**

**A.      Rite Aid**

On June 22, 2005, Rite Aid filed its Certificate of Interested Entities or Persons, stating the following:

"Pursuant to Local Rule 3-16, the undersigned counsel for defendant Rite Aid Corporation, certifies that the following listed parties have a financial interest in the subject matter in controversy.  These representations are made to enable the Court to evaluate possible disqualification or recusal.

"1.      Plaintiff, Prag Tierno, individually and purportedly on behalf of others similarly situated.

"2.      Defendant Rite Aid Corporation."

**B.      Plaintiff**

Plaintiff joins in Rite Aid's Certificate of Interested Entities or Persons filed June 22, 2005. There are no persons, firms, partnerships or corporations, other than the parties and the Class Members, known to the parties to have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) any other kind of interest that could be substantially affected by the outcome of the proceedings.

**VIII.      RELIEF**

**A.      By Plaintiff**

Plaintiff seeks overtime wages, statutory penalties, profits from converted monies, punitive damages and attorneys' fees.  The amount sought will be determined by further merits-related discovery and/or disposition of common liability issues.  Plaintiff also seeks restitution and injunctive relief under

1    California Business and Professions Code § 17200, *et. sequitur*.

2          **B.**      **By Rite Aid**

3          Rite Aid seeks dismissal of the action with prejudice and recovery of its costs and reasonable

4    attorneys' fees.

5    **IX.**     **MOTIONS**

6          On August 31, 2006, the Court granted plaintiff's motion for class certification.

7          There are no motions currently pending. However, Rite Aid anticipates filing a motion to

8    decertify the class in whole or part and/or for summary judgment. Plaintiff anticipates filing a motion

9    for summary adjudication.

10    **X.**      **NOTICE TO CLASS**

11          The parties are negotiating the form of notice to be sent to the class. The parties may seek court

12    intervention if they cannot agree on a form of notice. Class counsel will disseminate the notice to the

13    class after the Court has approved it.

14    **XI.**     **ALTERNATIVE DISPUTE RESOLUTION**

15          The parties attended private mediations in February and May 2007. The mediations were not

16    successful in resolving the litigation. The parties leave open the possibility of a future mediation.

17    **XII.**    **EVIDENCE PRESERVATION**

18          **A.**      **By Plaintiff**

19          Plaintiff has preserved his evidence relating to the subject matter of this litigation, including the

20    maintenance by class counsel of all case-related documents in electronic format.

21          **B.**      **By Rite Aid**

22          Immediately after Rite Aid was served with this lawsuit, Rite Aid's counsel sent out a litigation

23    hold memorandum to all relevant managers to preserve relevant documents and electronic information.

24    **XIII.**   **INITIAL DISCLOSURES**

25          The parties agreed to bifurcate discovery on class-certification issues from discovery on the

26    merits. With that distinction, the parties exchanged initial disclosures relevant to class certification

27    issues on November 9, 2005.

28          The parties request that the Court set August 31, 2007, as the date for supplemental initial

1  disclosures with respect to merits issues.

2  **XIV.   DISCOVERY**

3        The parties conducted discovery regarding class certification issues before plaintiff moved for

4  class certification in May 2006.  Proceedings in the case have been stayed since the Court granted class

5  certification and the parties participated in mediations.

6        The parties request that the stay on proceedings be lifted so that they may conduct merits

7  discovery.  Given that notice to the class has not yet been sent, the parties suggest that no discovery cut-

8  off be imposed at this time; instead, the parties request that the Court schedule a further case

9  management conference for March 2008, at which time other pre-trial dates could be set.

10  **XV.   PROPOSED PRETRIAL SCHEDULE**

11        The parties request that the Court refrain from setting pre-trial dates at this time.

12  **XVI.   CONSENT TO MAGISTRATE**

13        The Court referred this case to a magistrate judge for all discovery purposes on April 3, 2006.

14  The parties do not consent to have a magistrate judge conduct the trial.

15  **XVII.   NARROWING OF ISSUES**

16        The parties believe that liability issues should be bifurcated from damages issues.

17  **XVIII. EXPEDITED SCHEDULE**

18        The parties do not believe that this case can be handled on an expedited basis or with streamlined

19  procedures.

