JEFFREY D. WOHL (Cal. State Bar No. 96838)
SARAH A. JAIN (Cal. State Bar No. 215147)
RISHI N. SHARMA (Cal. State Bar No. 239034)
ANDREA M. LINDEMANN (Cal. State Bar No. 244937)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street, 24th Floor
San Francisco, California  94105-3441
Telephone: (415) 856-7000
Facsimile: (415) 856-7100
jeffwohl@paulhastings.com
sarahjain@paulhastings.com
rishisharma@paulhastings.com
andrealindemann@paulhastings.com

Attorneys for Defendant
Rite Aid Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PRAG TIERNO, individually and on behalf of all others similarly-situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RITE AID CORPORATION, and DOES 1 through 25, inclusive,<br><br>Defendants. | No. C-05-02520-TEH<br><br>**DEFENDANT RITE AID CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO ADOPT PLAINTIFF'S PROPOSED CLASS NOTICE**<br><br>Date:         September 24, 2007<br>Time:        10:00 a.m.<br>Courtroom: 12, 19th Floor<br>Judge:       Hon. Thelton E. Henderson |

## I. INTRODUCTION/SUMMARY OF ARGUMENT

The primary point of disagreement between the parties about the form of notice to be sent to class members of certification of the class and of the class members' right to opt out of the action is the means by which an opt-out may be effected. Defendant Rite Aid Corporation ("Rite Aid") proposes that class members be given three alternatives—mailing a pre-printed, postage pre-paid form; calling a secure toll-free telephone number; or logging onto a secure website—to exercise their right to opt out. These alternatives reflect how today people communicate and conduct business, and the website option is consistent with the Court's own electronic systems for filings and other important business. It even matches what plaintiff Prag Tierno's own counsel use on their website to solicit clients.

However, for no apparent reason other than his desire to limit the number of opt-outs, plaintiff wants to provide for opt-outs only through a mailing. But because class members have a due-process right not to be bound by a class adjudication to which they do not want to be party, and the Court should facilitate their ability to opt out of the case if that is their desire, the Court should adopt Rite Aid's proposed class notice rather than plaintiff's and give class members these reasonable alternatives for exercising their right to opt out.

## II. CLASS MEMBERS HAVE A DUE-PROCESS RIGHT TO OPT OUT OF A CLASS ACTION, AND A CLASS NOTICE SHOULD FACILITATE THEIR ABILITY TO DO SO

When a court certifies a class under Rule 23(b)(3), Federal Rules of Civil Procedure, as the Court has done here, each class member has a due-process right to opt out of the class if he or she does not wish to be part of the case. Fed. R. Civ. Proc. 23(c). In order to facilitate the exercise of this due-process right to opt out, the notice to the class must contain language that "the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded." Fed. R. Civ. Proc. 23(c)(2)(B).

Mindful of the due-process implications of holding an absent class member bound by a class adjudication, the courts have adopted a flexible approach when it comes to the opt-out process. *See, e.g., McCubbrey v. Boise Cascade Home & Land Corp.*, 71 F.R.D. 62, 70 (N.D. Cal. 1976) ("The serious due-process implications of holding an absent member bound by a class adjudication demand that we look beyond formalistic procedures to evaluate whether a class member has reasonably

1  expressed a desire to be excluded from a class suit."); *Council on Social Work Education, Inc. v. Texas Instruments, Inc.*, 105 F.R.D. 68, 71 (D. Tex. 1985) ("'considerable flexibility' should be used in determining what constitutes an effective request for exclusion."); *Plummer v. Chemical Bank*, 668 F.2d 654, 657 (2d Cir. 1982) ("Any reasonable indication of a desire to opt out should suffice.").

**III.   RITE AID'S PROPOSED NOTICE COMPORTS WITH HOW TODAY PEOPLE, THE COURT, AND EVEN PLAINTIFF'S OWN COUNSEL COMMUNICATE AND CONDUCT BUSINESS, AND WOULD FACILITATE THE OPT-OUT PROCESS; PLAINTIFF'S PROPOSED NOTICE WOULD NOT**

In their meet-and-confer efforts prior to plaintiff's bringing of his motion to adopt his form of class notice, the parties agreed on most aspects of the class notice with one significant exception: the means by which a class member may opt out of the case.[1] Rite Aid believes that the opt-out process should be a modern one, reflecting the popular modes of communication used by people today and not imposing unnecessary burdens on the class members' exercise of their due-process right to be excluded from the case. Accordingly, Rite Aid proposed that in addition to mailing back to the class-notice administrator an opt-out form or other writing indicating their decision to opt out of the case, class members be allowed to opt out by calling a secure toll-free telephone number or logging onto a secure website.

