United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PRAG TIERNO,

                Plaintiff,

v.

RITE AID CORPORATION,

                Defendant.

NO. C05-02520 TEH

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S PROPOSED CLASS NOTICE

This matter came before the Court on Monday September 24, 2007, on a motion for the Court to adopt Plaintiff's proposed class notice under Federal Rule of Civil Procedure 23. Having carefully reviewed the parties' papers, the arguments of counsel, and the record herein, the Court GRANTS Plaintiff's motion in part and DENIES Plaintiff's motion in part.

**BACKGROUND**

Plaintiff Prag Tierno is a former Store Manager for Rite Aid, a national drug store chain that operates about 590 stores in California. Mr. Tierno contends that Rite Aid's treatment of California Store Managers violates the state's labor laws. Plaintiff alleges that, despite their job title, Rite Aid Store Managers do not in fact spend more than 50 percent of their time on discretionary managerial functions, and thus do not meet the criteria for being classified as "exempt" management employees under California law. According to Plaintiff, Rite Aid nonetheless knowingly misclassifies all of its California Store Managers as "exempt" management employees. Rite Aid, therefore, obtains an unfair competitive advantage and improperly denies its Store Managers overtime pay and other benefits, such as meal and rest periods, to which they are entitled under the California Labor Code.

On August 31, 2006, the Court certified a class under Federal Rule of Civil Procedure 23(b)(3) that includes all managers employed from May 9, 2001 to the present. The parties

met and conferred to compose a class notice and have not been able to agree on the terms. The main dispute between the parties is disagreement over whether the class notice should contain one method for potential class members to opt-out or three options for exclusion. Plaintiff wants the Court to allow only written opt-outs, whereas Defendant wants the Court to allow opt-outs in writing and via telephone and internet. As a result of this and other disagreements, Plaintiff moves for the Court adopt his notice, and Defendant opposes the motion and requests that the Court adopt its notice in the alternative.

**LEGAL STANDARD**

After the court certifies a class under Federal Rule of Civil Procedure 23(b)(3), the court must direct to class members the best notice practicable under the circumstances. Fed. R. Civ. P. 23(c)(2)(B). The notice must concisely state in plain, easy to understand language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through counsel if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members under Federal Rule of Civil Procedure 23(c)(3). *Id.* A class notice must only have "information that a reasonable person would consider to be material in making an informed, intelligent decision of whether to opt-out or remain a member of the class." *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1105 (5th Cir. 1977).

Typically, the plaintiff prepares the notice for the court's review and approval, giving the defendant the opportunity to object or suggest changes. *See Harris v. Pan Am. World Airways Inc.*, 74 F.R.D. 24, 52 (N.D. Cal. 1977). However, the court is ultimately responsible for directing notice to the class members and protecting their due process rights to remain in the class or be excluded. Fed. R. Civ. P. 23(c).

**DISCUSSION**

**1. Section III of the Class Notice: Procedures for Opting Out of the Class**

The Court grants Plaintiff's request to provide potential class members only one method for opting out of the class because that method meets the requirements of Federal Rule of Civil Procedure 23(c). Rule 23 requires that "the court will exclude from the class any member who requests exclusion," and the notice will describe the "time and manner" by which class members can request exclusion. Fed. R. Civ. P. 23(c)(2)(B)(v)-(vi). Part III of Plaintiff's proposed class notice informs the recipients that they can exclude themselves and provides that they can make this request to the claims administrator in writing. The last page of Plaintiff's proposed class notice is a form that a class member can fill out to request opt-out. Mailing a written form to a class administrator is a common method for opting out of a class action and meets the spirit and the letter of FRCP 23(c)'s requirements. The Court will require that the Notice include this form and a prepaid, addressed envelope so that potential class members can easily return the form requesting exclusion.

Defendant cites no authority that approves of using the internet to have class members opt-out, nor could the Court find any case indicating that mailing in a request to opt-out is alone insufficient to ensure class members are guaranteed their due process right to be excluded from the class. Defendant cites to two cases, *In re Lupon Mktg. & Sales Practices Litig.*, 228 F.R.D. 75, 82 (D. Mass. 2005) and *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224 (2001), arguing that they have "recognized and allowed the use of Internet for class communications." However, the factual circumstances of these cases are substantially different from those here and do not persuade the Court that requiring multiple methods of opt-out are necessary to satisfy Rule 23(c). In both *In re Lupron* and *Wershba*, the potential classes numbered in the millions, and the members were not readily ascertainable. The courts found this fact justified using the internet, a more widespread communication method, to *notify* class members of the suit's existence. *In re Lupon*, 228 F.R.D. at 82 (class was an unknown number of nationwide consumers in multi-district litigation); *Wershba*, 91 Cal. App. 4th at 224 (class was millions of consumers who had purchased Apple Technical

3

1  Support). This class is small by comparison. It comprises Store Managers that oversee the
2  roughly 590 Rite Aid stores in California employed since May 2001; Rite Aid estimates that
3  the class is approximately 1,100 people, and it knows how to contact class members.
4  Defendant has not given the Court any reason to believe that a simple mailing will be
5  inadequate to notify the 1,100 or so class members of the suit's existence.
6  　　　Defendant cited no case authority to suggest that providing potential class members
7  with only one way to opt out is insufficient to adequately protect their due process rights, or
8  otherwise fails to meet the requirements of Rule 23. Defendant concedes that mailing a
9  notice directly to the potential class members is adequate to provide notice. Nor has
10 Defendant proffered any reason that two additional methods should be provided to the class
11 members. Because Plaintiff's notice meets the requirements set forth in Federal Rule of
12 Civil Procedure 23(c), the Court sees no affirmative legal reason to complicate the process
13 unnecessarily. The Court grants Plaintiff's request to use only one means for opting out.
14 　　　The Court accepts Section III entitled "Procedures for Opting Out of the Class" of
15 Plaintiff's proposed class notice, in its entirety, with the following exceptions. The Court
16 grants Defendant's request to include the qualifier "on or" before the phrase "after May 9,
17 2001" to clarify when Rite Aid Managers needed to have been employed to be considered
18 class members. The Court also grants Defendant's request to include the sentence "You have
19 the right to remain in the class or opt out of the class." This sentence will appear just before
20 the last sentence of paragraph one in Section III. The only other part of this Section that is
21 subject to change is the name and address of the Claims Administrator. The current version
22 of Plaintiff's notice lists Rosenthal & Company as the Administrator, but the Court will leave
23 it to the parties to decide if this Claims Administrator is acceptable.
24
25 　　　**2. Other Sections of the Notice**
26 　　　The Court resolves the remaining disputes as follows. In the notice, the words
27 "Court," "Notice," and "Class" will be capitalized as they refer to the specific nouns used in
28 this case. Additionally, the Court will use Defendant's version of Section I, which includes

4

two modifications from Plaintiff's notice. It replaces the word "these" with the word "the" in the third sentence of the first pargraph. It also adds the sentences: "The Court has not decided whether plaintiff or Rite Aid is correct. That is not the subject of this notice." The Court also grants Defendant's request to change Plaintiff's version of Section II, which adds the phrase "and may not file his or her own lawsuit over the same claims that were decided in the class action" to the last sentence in the first paragraph in the section. Finally, the Court adopts Plaintiff's version of Section IV of the notice.

**CONCLUSION**

The Court directs the parties to use class notice attached to this order that is described above. Accordingly, with good cause appearing, IT IS HEREBY ORDERED that Plaintiff's Motion is GRANTED IN PART and DENIED IN PART.

**IT IS SO ORDERED.**

Dated: 11/16/07

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

5