1  Scott Edward Cole, Esq. (S.B. # 160744)
   Matthew R. Bainer, Esq. (S.B. # 220972)
2  Carrie S. Lin, Esq. (S.B. #241849)
   **SCOTT COLE & ASSOCIATES, APC**
3  1970 Broadway, Ninth Floor
   Oakland, California 94612
4  Telephone: (510) 891-9800
   Facsimile:  (510) 891-7030
5  web:     www.scalaw.com

6  Attorneys for Representative Plaintiff
   and the Plaintiff Class

7

8              **UNITED STATES DISTRICT COURT**

9       **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

10

11 PRAG TIERNO, individually, and on        )   **Case No.:  C 05-02520 TEH/JL**
   behalf of all others similarly situated,  )
12                                            )   **CLASS ACTION**
                      Plaintiffs,             )
13 vs.                                        )   **REPRESENTATIVE PLAINTIFF PRAG**
                                              )   **TIERNO'S MEMORANDUM OF POINTS**
14 RITE AID CORPORATION,                      )   **AND AUTHORITIES IN OPPOSITION TO**
                                              )   **DEFENDANT'S MOTION TO COMPEL**
15                    Defendant.              )   **FURTHER RESPONSES TO**
                                              )   **DEFENDANT'S SECOND REQUEST FOR**
16                                            )   **PRODUCTION OF DOCUMENTS**
                                              )   **(CATEGORIES 1 AND 50-54), AND**
17                                            )   **PRODUCTION OF REQUESTED**
                                              )   **DOCUMENTS**
18                                            )
                                              )   Date:        May 21, 2008
19                                            )   Time:        9:30 a.m.
                                              )   Courtroom:   F, 15th Floor
20 _____   )   Judge:       Hon. James Larson

21

22

23

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**I.     INTRODUCTION**

In this certified wage and hour class action, Rite Aid seeks to discover documents that are protected from disclosure by various legal privileges: the attorney work product doctrine, the attorney-client privilege, and an individual litigant's right to privacy in his personal affairs. Because Rite Aid cannot make the requisite showing of need for any of the documents it seeks, its Motion must be denied in its entirety.

**II.    STATEMENT OF FACTS**

**A.     Procedural History Of Case And Status of Discovery Plan**

Representative Plaintiff Prag Tierno filed this lawsuit on behalf of Rite Aid's California Store Managers on May 9, 2005. The lawsuit alleges, *inter alia*, that Rite Aid mis-classifies its Store Managers as overtime exempt employees, thereby depriving them of overtime wages, meal and rest periods, and related penalties.

The Presiding Judge, Hon. Thelton E. Henderson, certified this lawsuit as a class action on August 21, 2006.

The parties are now in the preliminary stages of merits-related discovery in preparation for trial on a class-wide basis. No trial plan has been set by the Court.

**B.     Procedural History of Defendant's Attempts to Obtain Class Member Declarations In Class Counsel's Possession**

From the time this action was filed, and until the action was certified, defendant Rite Aid had exclusive access to the identities and contact information of all class members.[1] *See, Declaration of Carrie S. Lin* ("*Lin Decl.*") ¶ 3, Exhibit A. During this time period, Rite Aid, along with its counsel, repeatedly and systematically conducted interviews of class members then employed by

---

[1]     For over two years, Rite Aid withheld the names and contact information of its current and former Store Managers, despite Plaintiff's repeated attempts to obtain such information through the formal discovery process.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   Rite Aid regarding the underlying claims in this case.[2] Because Defendant refused to provide the

2   contact information for any class members during this time, class counsel was only able to

3   communicate with and interview class members who, having received word of the pending class

4   action, *voluntarily and of their own initiative* contacted class counsel. *Lin Decl.* ¶ 5.

5          On August 9, 2007, Defendant propounded merits-related discovery on Plaintiff, demanding,

6   *inter alia*, all signed class member declarations obtained by class counsel to date. *Lin Decl.* ¶ 6, Ex.

7   C. Class counsel objected, citing the attorney work product doctrine and the attorney-client

8   privilege, providing a privilege log with respect thereto. *Lin Decl.* ¶¶ 7-8, Exs. D-E.

9          On February 15, 2008, *two and a half years* after this action was filed, *and one and a half*

10  *years* after the Court certified this case, Defendant finally provided class counsel with the names and

11  contact information of class members. *Lin Decl.* ¶ 9, Ex. F. Shortly thereafter, Rite Aid moved to

12  compel all class member declarations in class counsel's possession.

