UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PRAG TIERNO,

    Plaintiff,

    v.

RITE AID CORPORATION, ET AL.,

    Defendants.
_____/

No. C 05-2520 TEH (JL)

**ORDER**

    The Court received the parties' letter briefs at Docket Nos. 169, 170, and 171 regarding interpretation of this Court's order issued May 30, 2008. The Court ordered Defendants to provide Supplemental Initial Disclosures and responses to Plaintiffs' Request for Production of Documents set Three. The Court notes that the parties differ as to whether they adequately met and conferred to attempt to resolve this dispute without intervention by the Court. Plaintiffs contend they attempted to confer with Defendants but could not write a joint five-page statement as provided by this Court's Standing Order, so submitted a two-page separate statement, also as provided by the Standing Order. Defendants then submitted an eight-page separate statement detailing their position. This is completely outside the bounds of the Standing Order.  However, in order to prevent further delay in Defendants' compliance with their discovery obligations, the Court will proceed without further briefing or a formal motion.

Defendants interpret the Court's ordering them to provide Supplemental Initial Disclosures as limited to their identifying out-of-state store managers and opt-outs to this action *whom they intend to call as witnesses*. This is an overly restrictive interpretation of FRCP Rule 26(a)(1)(A) and this Court's May 30 Order. The Rule requires disclosure of "the name, and, if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party *may* use to support its claims or defenses, unless the use would be solely for impeachment." (Emphasis added)

The Rule mandates disclosure of not only designated witnesses, but also potential witnesses, anyone "likely to have discoverable information." Defendants shall immediately produce this information to Plaintiffs without limitation.

Defendants also interpret the Order and the applicable law to permit them to shift to Plaintiffs their expenses of responding to Plaintiffs' Request for Production of Documents Set Three, asking for class members' employment records. This too is a misinterpretation of the applicable case law as found in *Oppenheimer Funds, Inc. v. Sanders*, 437 U.S. 340, 358 (1978)(presumption that responding party bears expense of complying with discovery requests) and *Zubulake v. UBS Warburg, LLC*, 217 F.R.D. 309, 322 (S.D.N.Y. 2003) (requiring a court to consider certain factors before shifting the expense of production to the requesting party). This Court considered the seven factors in *Zubulake* and finds they weigh in favor of requiring Defendants to pay their own expenses of responding to Plaintiffs' requests. (1) Plaintiffs' requests are specifically tailored to discover information about class members' employment history with Rite Aid; (2) this information is not available from any other source besides Rite Aid; (3) the cost of production, $100,000, is minimal with respect to the amount in controversy; (4) the total cost of production would be insignificant to Rite Aid, but would be a significant expense to Plaintiffs' counsel, who are litigating on a contingent fee basis; (5) Plaintiffs' counsel is unable to control the cost of production (the cost of copying paper documents), because Rite Aid has chosen to maintain the records in paper format, in its offices throughout the state of California; (6) this lawsuit requests

injunctive relief and overtime pay on behalf of a certified class numbering over 1,246 individuals and presents important issues; and (7) Rite Aid will most likely rely on the documents just as heavily as Plaintiffs, as they will be needed to support its affirmative defenses.

For all the above reasons, this Court reaffirms its May 30 Order and hereby orders Defendants immediately to produce the contact information for all out-of-state store managers and opt-outs from this litigation, without limitation, and to respond immediately to Plaintiffs' Document Request Set Three, at their own expense.

IT IS SO ORDERED.

DATED: July 14, 2008

_____
JAMES LARSON
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\05-2520\Order-169, 170, 171.wpd