United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAG TIERNO, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>RITE AID CORPORATION,<br><br>    Defendant. | No. C 05-02520 TEH<br><br>**ORDER GRANTING OBJECTION TO MAGISTRATE JUDGE LARSON'S JULY 14, 2008 ORDER AND APPOINTING SPECIAL MASTER FOR DISCOVERY** |

    Defendant Rite Aid Corporation objects to Magistrate Judge Larson's July 14, 2008 Order requiring Rite Aid pay for copying certain documents it must produce in discovery. The factual and procedural underpinnings of the Objection are set out in full in this Court's July 31, 2008 Order and will not be repeated here.

    In that Order, the Court found that Magistrate Judge Larson clearly erred by weighing the factors set out in *Zubulake v. UBS Warburg, L.L.C.*, 217 F.R.D. 309, 322 (S.D.N.Y. 2003) to determine whether Rite Aid should pay the expense of producing copies of paper documents in response to Plaintiff's discovery requests because the *Zubulake* test applies only to electronic discovery.

    Rule 34(a) states that "a party may serve on any other party a request ...[¶] (1) to produce and permit the requesting party ... to inspect, copy, test or sample ... [¶] (A) any designated documents ...." "[T]he presumption is that the responding party must bear the expense of complying with discovery requests, but [it] may invoke the district court's discretion under Rule 26(c) to grant orders protecting [it] from 'undue burden or expense' in doing so, including orders conditioning discovery on the requesting party's payment of the costs of discovery." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978).

Plaintiff argues that Rite Aid should have moved for a protective order shifting the copying cost to the Plaintiff, and that it has waived its chance to shift costs by failing to do so. Opp. at 3-4. However, "[a] party producing documents will ordinarily not be put to the expense of making copies for the requesting party." 7 *Moore's Federal Practice* § 34.13 [5] at 34-92 (2008); Schwarzer *et al.*, *Federal Civil Procedure Before Trial* § 11:1932, *citing Continental Ill. National Bank and Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 690 (D. Kan. 1991) and *Bills v. Kennecott Corp.* 108 F.R.D. 459, 462 (D. Utah 1985)("Ordinarily, the producing party bears the costs of reviewing and gathering documents while the requesting party pays for the costs of the copies only"). Even cases cited by Plaintiff make clear that "a party need only make requested documents available for inspection and copying; it need not pay copying costs." *Clever View Investments, Ltd. v. Oshatz,* 233 F.R.D. 393, 394 (S.D.N.Y. 2006) and cases cited therein; *see also Obiajulu v. City of Rochester, Dept. of Law,* 166 F.R.D. 293, 297 (W.D.N.Y. 1996) ("Rule 34 allows the plaintiff 'to inspect and copy' relevant documents and does not require a responding party to pay for copying costs of voluminous materials"). Although Plaintiff cites to one case, *Magnello v. TJX Companies, Inc.,* 2007 WL 4105322, 4 (D.Conn. Nov. 15, 2007), which required the responding party to bear the costs of copying where it did not petition court for a protective order in advance, the Court does not find that case persuasive: a party should not be penalized for failing to ask the Court to relieve it of a burden that ordinarily falls on the other party.[1] If a responding party meets its obligations under Rule 34 by making documents available for inspection and copying, it is not required to file a motion for a protective order as well. *See* Schwarzer et al, *Federal Civil Procedure Before Trial* § 11:522 (parties can enforce limits on burdensome and oppressive discovery by seeking a protective order or objecting and opposing a motion to compel).

---

[1] Nor does the Court find *Clever View*, *supra*, persuasive; it first recites that the responding party is not required to pay copying costs, but then – without explanation for the contradiction – observes that "federal law requir[es] the producing party to bear the costs or make a motion for relief." 233 F.R.D. at 394, 395.

2

1    Plaintiff also argues that Judge Larson's Order was correct because the factors he
2 weighed under *Zubalake* are the same ones this Court should weigh to determine
3 whether there is good cause for a protective order under Rule 26(c). But for this
4 proposition, Plaintiff cites only to a portion of *Obiajulu*, *supra,* weighing whether there
5 is good cause to limit discovery, not to shift the costs, 266 F.R.D. at 296-97, and again,
6 Rite Aid is not required to seek a protective order. No binding authority requires this
7 Court to use a balancing test when Rite Aid has offered to meet its obligations under
8 Rule 34.

9    This Court will, however, exercise its broad discretion to make Rite Aid share
10 some costs of production. In *Compagnie des Bauxites de Guinea v. Insurance Co. of*
11 *North America,* 651 F.2d 877 (3rd Cir. 1981), the Third Circuit found that after the
12 responding party dragged its feet in making properly requested documents available for
13 inspection, 651 F.2d at 884, "it was well within the trial judge's discretion to order that
14 the necessary documents be brought to Pittsburgh for examination by [the requesting
15 party] instead of requiring [the requesting party] to inspect the records at the home office
16 of each of the twenty-one insurance companies." *Id.* at 883. Here, the records are spread
17 all over California. The tone of Judge Larson's orders of both May 30 and July 14, 2008
18 shows his frustration with Rite Aid's failure to produce the documents promptly. Judge
19 Larson also observed that Rite Aid will undoubtedly rely on the documents as well. All
20 these facts weigh in favor of having Rite Aid bear some costs of production.

