JEFFREY D. WOHL (Cal. State Bar No. 96838)
JOHN C. POST (Cal. State Bar No. 233236)
RISHI N. SHARMA (Cal. State Bar No. 239034)
REGAN HERALD (Cal. State Bar No. 251879)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street, 24th Floor
San Francisco, California 94105-3441
Telephone: (415) 856-7000
Facsimile: (415) 856-7100
jeffwohl@paulhastings.com
johnpost@paulhastings.com
rishisharma@paulhastings.com
reganherald@paulhastings.com

Attorneys for Defendant
Rite Aid Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAG TIERNO, individually and on behalf of all others similarly-situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RITE AID CORPORATION, and DOES 1 through 25, inclusive,<br><br>Defendants. | No. C-05-02520-TEH<br><br>**DECLARATION OF BRAD SAPP IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL MATERIALS IN CONNECTION WITH PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT/SUMMARY ADJUDICATION OF ISSUES**<br><br>Hearing Date: March 2, 2009<br>Time: 10:00 a.m.<br>Courtroom: 12, 19th Floor<br>Judge: Hon. Thelton Henderson |

I, Brad Sapp, declare:

1. I am Senior Director of Labor Relations for the West Coast for defendant Rite Aid Corporation ("Rite Aid"). I make this declaration in support of Plaintiff's Administrative Motion to File under Seal Materials in Connection with Plaintiff's Motion for Partial Summary Judgment/Summary Adjudication of Issues and in compliance with Northern District of California Local Rule 79-5(d). I have personal knowledge of the facts set forth in this declaration and could and would competently testify to them under oath if called as a witness.

2. I have been employed by Rite Aid (or its predecessors) since 1992. I have been Senior Director of Labor Relations for the West Coast since June 2008. I was Director of Human Resources and Labor Relations for the West Coast from January 2006 to June 2008. Over my career at Rite Aid (and its predecessors), among other positions, I was Director of Labor Relations for approximately eleven years, and Labor Relations Specialist for approximately two and one half years. By virtue of my position, I am personally familiar with Rite Aid's operations, both nationally and in California.

3. Exhibit D to the Declaration of Scott Cole, Esq., in Support of Plaintiff's Motion to File under Seal Materials in Connection with Plaintiff's Motion for Partial Summary Judgment/Summary Adjudication of Issues ("Cole Declaration") is a collection of excerpts from the deposition testimony of James Toney, Jr., a Rite Aid Regional Vice President. The deposition testimony of Mr. Toney discusses internal, confidential, proprietary commercial information regarding Rite Aid's business operations. Rite Aid does not share this information with the general public and restricts its access to employees only. Disclosure of this information would put Rite Aid at a competitive disadvantage in the marketplace.

4. Exhibit E to the Cole Declaration is a collection of excerpts from the deposition testimony of Spencer Wells, a Rite Aid District Manager of Store Operations. The deposition testimony of Mr. Wells discusses internal, confidential, proprietary commercial information regarding Rite Aid's business operations. Rite Aid does not share this information with the general public and restricts its access to employees only. Disclosure of this information would put Rite Aid at a competitive disadvantage in the marketplace.

5. Exhibit F to the Cole Declaration is a collection of excerpts from the deposition

testimony of John Petit, a Rite Aid District Manager of Store Operations. The deposition testimony of Mr. Petit discusses internal, confidential, proprietary commercial information regarding Rite Aid's business operations. Rite Aid does not share this information with the general public and restricts its access to employees only. Disclosure of this information would put Rite Aid at a competitive disadvantage in the marketplace.

6. Exhibit G to the Cole Declaration is a collection of excerpts from the deposition testimony of Jody Fairman, a Rite Aid Regional Vice President. The deposition testimony of Mr. Fairman discusses internal, confidential, proprietary commercial information regarding Rite Aid's business operations. Rite Aid does not share this information with the general public and restricts its access to employees only. Disclosure of this information would put Rite Aid at a competitive disadvantage in the marketplace.

7. Exhibit H to the Cole Declaration is a copy of Rite Aid's Policies and Procedures Manual. Rite Aid's Policies and Procedures Manual contains internal, confidential, proprietary commercial information regarding Rite Aid's business operations. Rite Aid does not share this information with the general public and restricts its access to employees of store manager level and above. Rite Aid prohibits unauthorized reproduction of these documents. Disclosure of this information would put Rite Aid at a competitive disadvantage in the marketplace.

8. Exhibit I to the Cole Declaration is a collection of excerpts from my deposition testimony. My deposition testimony discusses internal, confidential, proprietary commercial information regarding Rite Aid's business operations. Rite Aid does not share this information with the general public and restricts its access to employees only. Disclosure of this information would put Rite Aid at a competitive disadvantage in the marketplace.

9. Exhibit J to the Cole Declaration is a copy of excerpts from Rite Aid's Store Manager training materials. The Rite Aid Store Manager training materials are internal, confidential, proprietary commercial information concerning Rite Aid's business operations. Rite Aid does not share this information with the general public and restricts its access to store manager trainees and higher level employees only. Disclosure of this information would put Rite Aid at a competitive disadvantage in the marketplace.

10. Exhibit K to the Cole Declaration is a copy of Rite Aid's Operations Manual. The Rite Aid Operations Manual contains internal, confidential, proprietary commercial information concerning Rite Aid's business operations. Rite Aid does not share this information with the general public and restricts its access to employees only. Disclosure of this information would put Rite Aid at a competitive disadvantage in the marketplace.

11. Exhibit L to the Cole Declaration is a copy of Rite Aid's Principles of Merchandising Manual. The Rite Aid Principles of Merchandising Manual contains internal, confidential, proprietary commercial information concerning Rite Aid's business operations. Rite Aid does not share this information with the general public and restricts its access to employees only. Disclosure of this information would put Rite Aid at a competitive disadvantage in the marketplace.

12. Exhibit M to the Cole Declaration is a copy of a Rite Aid Store Manager Work-Time Self-Audit. This Rite Aid Store Manager Work-Time Self-Audit contains internal, confidential, proprietary commercial information concerning Rite Aid's business operations. Rite Aid does not share this document with the general public and restricts its access to employees at store manager level and above. Disclosure of this information would put Rite Aid at a competitive disadvantage in the marketplace.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct and was executed on January 19, 2009, at Beaverton, Oregon.

*/s/ Brad Sapp*
Brad Sapp