# EXHIBIT B

[FOR NEW CLASS MEMBERS: NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT OF CLASS ACTION, PRELIMINARY APPROVAL OF SETTLEMENT, AND HEARING DATE FOR FINAL COURT APPROVAL]

**EXHIBIT B—FOR NEW CLASS MEMBERS ONLY**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAG TIERNO, individually and on behalf of all others similarly-situated,<br><br>                Plaintiffs,<br><br>   vs.<br><br>RITE AID CORPORATION, and DOES 1 through 25, inclusive,<br><br>                Defendants. | No. C-05-02520-TEH<br><br>**NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT OF CLASS ACTION, PRELIMINARY COURT APPROVAL OF SETTLEMENT, AND HEARING DATE FOR FINAL COURT APPROVAL** |

**TO:  ALL PERSONS WHO HAVE WORKED FOR RITE AID IN THE STATE OF CALIFORNIA AT ANY TIME FROM MAY 9, 2001, TO \_\_\_\_\_ \_\_, 2009, AS A RITE AID STORE MANAGER, AND WHO PREVIOUSLY HAVE NOT BEEN INFORMED OF CERTIFICATION OF THIS CLASS ACTION:**

**PLEASE READ THIS NOTICE CAREFULLY; IT MAY AFFECT YOUR LEGAL RIGHTS TO CLAIM ADDITIONAL WAGES WHILE YOU WERE EMPLOYED BY RITE AID DURING THE TIME PERIOD SHOWN ABOVE.**

**THE NOTICE INFORMS YOU OF YOUR MEMBERSHIP IN A CERTIFIED CLASS IN THIS ACTION; A SETTLEMENT THAT HAS BEEN REACHED IN THIS ACTION WHICH, IF APPROVED, WILL DETERMINE THE OUTCOME OF THIS ACTION AND YOUR RIGHTS TO SHARE IN THE SETTLEMENT PROCEEDS; AND YOUR RIGHT TO OBJECT TO THE SETTLEMENT OR TO ELECT NOT TO PARTICIPATE IN THE CLASS AND THE SETTLEMENT.**

**IF YOU WISH TO OBJECT TO THE SETTLEMENT, YOU MUST FOLLOW THE DIRECTIONS IN THIS NOTICE.**

**IF YOU DO NOT WANT TO PARTICIPATE IN THE CLASS AND THE SETTLEMENT, YOU MUST COMPLETE AND RETURN YOUR COMPLETED ELECTION NOT TO PARTICIPATE IN CLASS SETTLEMENT FORM ON OR BEFORE \_\_\_\_\_ \_\_, 2009, OR ELSE YOU WILL BE BOUND BY THE SETTLEMENT.**

**IF YOU WISH TO RECEIVE A SHARE OF THE SETTLEMENT PROCEEDS, YOU DO NOT NEED TO DO ANYTHING, BUT YOU SHOULD REVIEW THE ACCOMPANYING CLASS MEMBER SETTLEMENT INFORMATION SHEET AND, IF ANY CORRECTIONS ARE NECESSARY, ENTER THEM AND RETURN THE SHEET WITH SUPPORTING DOCUMENTATION AS APPLICABLE TO THE SETTLEMENT ADMINISTRATOR BY _____, 2009.**

Pursuant to the order of the United States District Court for the Northern District of California (the "Court") entered on \_\_\_\_\_ \_\_, 2009, YOU ARE HEREBY NOTIFIED AS FOLLOWS:

**1.   WHAT IS THIS NOTICE ABOUT?**

A proposed settlement (the "Settlement") has been reached between plaintiff Prag Tierno, the class representative ("Plaintiff"), and defendant Rite Aid Corporation ("Rite Aid"), in the class action pending in the Court brought on behalf of a class (the "Class") composed of the following individuals:

All persons employed as Store Managers in any of Rite Aid Corporation's California retail drugstores at any time between May 9, 2001, and \_\_\_\_ \_\_, 2009.

The Court has preliminarily approved the Settlement. You have received this notice because Rite Aid's records show that you are a Class Member. This notice is designed to inform you of the action and the proposed Settlement, your right to receive a share of the Settlement, and how you can

object to the Settlement or elect not to participate in the Class and the Settlement. Even if you object to the Settlement, unless you elect not to participate in the Class and the Settlement, if it is finally approved by the Court, the Settlement will be binding upon you.

**2.    BACKGROUND OF THE CASE**

On May 9, 2005, Plaintiff brought this action (the "Action") against Rite Aid in the Superior Court of California, Alameda County. It subsequently was removed to this Court.

