SCOTT EDWARD COLE (Cal. State Bar No. 160744)
MATTHEW R. BAINER (Cal. State Bar No. 220972)
KEVIN R. ALLEN (Cal. State Bar No. 237994)
SCOTT COLE & ASSOCIATES, APC
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
Email: scole@scalaw.com
　　　　mbainer@scalaw.com
　　　　kallen@scalaw.com

Attorneys for Plaintiff and Class Representative Prag Tierno

JEFFREY D. WOHL (Cal. State Bar No. 96838)
JOHN C. POST (Cal. State Bar No. 233236)
RISHI N. SHARMA (Cal. State Bar No. 239034)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street, 24th Floor
San Francisco, California 94105-3441
Telephone: (415) 856-7000
Facsimile: (415) 856-7100
E-mail: jeffwohl@paulhastings.com
　　　　johnpost@riteaid.com
　　　　rishisharma@paulhastings.com

Attorneys for Defendant Rite Aid Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRAG TIERNO, individually and on behalf of all others similarly-situated,<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>RITE AID CORPORATION, and DOES 1 through 25, inclusive,<br><br>　　　　　　Defendants. | No. C-05-02520-TEH<br><br>**ORDER:**<br><br>**(1) PRELIMINARILY APPROVING CLASS SETTLEMENT;**<br><br>**(2) APPROVING CLASS NOTICE AND RELATED MATERIALS;**<br><br>**(3) APPOINTING SETTLEMENT ADMINISTRATOR;**<br><br>**(4) SCHEDULING FINAL APPROVAL HEARING**<br><br>Date:　　　　VACATED |

The Court is in receipt of the papers on the joint motion of plaintiff and class representative Prag Tierno ("Plaintiff") and defendant Rite Aid Corporation ("Rite Aid") for preliminary approval of the parties' proposed settlement, approval of the notice to be sent to the class about the settlement and the forms of class member settlement information and election not to participate in the settlement, and the setting of a date for the hearing on final approval of the settlement. Having carefully reviewed all submitted materials, the Court has concluded that a hearing is unnecessary. Accordingly, and good cause appearing therefore,

IT IS ORDERED:

1. The Court has jurisdiction over this action and the parties' proposed settlement under the jurisdictional provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

2. The parties' Settlement Agreement (the "Settlement") (Declaration of Scott Edward Cole in Support of Joint Motion for Order: (1) Preliminarily Approving Class Settlement; (2) Approving Class Notice and Related Materials; (3) Appointing Settlement Administrator; and (4) Scheduling Final Approval Hearing ["Cole Decl."], Exh. 1) is granted preliminary approval as it meets the criteria for preliminary settlement approval. The Settlement falls within the range of possible approval as fair, adequate and reasonable, and appears to be the product of arm's length and informed negotiations and to treat all Class Members fairly.

3. The parties' proposed notice plan is constitutionally sound because individual notices will be mailed to all Class Members, and such notice is the best notice practicable. The parties' proposed form of Notice of Proposed Settlement of Class Action, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval (for Existing Class Members) (Settlement Agreement, Exh. A), proposed Notice of Class Action and Proposed Settlement of Class Action, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval (for New Class Members) (*id.*, Exh. B) (collectively, "Class Notice"), and proposed forms of Class Member Settlement Information Sheet and Election Not to Participate in Settlement (*id.*, Exhs. C and D) (collectively the "Class Notice Packet") are sufficient to inform Class Members of the terms of the Settlement, their rights under the Settlement, their rights to object to the settlement, their right to receive a Settlement Share and, in the case of New Class Members, their right to elect not to participate in the Settlement, the processes for doing so, and

the date and location of the final approval hearing; and therefore are all approved.

4.  Any Class Member who wishes to object to the Settlement has until 45 days after the mailing of the Class Notice Packet to submit his or her objection pursuant to the procedures set forth in the Class Notice.

5.  Any New Class Member who wishes not to participate in the Settlement has until 45 days after the date the Settlement Administrator mails the Class Notice Packet to submit a timely and valid Election Not to Participate in Settlement.

6.  Gilardi & Co. LLC, is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement.

7.  The Class Notice Packet will be disseminated according to the notice plan described in the Settlement Agreement and substantially in the form submitted by the parties.  Proof of distribution of notice will be filed by the parties at or prior to the final approval hearing.

8.  Rite Aid is directed to provide the Settlement Administrator within thirty days after the date of this order the Class Data as specified by the Settlement Agreement.

9.  The Settlement Administrator is directed to mail the approved Class Notice Packet by first-class mail to the Class Members within ten business days after receipt of the Class Data from Rite Aid.

10. Pursuant to the notice provisions of CAFA, 28 U.S.C. § 1715, not later than ten days after the Parties' joint motion seeking preliminary approval of the Settlement was filed in court, Rite Aid served upon the Attorney General of the United States and the appropriate state official of each state in which a Class Member resides a notice of the Settlement consisting of: a copy of Plaintiff's complaint in this action; a notice of the scheduled judicial hearings in this action; copies of the Settlement and Class Notice Packet; and the names of Class Members who reside in each state and the estimated proportionate share of the Class Members in each state compared to the entire Settlement.  The notice of Settlement also invited comment on the Settlement.  Accordingly, the Court finds that Rite Aid has discharged its obligations under CAFA to provide notice to the appropriate federal and state officials.

11. A final hearing will be held on November 9, 2009, at 10:00 a.m., to determine whether the Settlement should be granted final approval as fair, reasonable, and adequate.  The Court will hear

all evidence and argument necessary to evaluate the Settlement, and will consider Plaintiff's request for the Class Representative Payment and Class Counsel's request for the Class Counsel Fees Payment and the Class Counsel Litigation Expenses Payment.  Class Members and their counsel may support or oppose the Settlement and the motion for awards of the Class Representative Payment and the Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment, if they so desire, as set forth in the Class Notice.

12.   Any Class Member may appear at the final approval hearing in person or by his or her own attorney, and show cause why the Court should not approve the Settlement, or object to the motion for awards of the Class Representative Payment and the Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment.  For any objections to be considered at the hearing, the Class Member must file the written objection with the Clerk of Court indicating briefly the nature of the Class Member's objection.  Such objections must be filed with the Court, and mailed to Class Counsel, not later than 45 days after mailing of the Class Notice Packet.

13.   The Court reserves the right to continue the date of the final approval hearing without further notice to Class Members.  The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

14.   As the Court is granting the motion based solely on the papers, no hearing is necessary. Accordingly, the hearing set for June 1 is hereby VACATED.

Dated:  May 21, 2009.



Thelton E. Henderson
United States District Judge

Judge Thelton E. Henderson