1 | SCOTT EDWARD COLE, (Cal. State Bar No. 160744)
MATTHEW R. BAINER (Cal. State Bar No. 220972)
2 | KEVIN R. ALLEN (Cal. State Bar No. 237994)
SCOTT COLE & ASSOCIATES, APC
3 | 1970 Broadway, Ninth Floor
Oakland, California  94612
4 | Telephone: (510) 891-9800
Facsimile: (510) 891-7030
5 | scole@scalaw.com
mbainer@scalaw.com
6 | kallen@scalaw.com

7 | Attorneys for Representative Plaintiff Prag Tierno
and the Plaintiff Class

8 |
JEFFREY D. WOHL (Cal. State Bar No. 96838)
9 | JOHN C. POST (Cal. State Bar No. 233236)
RISHI N. SHARMA (Cal. State Bar No. 239034)
10 | REGAN A.W. HERALD (Cal. State Bar No. 251879)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
11 | 55 Second Street, 24th Floor
San Francisco, California  94105-3441
12 | Telephone: (415) 856-7000
Facsimile: (415) 856-7100
13 | jeffwohl@paulhastings.com
johnpost@paulhastings.com
14 | rishisharma@paulhastings.com
reganherald@paulhastings.com
15 |
Attorneys for Defendant
16 | Rite Aid Corporation

17                             UNITED STATES DISTRICT COURT

18                            NORTHERN DISTRICT OF CALIFORNIA

19

| | |
|---|---|
| 20  PRAG TIERNO, individually and on behalf of all others similarly-situated, | No. C-05-02520-TEH |
| 21                    Plaintiffs, | **STIPULATION AND [~~PROPOSED~~] ORDER RE: INDIVIDUALS APPARENTLY INCORRECTLY LISTED AS CLASS MEMBERS AND DIRECTING NOTICE TO AFFECTED INDIVIDUALS** |
| 22       vs. | |
| 23  RITE AID CORPORATION, and DOES 1 through 25, inclusive, | |
| 24                    Defendants. | |

## **STIPULATION**

Plaintiff Prag Tierno and defendant Rite Aid Corporation ("Rite Aid"), through their respective counsel, hereby stipulate as follows:

1. On August 31, 2006, this Court certified the class in this action as consisting of:

> all persons who are or have been employed by Rite Aid as Store Managers in the State of California from May 9, 2001, until the date of Preliminary Approval of the Settlement.

(Docket No. 87.)

2. Pursuant to this certification order, and based on a list supplied by Rite Aid, on February 17, 2007, the Notice Administrator mailed notice of this action and certification of the class to all individuals identified as Class Members.  These individuals included Frank Cortright, Patricia Kepley, Robin Knoblach, Glenda London, Agavni Turadzhikyan, and Dennis Vetica.

3. On April 22, 2009, the parties filed a Joint Motion for Preliminary Approval of Class Action Settlement (Docket No. 215), and noticed it for hearing on June 1, 2009, at 10:00 a.m.

4. On May 22, 2009, the Court granted the parties' Joint Motion for Preliminary Approval of Class Action Settlement without a hearing (Docket No. 221).

5. Pursuant to the Class Action Fairness Act of 2005 ("CAFA") 28 U.S.C. § 1715, and the terms of the Settlement Agreement (*see* Settlement, § III.F.1.b., Exh. E), Rite Aid was required to give notice of the Settlement to the Attorney General of the United States and the appropriate officials of the states where Class Members are known to reside.

6. In the process of calculating the estimated shares for each Class Member for purposes of the CAFA notice, Rite Aid determined for the first time that according to its personnel records, Frank Cortright, Patricia Kepley, Robin Knoblach, Glenda London, Agavni Turadzhikyan, and Dennis Vetica were not employed as Rite Aid Store Managers in the State of California during the period of May 9, 2001, to the present. Specifically, Rite Aid discovered that:

   a. Frank Cortright was a Store Manager from 1974 until 1997.
   b. Patricia Kepley was a Store Manager from 2000 until March 2001.
   c. Robin Knoblach was a Store Manager from 1985 until February 2001.
   d. Glenda London was a Store Manager from 1999 until January 2001.

    e.  Agavni Turadzhikyan was a Store Manager from 1989 until 1999.

    f.  Dennis Vetica was a Store Manager from 1972 until 1998.

  7.  As a consequence, it appears that these individuals are not members of the Class and that they erroneously were sent the February 17, 2007, notice of the class action.

  8.  The parties have conferred about this development. They agree that the Settlement Administrator should send a letter, in the form evidenced by Exhibit A to this stipulation, to each of these six individuals informing them of their apparently erroneous inclusion in the Class and providing them with the opportunity to present evidence disputing Rite Aid's records that their employment as a Rite Aid Store Manager ended before the commencement of the class period. In the event that the Settlement Administrator determines that they are members of the Class, then they would be provided with notice of the Settlement and the opportunity to object to the Settlement.

  9.  The parties believe there is good cause for this stipulation and ask the Court to adopt it as its order.

Dated: May 26, 2009.

SCOTT EDWARD COLE
MATTHEW R. BAINER
KEVIN R. ALLEN
SCOTT COLE & ASSOCIATES, APC

By: /s/ Scott Edward Cole
Scott Edward Cole
Attorneys for Representative Plaintiff
and the Plaintiff Class

Dated: May 26, 2009.

JEFFREY D. WOHL
JOHN C. POST
RISHI N. SHARMA
REGAN A.W. HERALD
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: /s/ Jeffrey D. Wohl
Jeffrey D. Wohl
Attorneys for Defendant
Rite Aid Corporation

**ORDER**

Based on the stipulation of the parties, and good cause appearing therefor,

IT IS SO ORDERED.

Dated: May  27 , 2009.



Thelton E. Henderson
United States District Judge