20  **XIX.   SCHEDULING**

21        The parties request that the Court lift the litigation stay so that the parties may engage in merits-

22  based discovery.  The parties will continue to meet and confer regarding scheduling for the following

23  dates after the Court lifts the stay:

24        a.      Dissemination of the Class Notice;

25        b.      Cut off for designation of expert witnesses;

26        c.      Discovery cut off;

27        d.      Deadline for hearing dispositive motions;

28        e.      Pre trial Conference; and,

f.      Trial.

The parties propose that the Court convene another case management conference in March 2008, at which time additional scheduling may be ordered.

**XX.   TRIAL**

Plaintiff demands a jury trial.  Rite Aid reserves all rights and objections with respect to whether the action may be tried to a jury.  The parties believe it is premature to set a trial date at this time given the lengthy merits-related discovery that needs to be conducted.  The parties are unable to estimate the length of the trial at this time but will meet and confer to make this determination after completion of merits-related discovery.

**XXI.  SETTLEMENT**

The parties attended private mediations in February and May 2007 without success.  The parties have not scheduled another mediation but remain open to settlement if appropriate.

Dated:  June 26, 2007.         SCOTT EDWARD COLE
                               CLYDE H. CHARLTON
                               MATTHEW R. BAINER
                               SCOTT COLE & ASSOCIATES, APC


                               By:   /s/ Matthew R. Bainer
                                        Matthew R. Bainer
                               Attorneys for Representative Plaintiff Prag Tierno
                                        and the plaintiff class


Dated:  June 26, 2007.         JEFFREY D. WOHL
                               SARAH A. JAIN
                               RISHI N. SHARMA
                               ANDREA M. LINDEMANN
                               PAUL, HASTINGS, JANOFSKY & WALKER LLP


                               By:   /s/ Jeffrey D. Wohl
                                        Jeffrey D. Wohl
                               Attorneys for Defendant
                                        Rite Aid Corporation

**PLAINTIFF'S RULE 16-9(B) STATEMENT**

1.     <u>Paragraphs of Fed R. Civ. P. 23 Under Which the Action is Maintainable as a Class Action</u>:  The Court found that Plaintiff had satisfied the prerequisites of Rule 23(a) and that this action is maintainable as a class action under Rule 23(b)(3) in the August 31, 2006 Order Granting Plaintiff's Motion for Class Certification.

2.     <u>Description of Class</u>:  The Court defined the Class herein as "all persons employed as Store Managers in any of Rite Aid Corporation's California retail drugstores at any time between May 9, 2001 and the present."

3.     <u>Statement of Facts Supporting Maintenance of Class Action</u>:  As stated in the Court's August 31, 2006 Class Certification Order, the Court found sufficient facts to maintain this litigation as a class action.

4.     <u>Class Certification</u>:  The Court certified this litigation as a class action on August 31, 2006.

Dated:  June 26, 2007.          SCOTT EDWARD COLE
                                CLYDE H. CHARLTON
                                MATTHEW R. BAINER
                                SCOTT COLE & ASSOCIATES, APC


                        By:   /s/ Scott Edward Cole, Esq.
                                Scott Edward Cole, Esq.
                            Attorneys for Representative Plaintiff Prag Tierno
                                and the plaintiff class

1

**[PROPOSED] ORDER**

2      This Case Management Statement is hereby adopted by the Court as the Case Management

3 Order for the case. The parties must comply with this Order. A further Case Management Conference

4 is scheduled for March __, 2008 at ___:00 a.m./p.m. in Department 12 of this Court.

5      Dated: July __, 2007.

6                                                      _____
                                                         Thelton E. Henderson
                                                         United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28