No one can seriously dispute that with the proliferation of cell phones, cell phones with Internet capabilities, desktop and laptop computers, personal digital assistants, and other electronic communication devices, more and more business is conducted outside of the postal system. Moreover, official court business also is now regularly conducted online. Indeed, this Court encourages a paperless courtroom through its website where attorneys may electronically file case documents, jurors may access reporting information, and employment applicants may submit applications. Local rules, forms, opinions and other court information also are posted online. Even plaintiff's counsel uses an electronic

---

[1]   The parties also disagree over some wording in the notice. A redline comparing the parties' proposed notices (*see* Declaration of Jeffrey D. Wohl in Opposition to Plaintiff's Motion to Adopt Class Notice ["Wohl Decl."], ¶ 5, Exh. B), shows those differences. Rite Aid believes that its wording is superior to plaintiff's version because it makes clearer the consequences for a class member to remain in or leave the case.

"claim form" on their website to solicit and communicate with prospective clients. *See* Wohl Decl., ¶ 7, Exh. D.

There is no good reason why a class action opt-out procedure should not reflect today's communication and business realities and permit class members to use the communication systems they prefer to opt out of a case. Other courts have recognized and allowed use of the Internet for class communications. *See, e.g., In re Lupron® Mktg. & Sales Practices Litig.*, 228 F.R.D. 75, 82 (D. Mass. 2005) (interactive website was established from which notice materials could be accessed and downloaded by prospective class members); *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224 (2001) (class notice sent by e-mail). Moreover, with the use of a unique class member identifier that would be included in each class member's notice (the last four digits of the individual's Social Security number or other unique number), both a toll-free telephone number and a website can be administered securely.

For no articulated reason (but for the self-evident reason that he wants to limit the number of opt-outs), plaintiff wants to force class members to opt out by one means and one means only: mailing an opt-out notice to the class-notice administrator.[2] Plaintiff has adhered to this position even though Rite Aid offered to pay any additional expense associated with the alternative modern methods it proposes.

The Court should not go along with plaintiff's transparent effort to impede the number of opt-outs. Instead, the Court should adopt Rite Aid's proposed class notice (*see* Wohl Decl., Exh. A), which provides for opting out by mailing a pre-printed, postage pre-paid form; dialing a secure toll-free telephone number; and accessing a secure website.

Rite Aid's proposed order on this motion also sets forth reasonable time frames for (i) Rite Aid to provide the class-notice administrator[3] with class member names, last-known addresses, and Social

---

[2] In their meet-and-confer exchanges, plaintiff objected to the inclusion of a pre-printed, postage-prepaid form with the class notice for opt-outs, but plaintiff appears to have dropped his objection: The class notice proposed by plaintiff attaches an opt-out form. *See* Cole Decl., Exh. B. at 4. While Rite Aid believes that it is appropriate to include with the class notice an opt-out form so that the class member is not left guessing how to go about drafting one, Rite Aid agrees that the class-notice administrator should be able to accept any written notice from the class member expressing his or her desire to be excluded from the case. Rite Aid's proposed notice (*see* Wohl Decl., Exh. A) so provides.

[3] Plaintiff unilaterally proposes that Rosenthal & Co. serve as the class-notice administrator, but

Security numbers; (ii) the class-notice administrator to mail the class notices to the class members; (iii) the class-notice administrator to seek current or corrected addresses for class members whose notices are returned as non-deliverable; (iv) class members to submit their opt-outs; and (v) the class-notice administrator to report back to the Court and the parties on which class members have opted out.

## IV.   CONCLUSION

The Court should reject plaintiff's proposed class notice, which would limit the ways by which a class member could exercise his or her due-process right to opt out of this action and is inconsistent with modern communication and business modalities, the Court's processes, and even the client-solicitation practices of plaintiff's own counsel.  Instead, the Court should adopt Rite Aid's proposed notice, which reflects the ways that people today communicate and conduct business by providing three secure means—postal, telephonic, and web-based—for class members to opt out.

Dated:  August 31, 2007.       JEFFREY D. WOHL
                               SARAH A. JAIN
                               RISHI N. SHARMA
                               ANDREA M. LINDEMAN
                               PAUL, HASTINGS, JANOFSKY & WALKER LLP


                               By: /s/ Jeffrey D. Wohl
                                       Jeffrey D. Wohl
                                   Attorneys for Defendant
                                    Rite Aid Corporation

---

Rosenthal & Co. did not submit a formal proposal to handle opt-outs with a toll-free telephone number or a website, and it is the most expensive class administrator from whom we received bids.  By contrast, all three class-notice administrators who submitted bids to Rite Aid (Rust Consulting, Inc., CPT Group, Inc., and Simpluris, Inc.) will handle opt-outs with such systems.  *See* Wohl Decl., ¶ 6, Exh. C.  Rite Aid asks that the Court order the parties to meet and confer further about the class-notice administrator and, if they cannot come to agreement, to leave the selection up to the Court.