13

14         **C.      Procedural History of Defendant's Attempts to Obtain Documents Relating to
                     Class Representative's Employment History**

15

16         In his Order granting certification, Judge Henderson specifically rejected defendant Rite

17  Aid's contention that plaintiff Prag Tierno was an unfit class representative based on his

18  employment history with Rite Aid, and the circumstances of his termination from same.[3]

19

---

20  [2]       For obvious reasons, Plaintiff does not have documentation of every interview Rite Aid
21  conducted with class members during this period of time. However, Plaintiff's counsel knows of
    at least one incident in which various class members were lectured and then interviewed *en*
22  *masse* by Rite Aid's Managing Agents, in the presence of Rite Aid's counsel, as to the nature of
    their duties as Store Managers. The "Self-Audits" generated by Rite Aid after this *en masse*
23  interview were presented to the Court along with Defendant's Opposition to Plaintiff's Motion
24  for Class Certification. Class counsel was not given access to the class members when this
    interview and audit occurred. *Lin Decl.* ¶ 4, Ex. B.
25
26  [3]       "None of the points [raised by Defendant] is sufficient to cause the Court to conclude that
    Plaintiff's credibility as to render him an unsuitable class representative." Order, pp. 6:17-19.
27  "For an assault on the class representative's credibility to succeed, the defendant must
    demonstrate that there exists admissible evidence so severely undermining plaintiff's credibility
28  that a fact finder might reasonably focus on plaintiff's credibility to the detriment of absent class
    members' claims." Order, pp. 6: 19-23.

1   Shortly thereafter, Defendant propounded its second set of Document Requests. *Lin Decl.*
2   ¶ 6, Ex. C. Document Requests 50-54 demanded Prag Tierno identify and produce all documents
3   reflecting his employment history prior to, during, and after his tenure as a Store Manager with Rite
4   Aid, including, but not limited to, any and all disciplinary action taken against him by any employer
5   at any time, all employers to whom he submitted a resume for employment at any time, and his
6   salary and bonus history with every other employer for whom he has ever worked. Mr. Tierno
7   objected to production of these documents on various grounds, including privacy, overbreadth, and
8   undue burden.

9   After various meet and confer efforts failed, Defendant filed the instant motion to compel
10  production of these documents.

11

12  **III.    LEGAL ARGUMENT**

13        **A.    The Declarations Obtained by Class Counsel Are Protected from Disclosure by**
            **the Attorney Work Product Doctrine and Attorney-Client Privilege**
14

15        Defendant seeks disclosure of all class member declarations in class counsel's possession.
16  As set forth more fully below, these declarations are protected from disclosure under the attorney
17  work product doctrine, in addition to the attorney-client privilege.
18

19

20              **1.    Until Such Time as a Trial Plan Is Set, or until Such Time as Class**
                    **Counsel Chooses to Introduce Them, the Disputed Class Member**
                    **Declarations Are Protected from Disclosure as Work Product.**
21
22        The work product doctrine protects trial preparation materials that reveal an attorney's
23  strategy, intended lines of proof, evaluation of strengths and weaknesses of his case, and inferences
24  drawn from interviews. *FRCP* 26(b)(3); *Hickman v. Taylor*, 329 U.S. 495, 511 (1947). Ordinary
25  work product, which includes only raw factual information, is not discoverable absent a showing
26  that the party seeking discovery has "substantial need for the materials," and cannot obtain the
27  "substantial equivalent" of the discovery sought through other means. *Gundacker v. Unisys Corp.*,
28  151 F.3d 842, 848 n. 4 (8th Cir. 1998). Opinion work product - such as an attorney's interview notes
    or legal research - contains counsel's mental impressions, conclusions, opinions or legal theories,

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  and enjoys almost absolute immunity. *In Re Murphy*, 560 F.2d 326, 336 (8th Cir. 1977).[4]

2      Disclosure of witness statements obtained through informal interviews are generally non-

3  discoverable as ordinary work product, where the witness is available to both parties in litigation

4  for questioning through the informal or formal discovery process. *In Re Grand Jury Proceedings*,

5  473 F.2d 840, 849 (8th Cir. 1973); *Baker v. General Motors Corporation*, 209 F.3d 1051, 1054 (Mo.