21    The Court therefore GRANTS the Objection to Magistrate Judge Larson's Order
22 requiring Rite Aid to bear the costs of copying, and ORDERS Rite Aid to produce the
23 documents for inspection and copying in one place convenient to Plaintiff's counsel
24 //
25 //
26 //
27 //
28 //

3

within 21 days of the date of this Order.² The parties are to meet and confer and agree on a place for production.³

In their Case Management Statement, the parties raised even more discovery disputes – or, rather, sub-disputes of disputes already addressed by the Court earlier in the litigation. They disagree about whether Rite Aid is required to disclose communications between Rite Aid counsel and class members. They disagree about what restrictions should be placed on Plaintiff's counsel's communications with store managers outside California. They even disagree about whether they should meet and confer over a discovery plan (even though Magistrate Judge Larson ordered them to do so at a hearing on May 21, 2008).

The Court will not burden Chief Magistrate Judge Larson further with these seemingly endless disputes. As another judge in this district explained long ago:

> The discovery system depends absolutely on good faith and common sense from counsel. The courts, sorely pressed by demands to try cases promptly and to rule thoughtfully on potentially case dispositive motions, simply do not have the resources to police closely the operation of the discovery process. The whole system of Civil adjudication would be ground to a virtual halt if the courts were forced to intervene in even a modest percentage of discovery transactions. That fact should impose on counsel an acute sense of responsibility about how they handle discovery matters. They

---

² Plaintiff also requests that the Court order Rite Aid to organize and label the documents to correspond with the requests. *See, e.g., Board of Educ. of Evanston Tp. High School Dist. No. 202, Cook County, Ill. v. Admiral Heating and Ventilating, Inc.,* 104 F.R.D. 23, 36 (D.C.Ill. 1984)(court allows plaintiff to "request the segregation of documents in accord with" the categories in its request for production). But Plaintiff has made no showing that such an order would be appropriate here, however. There is no reason to think that Plaintiff will be forced to "rummage through potentially massive files" (*see* 7 *Moore's Federal Practice 3d* § 34.14[3] n.53) of irrelevant documents to find documents about class members' dates of employment and wages (RPF 54), personnel files (RFP 56), performance evaluations (RFP 57), disciplinary records (RFP 58), communications between class members and Rite Aid's counsel (RFP 62) and motions studies or audits (RFP 72). Moreover, the documents responsive to each category may overlap significantly, making categorization more burdensome than copying.

³ At the hearing on this matter, counsel for Rite Aid represented that Rite Aid's offer to bear half the costs of copying responsive documents was "still on the table." If *both* parties agree that it is more convenient, less costly, or otherwise more efficient for them to split the copying costs rather than gather and inspect the documents, they are free to do so. If they cannot agree, however, Rite Aid must produce the documents in one location, as set out above.

4

> should strive to be cooperative, practical and sensible, and
> should turn to the courts (or take positions that force others to
> turn to the courts) only in extraordinary situations that
> implicate truly significant interests.

*In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985).  We find that a discovery master is necessary to avoid wasting judicial resources and preventing a timely resolution of this case.

Accordingly, with good cause appearing, IT IS HEREBY ORDERED that:

1.  Edward Swanson, Esq., of Swanson, McNamara, & Haller, LLP, is appointed as Special Master to supervise and preside over all remaining discovery in this case.

    a.  If necessary, the Special Master may attend all or portions of any remaining depositions, rule on all objections made by counsel during the depositions, rule on any instructions by counsel for the deponent not to answer a question, and order the deponent to respond to questions.

    b.  The Special Master shall immediately notify this Court by telephone if, during a deposition in which he is in attendance, any counsel fails to comply or cooperate fully with any of the Special Master's rulings.

2.  The Special Master shall have discretion to hear discovery matters on shortened time, and shall also have authority to recommend to the Court new discovery deadlines and/or to recommend that case management conferences be rescheduled, as appropriate.

3.  Federal Rule of Civil Procedure 53 shall apply to proceedings before the Special Master, except that the parties shall have 10 days to Object or Move to Adopt or Modify an order, report, or recommendation by the Special Master, rather than the 20 days set out in Rule 53(f)(2).

4.  The Special Master's hourly fee shall be $450.00.  The presumption shall be that the Special Master's fees will be split evenly between the parties; the Special Master shall, however, have discretion to allocate and assess the payment of his fees among the parties as he believes appropriate, for each issue that arises.  The parties shall pay the

Special Master's fees within ten calendar days of assessment, unless otherwise excused by the Special Master or this Court.

     5. At his earliest convenience, the Special Master shall contact the parties to discuss the execution of his duties in connection with this order.

**IT IS SO ORDERED.**

Dated: August 19, 2008

THELTON E. HENDERSON
UNITED STATES DISTRICT JUDGE