Plaintiff's complaint in the Action alleged that Rite Aid, in violation of California wage-and-hour law and California Business and Professions Code section 17200 *et seq.*; failed to pay overtime and minimum wages; failed to pay wages due at termination of employment; failed to provide all legally required meal periods and rest breaks; and failed to provide accurate, itemized employee wage statements. Plaintiff sought to certify a class composed of himself and similarly situated individuals and to recover from Rite Aid back wages, interest, penalties, and attorneys' fees and costs.

On August 31, 2006, the Court certified the Class.

Rite Aid denies and continues to deny all of Plaintiff's allegations. Rite Aid contends that the Class should not have been certified; that Class Members were properly paid under federal and state law and not denied any meal periods and rest breaks; that Rite Aid did not fail to pay timely any wages allegedly due at the time of termination to Class Members who are former Rite Aid employees; that Rite Aid provided accurate, itemized wage statements to Class Members; that Rite Aid did not violate California Business and Professions Code section 17200 *et seq.*; and that Rite Aid is not liable for any of the penalties claimed or that could be claimed based on the material allegations in the complaint.

After good-faith negotiations, including negotiations presided over by a private mediator, in which both sides recognized the substantial risk of an adverse result in the Action, Plaintiff and Rite Aid agreed to settle the Action pursuant to the terms and conditions of the Settlement.

The Settlement represents a compromise and settlement of highly disputed claims. Nothing in the Settlement is intended or will be construed as an admission by Rite Aid that Plaintiff's claims in the Action have merit or that it has any liability to plaintiff or the Class on those claims.

The parties and their counsel have concluded that the Settlement is advantageous, considering the risks and uncertainties to each side of continued litigation. The parties and their counsel have

determined that the Settlement is fair, reasonable, and adequate and is in the best interests of the Class Members.

**3. SUMMARY OF THE SETTLEMENT**

The Settlement provides for the following:

    **a.** **Who is included in the Settlement?** All Class Members (all Rite Aid Store Managers in California between May 9, 2001, and _____ \_\_, 2009) are included in the Settlement.

    **b.** **How do I receive money from the Settlement?** If the Settlement is finally approved, you will receive a share of the Settlement. You do not need to do anything to receive your share of the Settlement. But you should confirm that the Settlement Administrator has your current contact information so that you can receive your Settlement Share.

    **c.** **What will I receive from the Settlement?** Under the Settlement, every Participating Class Member will be paid a Settlement Share calculated as (i) that Participating Class Member's total number of Work Weeks worked during the class period (ii) divided by the aggregate number of Work Weeks worked by all other Participating Class Members during the class period (with the division rounded to four decimal places) (iii) multiplied by the value of the Net Settlement Amount. The "Net Settlement Amount" is the Gross Settlement Amount paid by Rite Aid of $6,900,000 less the Class Representative Payment (to be set by the Court), the Class Counsel Fees Payment and the Class Counsel Litigation Expenses Payment (to be set by the Court), the payment to the Labor and Workforce Development Agency of the State of California, and the Settlement Administrator's reasonable fees and expenses.

    **d.** **When will I receive my Settlement Share?** The Settlement Shares and other amounts will be paid after final court approval of the Settlement and after all rights to appeal or review are exhausted or any appeal or review has been resolved in favor of the Settlement.

    **e.** **How do I dispute information in my Class Member Settlement Information Sheet?**

        (1) The Court has appointed Gilardi & Co., LLC, to act as an independent Settlement Administrator and to resolve any dispute concerning the calculation of a Class Member's Settlement Share.

(2) Enclosed with this notice is your Class Member Settlement Information Sheet which sets forth (according to Rite Aid's records) your name, last known address and telephone number, Social Security number (last four digits only), and Rite Aid employee identification number; the dates of your employment as a Rite Aid Store Manager in California, the number of Work Weeks you worked as a Rite Aid Store Manager in California during the class period, and an estimate of your Settlement Share assuming that (i) the Court finally approves the Settlement, (ii) all Class Members receive a Settlement Share, and (iii) the Court approves the amounts sought for the Class Representative Payment, the Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment, the payment to the Labor Workforce Development Agency of the State of California, and the payment to the Settlement Administrator for its fees and expenses. Your actual Settlement Share may end up being higher or lower than estimated.

(3) If you disagree with the information shown on your Class Member Settlement Information Sheet about your dates of employment or Work Weeks, you must ask the Settlement Administrator to resolve the matter. In order to do so, you must communicate, in writing, to the Settlement Administrator by the deadline provided the information you dispute and the basis for your belief that the information is incorrect (including any documentary evidence that you have to support your belief). In the event of such a dispute, Rite Aid will manually review its payroll and personnel records to verify the information. Rite Aid's records will have a rebuttable presumption of correctness. After consultation with you, Class Counsel, and Rite Aid, the Settlement Administrator will make a determination of the issue in dispute and that determination will be final, binding on you and Rite Aid, and non-appealable.