6  2000). Further, the *identities* of class members whom class counsel has interviewed for the purpose

7  of obtaining written statements may be protected from disclosure by the work product doctrine,

8  especially where the party seeking disclosure of the information is a defendant-employer seeking

9  to know which of its previously identified current or former employees have spoken with, or

10  provided support to plaintiff's counsel in a class action against it. *In Re Ashworth, Inc. Secur. Litig.*,

11  213 F.R.D. 385, 389 (S.D. Cal. 2002); *MTI Technology Corp. Securities Litigation II*, Not Reported

12  in F.Supp.2d, 2002 WL 32344347 (C.D. Cal. 2002). In such a case, forced disclosure of class

13  members' identities would "necessarily reveal counsel's opinions regarding the relative importance

14  of these witnesses," and would "link any future factual statements by the witnesses with [p]laintiff's

15  counsel's legal theories and conclusions." *In Re Ashworth, Inc. Secur. Litig.* 213 F.R.D. 385, 389

16  (S.D. Cal. 2002); *MTI Technology Corp. Securities Litigation II*, Not Reported in F.Supp.2d, 2002

17  WL 32344347 (C.D. Cal. 2002); *O'Connor v. Boeing North America, Inc.*, 216 F.R.D. 640, 643

18  (2003).[5]

19  _____

20      [4]    Class counsel notes that certain documents may present a hybrid of ordinary and opinion work product. *See, generally*, *Upjohn Co. v. United States*, 449 U.S. 383, 399-400 (1981); *Baker v. General Motors*, 209 F.3d 1051, 1054 (Mo. 2000); *Peterson v. Douglas County Bank & Trust Co.*, 967 F.2d 1186, 1189 (8th Cir. 1992). Where a witness statement obtained by an attorney would necessarily "focus in on the facts [known to that witness] that [the attorney] deems legally significant...akin to an attorney's determination as to which documents are important to a case," then the information may enjoy complete protection from disclosure as opinion work product. *Baker*, 209 F.3d at 1054. To the extent that class members' declarations may tend to reveal the kinds of questions class counsel posed during their interviews of class members, and, accordingly, the type of information class counsel deems most relevant to its prosecution of this action, then the declarations may be protected as opinion work product.

27      [5]    Defendant relies on *Morisky v. Pub. Serv. Elec. & Gas Co.*, 191 F.R.D. 419, 425 (D.N.J. 2000) to support its contention that the class member declarations are discoverable. This case is easily distinguished. In *Morisky*, the documents at issue were questionnaires filled out by class members "before any attorney ever communicated with them." *Id.* This fact largely determined

1    In this instance, Defendant cannot show either a substantial need for class member

2    declarations, nor can it show that it cannot, or has not already, obtained the "substantial equivalent"

3    of the testimony at this point in time.[6] Defendant has had nearly *one and a half years of exclusive*

4    *access to the class*, during which it conducted its own interviews of the class members and obtained

5    its own statements from them. Class counsel, by contrast, did not have the opportunity to

6    communicate with, or conduct interviews of, the class members until three months ago (when

7    Defendant finally disclosed their names and addresses). Defendant's contention that it has no idea

8    what information the declarations may contain, and has no way of obtaining the information, is

9    disingenuous - Defendant knows just as well as class counsel what information the declarations

10   contain; they contain statements either contradicting or corroborating the results of Defendant's own

11   interviews.[7]

12   Until such time as the Court approves a trial plan in this action, Defendant's Motion is

13   unwarranted and premature.

14

15

16   **2.     Class Member Declarations Obtained Prior to and after Class**

17   _____

18   the court's decision that the questionnaires fell outside the scope of the attorney work product
     doctrine. *Id.*

19   [6]    Not only has Defendant also filed a motion to depose 100 class members, but forced

20   many of the class members in this action to fill out "Self-Audit" forms as a term and condition of
     their employment with Rite Aid. This "Self-Audit" purported to list the percentage of time each

21   class member spent in "managerial" v. "non-managerial" duties. Defendant's discovery request

22   seeks from class counsel all class member declarations that pertain to the exact same
     information, i.e., "all declarations...reflecting the statements of the CLASS pertaining to any

23   issue relevant to PLAINTIFF'S claims and/or RITE AID's defenses...including...the exempt or
     non-exempt status of the CLASS MEMBER...and the duties performed by the CLASS

24   MEMBER." Thus, Rite Aid cannot argue that they did not have the opportunity to obtain the
     same material, nor can it show a "substantial need" for same.