**f.    What claims are being released as part of the Settlement?**

(1) The Settlement provides that, as of the date of the judgment approving the Settlement, all Participating Class Members fully and finally release Rite Aid and its parents, predecessors, successors, subsidiaries, affiliates, and trusts, and all of its employees, officers, agents, attorneys, stockholders, fiduciaries, other service providers, and assigns, from any and all claims, known and unknown, for or related to all claims based on or arising from the allegations that they were or are improperly compensated under federal, California, or local law (the "Class's Released Claims"). The

Class's Released Claims include all such claims for alleged unpaid wages, including overtime compensation and minimum wages, missed meal-period and rest-break wages or penalties, and interest; related penalties, including, but not limited to, recordkeeping penalties, pay-stub penalties, minimum-wage penalties, missed meal-period and rest-break penalties, and waiting-time penalties; and attorneys' fees, costs, and expenses. The Class's Released Claims include all such claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, federal common law, the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA") (but not ERISA claims unrelated to the other Class's Released Claims), California Labor Code sections 203, 226.7, 227.3, and 2698 *et seq.*, the wage orders of the California Industrial Welfare Commission, California Business and Professions Code section 17200 *et seq.*, and the law of contract and tort.

(2) The Released Claims include all of the claims described above, whether known or unknown by you at this time. Thus, if even if a Participating Class Member discovers facts in addition to or different from those that he or she now knows or believes to be true with respect to the subject matter of the Class's Released Claims, those claims will remain released and forever barred. Therefore, Participating Class Members expressly waive and relinquish the provisions, rights, and benefits of section 1542 of the California Civil Code, which reads:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

**g.** **Class Representative Payment:** In addition to his Settlement Share, Plaintiff will seek approval from the Court for payment of $20,000 for his service as Class Representative. This payment will be made out of the Settlement.

**h.** **Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment:** As part of the final approval hearing, Scott Cole & Associates, APC, as Class Counsel, will request up to a maximum of $2,300,000 (or one-third of the Settlement) for their attorneys' fees in connection with their work in this case and not more than $75,000 in reimbursement of their litigation costs and expenses that were advanced in connection with the Action. Class Members are not personally liable for any fees and costs. These amounts constitute full and complete compensation for all legal fees and litigation costs and expenses of all Class Counsel, including costs and expenses

1 resulting from experts and other vendors retained by Class Counsel in connection with the litigation and all work done through the completion of the litigation, whatever date that may be. Class Members will not be required to pay Class Counsel for any other attorneys' fees or litigation costs or expenses out of their own pockets if the Settlement Agreement and the fee request are finally approved by the Court. Class Counsel's attorneys' fees and litigation costs and expenses as approved by the Court will be paid out of the Settlement. Class Members, Class Counsel, and Plaintiff are not liable for payment of attorneys' fees and litigation costs and expenses incurred by Rite Aid and no such payments will be made to Rite Aid or its counsel from the Settlement.

      **i.    Payment to LWDA.** The parties have agreed that the Labor and Workforce Development Agency of the State of California (the "LWDA") will be paid $10,000 out of the Settlement as the LWDA's share of the settlement of civil penalties.

      **j.    Costs of Administration:** The Settlement Administrator's reasonable fees and expenses incurred in administering the Settlement will be paid out of the Settlement.

**4.    PLAINTIFF'S AND CLASS COUNSEL'S SUPPORT OF THE SETTLEMENT.**

Plaintiff as Class Representative and Class Counsel support the Settlement. Their reasons include the risk of an unsuccessful outcome on the merits of Plaintiff's claims, and the inherent delays and uncertainties associated with litigation. Based on their experience litigating similar cases, Class Counsel believe that further proceedings in this case, including a trial and probable appeals, would be very expensive and protracted. No one can confidently predict how the various legal questions at issue, including the amount of damages, would ultimately be resolved. Therefore, upon careful consideration of all of the facts and circumstances of this case, Class Counsel believe that the Settlement is fair, reasonable, and adequate.

**5.    WHAT ARE YOUR RIGHTS AS A CLASS MEMBER?**

    **a.    Objecting to the Settlement.**

You may object to the Settlement before final approval by filing a written objection, and if you intend to appear to object at the final approval hearing, you must file a notice of your intent to appear and object at the final approval hearing. Even if the Court rejects your objection, however, you still will be bound by the Settlement. To submit an objection, or to file notice of your intent to appear and object,

you must send your written objection and/or notice of your intent to appear to the Court at:

> Clerk of Court
> United States District Court, Northern District of California
> 450 Golden Gate Avenue,
> San Francisco, California, 94102