25

26   [7]    Defendant's *real* interest in obtaining class members' declarations at this point in time is
     to discover which, among the class members, have testimony that class counsel believes to be

27   particularly favorable, which class members class counsel plans to proffer for trial, and which of
     the class members have cooperated with and contacted class counsel at an early stage in

28   litigation - all before the parties have fully embarked upon merits based discovery, and before
     the parties have agreed upon a trial plan.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Memorandum of Points and Authorities in Opposition to Defendant's Motion to Compel

**Certification Are Protected from Disclosure as Attorney-client Privileged Communications.**

The attorney-client privilege protects from disclosure any communications between counsel and an individual where the latter "'directly...consults a lawyer for the purpose...of securing legal advice or advice from him in his professional capacity." *Cal. Evid. Code* § 951. The attorney-client privilege protects communications made under these circumstances even where no official attorney-client agreement was in place at the time of the communication.

Class members who contacted class counsel prior to certification to learn about the status of the class action and the role they could play in it are "securing legal advice" for the purposes of the attorney-client privilege and, therefore, declarations provided in furtherance of this initial communication may arguably be attorney-client privileged communications. Thus, the Court must reject Defendant's contention that declarations provided by class members prior to certification cannot be protected under the attorney-client privilege. Declarations obtained after the class was certified clearly fall within the scope of the attorney-client privilege, as Defendant seems to concede in its Motion.

**3.  Plaintiff's Counsel Provided a Privilege Log That Met the Requirements of FRCP 26, and Thus No Waiver Has Occurred.**

Federal Rule of Procedure 26(b)(5) requires a party objecting to a discovery request on the grounds of attorney-client privilege or work product to "expressly make the claim (of privilege)" and "describe the nature of the documents...in a manner that, *without revealing information itself privileged or protected*, will enable other parties to assess the claim."

Class counsel provided Defendant with a privilege log expressly stating that it was withholding the declarations based on the attorney work product doctrine and the attorney-client privilege. Defendant objects to Plaintiff's privilege log as "inadequate," and on that basis claims that class counsel has "waived" any privilege thereto. Specifically, Defendant claims that any privilege log that does not identify, with respect to each document withheld: "the author, the recipients, the date of creation, and the general subject matter" constitutes a waiver of either the attorney client privilege or work product doctrine. *See*, Defendant's Motion, p. 10:6-8.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

1    Because Rite Aid's discovery request, by its plain terms, demanded work-product and

2    attorney-client protected communications, Defendant was and is in a fair position to assess the

3    applicability of Plaintiff's express claim of privilege. Were class counsel to have provided all the

4    information Defendant demands, it would be revealing information that *is itself protected by the*

5    *work product doctrine* - i.e., the identities of class members whom class counsel has interviewed,

6    the number of class members whom class counsel has interviewed, the stage of litigation at which

7    class members contacted class counsel, and the contents of the declarations themselves. Thus, the

8    privilege log supplied by class counsel - in response to Defendant's explicit demand for *class*

9    *member declarations* - fully complied with the requirements of FRCP 26(b)(5). Class counsel has

10   not waived any privilege with respect to the discoverability thereof.[8]

11

12   **B.    Plaintiff's Work History Is Not Discoverable**

13   Both California and federal courts employ a balancing test to evaluate objections as to

14   privacy. *Salazar v. Avis Budget Group*, 2007 WL 2990281 at * 2 (S.D. Cal., 2007);[9] *Hill v. National*

15   *Collegiate Athletic Assn*, 7 Cal.4th 1, 55 at n. 20 (1994); *Pioneer Electronics (USA), Inc. v. Superior*

16   *Court*, 40 Cal.4th 360, 371 (2007).

17   Under this test, the court may analyze the following elements: (1) whether there is a "legally

18   protected privacy interest" and corresponding "reasonable expectation of privacy" in the information

19   sought; (2) whether disclosure would result in a "serious invasion of privacy;" and (3) whether the

20   "privacy interest outweighs competing or countervailing interests." *Pioneer Electronics*, 40 Cal.4th

21   _____

22   [8]    Given the strong legal presumption surrounding preservation of the attorney-client
       privilege and attorney work product doctrine, the Court should not entertain Defendant's attempt

23   to obtain these documents on the grounds of waiver. *See*, *generally*, *Taylor v. Hickman*, WL
       4302974 at 18 (E.D.Cal 2007) [Even where a privilege log is found to be inadequate, a finding of

24   waiver is inappropriate given the "importance of the privileges in question."].

25   [9]    Defendant tries to argue that federal law is drastically different from California law on

26   the subject of individual privacy rights. However, Defendant's own cited case law does not bear
       this out: "federal courts ordinarily recognize a constitutionally-based right of privacy that can be

27   raised in response to discovery requests...federal courts should give some weight to privacy
       rights that are protected by state constitutions or statutes." *Soto v. City of Concord*, 162 F.R.D.

28   603, 616 (N.D. Cal. 1995); *see*, *also*, *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 604
       (C.D. 1995).