You must also send copies of your objection and/or notice to appear to the parties' counsel as shown below:

| **CLASS COUNSEL** | **RITE AID'S COUNSEL** |
|---|---|
| Scott Edward Cole<br>Matthew R. Bainer<br>Kevin R. Allen<br>Scott Cole & Associates, APC<br>1970 Broadway, Ninth Floor<br>Oakland, California 94612<br>Telephone: (510) 891-9800<br>Facsimile: (510) 891-7030<br>Email: scole@scalaw.com<br>          mbainer@scalaw.com<br>          kallen@scalaw.com | Jeffrey D. Wohl<br>John C. Post<br>Rishi N. Sharma<br>Paul, Hastings, Janofsky & Walker LLP<br>55 Second Street, 24th Floor<br>San Francisco, California 94105-3441<br>Telephone: (415) 856-7000<br>Facsimile:  (415) 856-7100<br>E-mail:  jeffwohl@paulHastings.com<br>             johnpost@paulhastings.com<br>             rishisharma@paulhastings.com |

**DO NOT TELEPHONE THE COURT OR RITE AID'S COUNSEL.**

Any written objection and/or notice of your intent to appear at the hearing must state each specific reason in support of your objection and any legal support for each objection. Your written objection and/or notice of your intent to appear at the hearing must also state your full name, address, last four digits of your Social Security number, and the dates of your employment at Rite Aid.

To be valid and effective, the Court and counsel must receive any written objections and/or notices of intent to appear at the hearing not later than _____ __, 2009. A Participating Class Member who fails to file and serve a written objection in the manner described above and by the specified deadline will be deemed to have waived any objections and will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

    **b.**  **Disputing the information on your Class Member Settlement Information Sheet.** If you dispute the information on your Class Member Settlement Information Sheet, state on your sheet what you contend is the correct information and return the sheet by U.S. mail, facsimile, or professional or personal delivery to the Settlement Administrator at:

Rite Aid Wage-and-Hour Settlement Administrator
Gilardi & Co., LLC
_____
_____
Telephone: (\_\_\_) \_\_\_-\_\_\_\_
Facsimile: (\_\_\_) \_\_\_-\_\_\_\_

  **c.** **Electing not to participate in the Class and the Settlement.**  If you do not wish to participate in the Class and the Settlement, you must complete the enclosed form of Election Not to Participate in Class Settlement.  The election must be completed, signed by you, dated, notarized, and returned to the Settlement Administrator by not later than _____ \_\_, 2009.  If the election is not returned to the Settlement Administrator by this deadline, or fails to comply with these requirements, you still will be a Participating Class Member and will be bound by all terms and conditions of the Settlement, if the Settlement is approved by the Court, regardless of whether you objected to the Settlement.

  Any person who files a complete and timely Election Not to Participate in Class Settlement will, upon receipt, no longer be a Class Member and will not be eligible to receive a Settlement Share.  Any such person, at his or her own expense, may pursue any claims he or she may have against Rite Aid.  An incomplete or non-notarized election not to participate in the Settlement will be deemed invalid.

  If you choose not to participate in the Class and the Settlement, send your election to the Settlement Administrator by U.S. mail, facsimile, or professional or personal delivery to the Settlement Administrator at:

Rite Aid Wage-and-Hour Settlement Administrator
Gilardi & Co., Inc.
_____
_____
Telephone: (\_\_\_) \_\_\_-\_\_\_\_
Facsimile: (\_\_\_) \_\_\_-\_\_\_\_

  **6.** **FINAL SETTLEMENT APPROVAL HEARING**

  The Court will hold a final approval hearing on _____ \_\_, 2009, at \_\_\_\_\_ \_\_.m., in Courtroom 12 of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California  94102, to determine whether the Settlement should be finally approved as fair, reasonable, and adequate.  The Court will also be asked to approve the requests for the

Class Representative Payment and the Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment.

The hearing may be postponed without further notice to the Class.  **It is not necessary for you to appear at this hearing.  If you have submitted your written objection to the Settlement, you may appear at the hearing at your option so long as you have filed a notice of intent to appear by _____ \_\_, 2009.**

### 7. GETTING MORE INFORMATION

The above is a summary of the basic terms of the Settlement.  The complete Settlement Agreement is on file with the Clerk of the Court.  The pleadings and other records in this litigation, including the Settlement Agreement, may be examined (i) online at http://ecf.cand.uscourts.gov, (ii) in person at the Office of the Clerk at the United States District Court at 450 Golden Gate Avenue, San Francisco, California  94102, between the hours of 9:00 a.m. and 1:00 p.m., Monday through Friday, excluding Court holidays, or (iii) by contacting Class Counsel or the Settlement Administrator.  **PLEASE DO NOT TELEPHONE THE COURT OR RITE AID'S COUNSEL FOR INFORMATION REGARDING THE SETTLEMENT.**

Dated: _____ \_\_, 2009.

---
Thelton E. Henderson
United States District Judge