1    at 373.

2

3         **1.    Because Prag Tierno Has a Reasonable Expectation of Privacy in His**
          **Employment History, Forced Disclosure of this Information Would**
4         **Result in a Serious Invasion of Privacy.**

5         An individual has a legitimate expectation of privacy in his employment records. *See*,

6    *generally*, *Board of Trustees of Leland Stanford Junior v. Superior Court of Santa Clara County,*

7    119 Cal.App.3d 516 (1981). A plaintiff does not forfeit or waive his rights to private materials

8    merely by bringing a lawsuit, as the "initiation of a lawsuit, does not, by itself, grant [a party] the

9    right to rummage through unnecessarily and unchecked through the private affairs [of another]."

10   *Ragge*, 165 FRD at 605.

11        Defendant seeks documents "evidencing, relating, or otherwise pertaining" to plaintiff Prag

12   Tierno's employment history *prior to*, during, and *after his* tenure as a Store Manager at Rite Aid,

13   including, but not limited to, job performance evaluations, disciplinary actions, *salary information*,[10]

14   requests for promotion, bonuses, and demotions. To the extent that Defendant demands production

15   of these documents with respect to any employer other than Rite Aid, Plaintiff has a reasonable

16   expectation of privacy in the information contained in these documents. Mr. Tierno could not have

17   reasonably expected his entire employment history (including his past earnings, and any past

18   disciplinary action taken against him for any reason) to be the subject of court-sanctioned inquiry

19   due to the fact that he filed a wage and hour claim against his former employer.

20

21        **2.    Defendant Can Show No Compelling Need for the Information That**
          **Would, on Balance, Outweigh Mr. Tierno's Right to Privacy.**
22

23        Courts should not order disclosure of otherwise private information unless the party seeking

24   discovery can show a sufficient need for the information. *Pioneer Electronics*, 40 Cal.4th at 373. In

25   general, only information that is directly relevant to a party's claim or defense, that cannot be

26   _____

27   [10]    Defendant concedes that information concerning an individual's financial status is
     inherently private, yet glosses over the fact that its discovery requests demand just such private
28   financial information, i.e., Prag Tierno's past earnings and bonuses. *See*, Defendant's Motion, p.
     11:8-11; *Ragge*, 165 F.R.D. at 604.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    obtained through other means, may justify disclosure of otherwise private information. *Leland*, 119

2    Cal.App.3d at 527. Information that is only relevant to witness credibility does not justify a fishing

3    expedition into otherwise private materials. *Susan S. v. Israels*, 55 Cal.App.4th 1290, 1297 (1997).

4            In this instance, Defendant's proffer of relevance and stated need for every document relating

5    to Mr. Tierno's entire employment history (including salary information, demotions, and

6    disciplinary records) is as follows: the documents *might* show (1) whether Mr. Tierno's past

7    employment history provided him with the "ability and experience" to perform the job duties of a

8    Store Manager at Rite Aid; (2) whether Mr. Tierno ever admitted to new employers that he

9    performed exempt work as Rite Aid Store Manager; (3) whether Mr. Tierno mis-performed his job

10   duties as a Store Manager with Rite Aid; and (4) impeachment evidence as to whether Mr. Tierno

11   committed sales fraud while at Rite Aid.

12           Essentially, Defendant seeks to conduct a fishing expedition for impeachment evidence that

13   would contradict Mr. Tierno's sworn deposition testimony, or would bolster Defendant's (previously

14   rejected) contention that Mr. Tierno is an inadequate class representative. Mr. Tierno has already

15   been deposed on all of the above-subjects, and Defendant has already conducted discovery on these

16   issues which it presented to the Court with its Opposition to Certification. Defendant's unsupported

17   speculation that further discovery into Plaintiff's personal life will reveal information justifying

18   another attempt to disqualify Mr. Tierno as class representative does not warrant wholesale invasion

19   of his privacy rights.

20

21

22

23

24

25

26

27

28   **IV.    CONCLUSION**

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Memorandum of Points and Authorities in Opposition to Defendant's Motion to Compel

1    For the reasons set forth above, Plaintiff respectfully requests this Court deny Defendant's

2  Motion to Compel in its entirety.

3

4  Dated: April 30, 2008

5                                                    **SCOTT COLE & ASSOCIATES, APC**

6                                        By:      /s/Carrie S. Lin
                                                  Carrie S. Lin, Esq.
7                                                 Attorneys for the Representative Plaintiff
                                                  Prag Tierno and the Plaintiff Class
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800